PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

United States District Court
Southern District of Texas
ENTERED

**FEB 28 2000**

Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _____SOUTHERN_____ DISTRICT OF TEXAS

_____Corpus Christi_____ Division

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

_____ARMANDO SIMON_____
PETITIONER
(Full name of Petitioner)

_____EAST GARZA UNIT_____
CURRENT PLACE OF CONFINEMENT

vs.

_____522486_____
PRISONER ID NUMBER

_____WAYNE SCOTT_____
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

_____15,894_____   C  00  090
CASE NUMBER
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.  Petitions that do not meet these instructions may be returned to you.

---

## PETITION

### What are you challenging? (Check only one)

☐  A judgment of conviction or sentence, probation or deferred-adjudication probation    (Answer Questions 1-4, 5-12 & 20-23)

☑  A parole revocation proceeding.    (Answer Questions 1-4, 13-14, & 20-23)

☐  A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-23)

### All petitioners must answer questions 1-4:

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
    <u>23rd DISTRICT COURT, BRAZORIA COUNTY, ANGLETON</u>

2.  Date of judgment of conviction: <u>1985</u>

3.  Length of sentence: <u>9 YEARS</u>

4.  Nature of offense and docket number (if known): <u>01-85-0512-CR SEXUAL</u>
    <u>ASSAULT</u>

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.  What was your plea? (Check one)

    ☐  Not Guilty    ☐  Guilty    ☐  Nolo contendere

6.  Kind of trial: (Check one)    ☐  Jury    ☐  Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7.    Did you testify at the trial?    ☐    Yes      ☐    No

8.    Did you appeal the judgment of conviction?      ☐    Yes    ☐    No

9.    If you did appeal, in what appellate court did you file your direct appeal?

   _____Cause Number (if known) _____

   What was the result of your direct appeal (affirmed, modified or reversed):_____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: _____

   Date of result: _____Cause Number (if known):_____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

   ☐    Yes        ☐    No

11.    If your answer to 10 is "Yes," give the following information:

   Name of court: *BRAZORIA COUNTY COURTHOUSE*

   Nature of proceeding: *WRIT OF HABEAS CORPUS*

   Cause number (if known): *15,894-A*

   Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
   *NOVEMBER 29, 1999     MAILED NOVEMBER 1, 1999*

   Grounds raised: *THE SAME AS THESE*

- 3 -

CONTINUED ON NEXT PAGE

Date of final decision: _December 15, 1999_____

Name of court that issued the final decision: _Court of Criminal Appeals of Texas_

As to any _second_ petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you _filed_ the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

_If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion._

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

                              ☐     Yes        ☐     No

(a)    If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐     Yes       ☐     No

- 4 -

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.    Date and location of your parole revocation: *SAN ANTONIO   AUGUST 16, 1999*

14.    Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

☑  Yes                    ☐    No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For  your original conviction, was there a finding that you used or exhibited a deadly weapon?            ☐ Yes        ☐ No

16.    Are you eligible for mandatory supervised release?          ☐ Yes        ☐ No

17.    Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

_____

Disciplinary case number: _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time credits?          ☐ Yes        ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

☐    Yes                    ☐    No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: _____

_____

Date of Result: _____

Step 2 Result: _____

_____

- 5 -                                    CONTINUED ON NEXT PAGE

Date of Result: _____

## All applicants must answer the remaining questions:

20.    State <u>clearly</u> every ground on which you claim that you are being held unlawfully.
       Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages
       stating additional grounds and facts supporting them.

       **CAUTION:**
       <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest
       state court as to each ground before you can proceed in federal court.
       <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred
       from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each
statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you
have exhausted your state court remedies.  However, <u>you should raise in this petition all available grounds</u>
(relating to this conviction) on which you base your belief  that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS.</u>  Instead, you must also STATE
the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or
       made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to
       the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and
       impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

A.   **GROUND ONE:** *FIRST AMENDMENT, AND RIGHT TO PRIVACY: DEFENDANT WAS REVOKED FOR UTILIZING A COMPUTER WITH WHICH TO CHECK STOCK PRICES.*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

*THIS WAS THE SOLE GROUND FOR REVOCATION. NEITHER STOCKS NOR COMPUTERS WERE INVOLVED IN THE ORIGINAL OFFENCE. THE WORDING OF THE PROHIBITION FLATLY CHALLENGES FIRST AMENDMENT PROTECTION TO WHICH PAROLEES ARE ENTITLED TO. PLEASE SEE ADDENDUM*

B.   **GROUND TWO:** *5TH AMENDMENT: DEFENDANT WAS FORCED TO SUBMIT TO A POLYGRAPH UNDER DURESS; POLYGRAPH(S) WERE USED IN REVOCATION PROCESS.*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

*OBJECTION WAS MADE TO THE INTRODUCTION OF POLYGRAPHS INTO THE HEARING. EXTENSIVE CASE LAW EXISTS AGAINST POLYGRAPHS BEING USED FOR ANY LEGAL MATTER. PAROLE OFFICER ADMITTED THAT REFUSAL TO SUBMIT TO A POLYGRAPH WOULD RESULT IN A REVOCATION. PLEASE SEE ADDENDUM.*

C.   **GROUND THREE:** *CASE LAW: PAROLE CONDITION IS INVALID IF (1) NO RELATIONSHIP TO ORIGINAL OFFENSE (2) NOT INHERENTLY CRIMINAL (3) IRRELEVANT TO FUTURE CRIMINALITY.*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

*OWNING OR USING ELECTRONIC DEVICES IS NOT INHERENTLY CRIMINAL, JUST LIKE A CAR OR PHONE. COMPUTERS, ALMOST BY DEFINITION, INVOLVE THE ACCUMULATION AND ANALYSIS OF DATA. WORDING OF CONDITION LEADS TO REVOCATION IF A DISKETTE CONTAINING THE U.S. CONSTITUTION IS OWNED BY DEFENDANT. PLEASE SEE ADDENDUM.*

CONTINUED ON NEXT PAGE

D.     **GROUND FOUR:** *EDUCATION OF ONE'S OFFSPRING MAY NOT BE INTERFERED BY THE GOVERNMENT; IT IS BOTH AN OBLIGATION AND A RIGHT.*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

*COMPUTER WAS PURCHASED AS A GIFT FOR NONCUSTODIAL SON IN ORDER FOR SON TO ATTEND CLASSES WHILE VISITING FATHER, GRANDMOTHER, AND STEPMOTHER. THE COMPUTER WAS SITUATED AT GRANDMOTHER'S HOUSE.*

*PLEASE SEE ADDENDUM FOR FURTHER GROUNDS, FACTS, AND CASES.*

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐     Yes          ☑     No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____

_____

_____

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐     Yes          ☑     No

If your answer is "yes,"[‡] state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

- 8 -                                    CONTINUED ON NEXT PAGE

23.   Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

                        ☐     Yes                ☒     No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

_____

_____

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed on _____ (date).

SUBSCRIBED AND SWORN BEFORE ME

JAMES FITZPATRICK this 2nd day of February, 2000

NOTARY PUBLIC

Commission Expires 09-09-2003

Signature of Petitioner (required)

Petitioner's current address: _GARZA EAST UNIT, BEEVILLE, TX 78102_

_____

_____

-9-

# ADDENDUM FOR WRIT OF HABEAS CORPUS : 28 USC § 2254 ( REV. 10/99 )

CVisPDF - www.fastio.com

**NOTE :**   THIS IS NOT A " FRIVOLOUS LAWSUIT." IT IS A LEGITIMATE
PETITION ADDRESSING BLATANT VIOLATION OF
ELEMENTARY CONSTITUTIONAL RIGHTS REVOLVING AROUND
TWO ACCUSATIONS OF VIOLATING PAROLE CONDITIONS.

2

CibPDF - www.fastio.com

**STATEMENT AND FACTS ( SUMMARY ) :**   Defendant was arrested on July 1, 1999 on a "Blue Warrant" from The Board Of Pardons and Paroles for allegedly having broken special condition against owning a computer when in 1998 ( evidence #1 ) he paid for his noncustodial son's computer  which was subsequently set up at the son's grandmother's house for educational purposes during his scheduled visits, and, for allegedly having broken special parole condition against being subscribed to the internet when his wife subscribed the Defendant's son to the internet ( evidence #2 ).

A revocation hearing was conducted on July 19, 1999 and a continuance for August 2, 1999 allowed upon Hearing Officer Bruce Benke's urging that Defendant obtain specific evidence in the interim, to which request he complied. Revocation was officially ordered on August 16. According to Board Of Pardons And Paroles rule # 145.54 a request to reopen the hearing was submitted on August 20 on the basis of (a) The conclusion to revoke was not supported by a preponderance of the credible evidence   (b) Contrary to law ( Hearing report page 2 of 2 ).  It was ( automatically ) denied on September 14, 1999 ( evidence #3).

An apllication for Writ Of Habeas Corpus-Illegal Restraint was submitted to the original district court ( 23rd ) on or around November 1, 1999 and forwarded to The Texas Court Of Criminal Appeals Of Texas under Writ #: 26,427-02 Trial Court # 15,894-A, which was denied on December 15, 1999 without written order.

### GROUND I

The wording of the prohibitions in question are as following ( evidence #4 ) :

"Releasee shall not subscribe to, operate, use, communicate on or with, computer or otherwise electronic internet services, fax services and bulletin boards.

3

CIMPDF - www.fasiso.com

"Releasee shall not own, maintain or operate computer equipment without a declared purpose and the authorization of releasee's supervising parole officer."

It should be observed that the first condition seems to change from document to document. In the Hearing report ( page 3 of 6 ) , Defendant is found guilty of violating "(Rule #80 ) Abide by the special conditions imposed by The Board to comply with the sex offender special conditions not to describe ( sic ) to, operate, use, communicate on or with electronic services...." such as radios, telephones, walkie-talkies.

The relevance of First Amendment protection are immediately self-evident, not only as to computers but as to fax equipment. Note also that simply a floppy disk containing the words of The U.S. Constitution is sufficient for revocation and incarceration, as is the use of a word processor for writing one of Defendant's stage plays. Note also the absence of a prohibition against paying for such equipment as a gift.

Violation of constitutional rights does not get any more clear-cut than this.

A computer is not ipso facto conducive to criminal activity. To belabor the point, neither is a car, a rifle, a telephone, a pen or a telescope. It is important to realize that the prohibition is not against a computer connected to the internet, but simply as computer equipment perse, and a computer is primarily used to store and process information. That is its raison d'etre . The First Amendment protection is irrevocably joined to the ownership and use of computer equipment.

Regardless, the primary function of a computer is the processing of information and its transmittal/receival, either through a diskette or a modem. In the present case, the allegation specifically stated that a computer was used to obtain information about stock prices and companies' financial history, all of which are protected against censorship by free speech, free press, and right to privacy : Ramie V. City Of Hedwig Village, Tex. 765 F.2d 490 C.A 5 ( Tex. 1985 ); 8DJ Inc. V. City Of Houston, 636 F. Supp. 1359 ( S.D. Tex. 1986 ); Shermco Industries Inc. V. Secretary Of The Air Force, 584 F. Supp 76 (D.C. Tex.

4

1984 ); Baker V. Wade, 553 F. Supp. 1121 ( D.C. Tex. 1982 ); Texas State Employees Union V. Texas Department Of Mental Health And Mental Retardation, 746 SW 2d 203; Mc Donald V. State 863 SW 2d 541; Medrano V. Allee, 347 F. Supp. 605 (D.C. Tex. 1972); U.S. V. Smith 414 F. 2d 630; Hill V. Silsbee Independent School District 933 F. Supp. 616.

The right of free speech under The Texas Constitution is supposedly broader that its federal counterpart : Matthews V. Wozencraft, 15, F. 3d 432; Clark V. Dallas Independent School District, 806, F. Supp. 116; San Antonio-Express News V. Roman 861 SW 2d 265. But as with other Third World countries possesing grandiose bill of rights, actual implementation may be another matter altogether.

The rights of Texas prisoners ( and a parolee's under State supervision ) to receive information through the mails is a right protected by the ( federal )  First Amandment, said right having been bittery contested : Guajardo V. Estelle, 568 F. Supp. 1354; Hernandez V. Estelle, 788 F. 2d 1154; Garrett V. Estelle, 424 F. Supp. 468.

Furthermore, parolees do enjoy a right to privacy : Basualda V. State , 558 SW 2d 2 (Tex. Cr. App. 1997 ); United States V. Consuelo-Gonzalez, 521 F. 2d 259; Tamez V. State, 534 SW 2d 686, 691 ( Tex. Cr. App. 1976 ).

Lastly, sentencing guidelines require that occupational restrictions imposed during supervised release must be minimum and reasonably necessary : U.S. V. Mills, 959 F. 2d 516.

Incidentally, Defendant had previously not stood up for his Constitutional rights because Texas Parole Officers are "trigger happy" regarding revocation  and  Defendant had no stomach to wait out a year or more in prison away from his family while the case tediously made the rounds and the overburdened Courts got around  to making a ruling ; his present situation proves his reluctance to have been justified.

5

# GROUND II

A citizen has a right to privacy and may refuse a polygraph exam, Richardson V. City of Pasadena, 500 SW 2d 175, reversed 513 SW 2d 1; Minnesotta V. Murphy 104 S. CT 1136 ( 1984 ). Garrett V. Broderick 392 U.S. 279 88 SCT. 1916 (1984). This is mentioned because Defendant was ordered to submit to a polygraph exam on two occasions ( a yearly requirement ) in spite of his verbal objections against taking the polygraph. The parole officer, Mrs. W. M. Anderson ( as opposed to counselor Jackie Anderson ) stated at the hearing that this was a requirement for the continuation of parole ( hearing transcript tape 1 of 3, page 19, line 24-43 ). Mrs. Anderson further stated at the hearing that refusal would have resulted in revocation. Defendant signed the consent form under duress; if he had not submitted to the polygraph exam, he would have been revoked, as per Mrs. Anderson's testimony ( hearing transcript tape 1 of 3, page 19, line 42 ). A classic example of Catch-22.

Parolees do have a right to privacy : Basualda V. State, Supra ; United States V. Consuelo-Gonzalez, Supra ; Tamez V. State, Supra .

Additionally, case law uniformly states that a polygraph may not be used in any legal matter whatsoever, nor its existence be alluded to by either State or Defendant : Russell V. State 798 Sw 2d 632; Burden V. State, 634 SW 2d 349; Sparks V. State, 820 SW 2d 924; Jones V. State, 680 Sw 2d 499; Castillo V. State, 739 SW 2d 280; Giesen V. State, 688 SW 2d 176; U.S. V. Frogge, 476 F. 2d 969; Tennard V. State, 802 SW 2d 678; Shiflet V. State, 732 SW 2d 622; Lewis V. State, 500 SW 2d 167; Crawford V. State, 617 SW 2d 925; Fernandez V. State, 564 Sw 2d 711; Robinson V. State, 550 Sw 2d 54; Reed V. State, 522 SW 2d 466; King V. State 511 SW 2d 32; Humphrey V. State 479 SW 2d 51; Lee V. State, 455 Sw 2d 316; Hart V. State, 477 SW 2d 944; Watkins V. State, 438 Sw 2d 819; additional cases wherein it has been ruled by the courts that the polygraph may not be

6

included or alluded to in any legal matter are : Nichols V. State, 378 Sw 2d 335, 337; White V. State, 550 SW 496 SW 2d 642 ( Tex. Cr. App. 1973 ); Romero V. State , 493 SW 2d 206 ( Tex. Cr. App. 1973 ); Peterson V. State, 157, 255 SW 2d 110.

Objection to Keedy's letter ( evidence #5 ), which contained the reports of two polygraphs attached, was made during the hearing ( Hearing transcript tape 1 of 3, page 5, lines 40-43 ) on the basis of  (a)  Their inherent inacuracy  (b)  Their illegality, for which the above cases were presented to the hearing officer and were ignored  (c)  Defendant having entered into heated argument with Keedy, moments     prior to being tested ( hearing transcript tape 1 of 3, page 6, line 15-31; hearing transcript tape 1 of 1, page 27, line 9-15 ). Keedy later admitted the inacuracy of the polygraph instrument ( hearing transcript tape 1 of  3, page 26, line 2-17 ). As usually occurs, although involved in legal proceedings the parole revocation  officers are interested in   neither    case law, nor Constitutional rights, nor due process, nor a preponderance of evidence.

It is vital to notice first, that the polygraph reports have become part of the Defendant's parole ( legal ) record, secondly, that it is the First Cause in this revocation procedure (see hearing transript tape 1 of 3, page 7, line 1 ), thirdly, that the attached polygraphs were visually consulted during the hearing and were used when making a decision as to the defendant's fate ( hearing report page 3 of 6 ; hearing transcript tape 1 of 1, page 10, lines 1-6; hearing transcript tape 1 of 3, page 25, line 11; page 11, line 27-30 ),  and fourthly, that an older polygraph ( administered 1 1/2 years prior ) was introduced which was totally irrelevant to the question at hand. Since the polygraphs  were used in the revocation hearing to deprive Defendant of his liberty, the excuse of it being an investigative tool is inapplicable. As such, the whole revocation, from start to finish, should be nullified.

# GROUND III

Prison officials are not given carte blanche over inmates and neither are parole officials over parolees. On numerous occasions the Court has consistently affirmed that a condition of parole release is invalid if : ( 1 ) It has no relationship to the original crime (2) Relates to conduct that is not in itself criminal  ( 3 ) It forbids or requires conduct that is not reasonably related to the future criminality of the offender or does not serve the statutory ends of probation : Vernon's Ann. Texas C.C.P.  Arts 42.12  41.12  §§ 11, 11(A); Lacy V. State  875 SW 2d  3 ( Tyler, 1994 ); Johnson V. Texas 672 SW 2d 621 (Corpus Christy, 1984); Tamez V. State 534 SW 2d 686, 691 ( Tex. Cr. App. 1976 ); People V. Blakeman 170 Cal. App. 2d  596, 339 P. 2d  202 (1959); Simpson V. State  772  SW 2d  276; Marcum V. State  983 SW 2d  762, 768 (1998); Mc Arthur V. State   No. 2-98-482-CR  ( 1999 ); Ex Parte Renfro 999 SW 2d 559  ( 1999 ); Shipp V. State   985 SW 2d  621 ; U.S. V. Mills 959 F. 2d  516.

Had Defendant been accused of using the computer in order to obtain sexually oriented information, like images of Michaelangelo's David, Botticelli's Venus Rising From The Sea , the text of Joyce's Ulysses or Lawrence's Lady Chatterley's Lover  or Shakespeare's Hamlet, or Playboy  and Penthouse  magazines, the state might conceivably have an arguable legal point, even though  Texas prisoners-including the presently incarcerated Defendant-can receive such materials while in prison under  First Amendment Protection. Defendant, however, is accused  of using a computer for his legally acknowledged occupation of buying and selling stock and of obtaining information on companies' stocks. But it all really comes down to what extent are the Courts willing to go along with the mangling of the Bill of Rights  in order to broaden  punishment against persons accused or  convicted of sexual offences ( a very wide category ) in the  belief that  the end justifies the means.

8

# GROUND IV

A parent has both a legal obligation and a right to provide for his offspring's education, which cannot be unduly interfered by the government : Hustache V. Black, 191 SW 2d 82; Ware V. Estes, 388 F. Supp. 657, Affirmed 458 F. 2d 1360, Certiorari denied 93 S.CT. 463, 409 U.S. 1027, 34 L. ED. 2d 321 ( See hearing transcript tape 3 of 3, page 14, line 4-6 ).

Defendant paid for son's computer so that he could attend Florida Classes via the internet while visiting his father and grandmother. Defendant may challenge imposition of supervised release condition if sentence includes more limiting condition of supervised release than maximum established in guidelines U.S. V. Mills, 959 F. 2d 516 ( CA S Tex. 1992 ).

# GROUND V

When Defendant paid for the computer chosen by his son at Office Depot, his son was with him and took immediate possession of it, as a gift, thereby fulfilling the legal definition of a gift and becoming sole possessor of said gift in praesenti : Thompson V. Dart, 746 Sw 2d 821 ( 1988 ); Hinton V. Federal Nat. Mort. Ass'n, 945 F. Supp 1052 (1996). Donee, by legal definition, retains no ownership or title to said property : Ganno V. Baker, 830 SW 2d 706; Oadra V. Stegall, 871 Sw 2d 882 ( 1994 ); Soto V. First Gibraltar Bank, FSB San Antonio 868 SW 2d 400 ( 1993 ); Valentine V. Colley, 294 SW 2d 308. To claim that a person who pays for a gift for a second person and renounces ownership still owns that property is inaccurate ( E.G., Hearing transcript tape 1 of 3, page 19, line 6-9; The concept of ownership was very much in Abbey's mind and influenced his

9

views ). Furthermore, parole condition does not prohibit a parolee from purchasing electronic equipment as gifts to other ( Hearing transcript tape 1 of 3, page 18, line 14-17).

### GROUND VI

Granted that a parolee's legal rights are diminished in comparison to a defendant standing trial for the first time. Nonetheless, not all Constitutional rights disappear as a result of parole : Garrett V. State, 791 SW 2d  137 ( 1990 ); Gardner V. Broderick, 392 US 279  88 SCT.  1916 ( 1984 ); Beck V. Purkett 11 FD  3D  803.

Proper procedure is likewise mandated by  case law : Gagnon V. Scarpelli, 411 US 778, 93 SCT. 1976  36 LED 2d  656 ( 1973 ); Morissey V. Brewer  92 SCT. 2593;  Beck V. Purkett 15 F 803; Tamez V. State 534 SW 2d  686, 692 ( Tex. Cr. App. 1976 ).

Condition of parole must be reasonably related to rehabilitation concomitant with Constitutional rights : U.S. V.  Smith 618 F. 2d  280 ( CA 5 Tex 1980 ).

The 14th Amendment of the U.S. Constitution and Art. I, § 19 of the Texas Constitution applies to parolees, but at times only after a writ of habeas corpus  and a wait of eight months or longer.

On numerous instances, procedural errors were made in that due process was not followed in depriving Defendant of his liberty :

*Point 1*. Witnesses for the defense, to wit, Alexander Simon, Charles Schwab employees and Tina Ornelas, were arbitrarily not allowed to testify by Daniel Abbey, one of the revocation hearing officials ( Hearing transcript tape 2 of 3, page 8, lines 18-40; tape 1 of 1, page 5, line 5-39 ). They were a few feet away. No solid reason was given for exclusion. Though Alexander Simon, in anticipation of possible exclusion from the hearing-upon learning of previous revocation hearings' penchant for such tactics-had composed a letter to be used as evidence, his

10

personal, more elaborate testimony would have been more valuable. All this in spite of Benke reaffirming Defendant's right to have witnesses heard (hearing transcript tape 1 of 3, page 3, line 4).

*Point 2*. Objection was made to the introduction of the polygraph for use in any legal matters ( hearing transcript tape 1 of 3, pages 7-8; tape 1 of 1, page 27, line 9-13 ). No ruling was made to the objection.

*Point 3*. Objection was made to the introduction of surprise evidence of the MMPI and of testimony, though discovery had been guaranteed, with Abbey's signature on the guarantee document dated July 2, 1999 ( evidence #6 ). Much of the new evidence/ testimony consisted in lambasting the Defendant as a nonconformist ( hearing transcript tape 1 of 3, page 7, line 29; tape 2 of 3, page 1, line 35; tape 1 of 3, page 28, line 38-39; hearing report page 3 of 9-"Defense exhibits"). Although not objected to as surprise witness, Elley was one.

*Point 4*. Findings are not supported by evidence. The so-called "Preponderance Of The Evidence" is for acquittal ( Hearing transcript 1 of 3, page 2, line 21). Incidentally, most of the "Documentary Evidence" cited in the hearing report ( page 3 of 6 ) consists of Bureaucratic paperwork, described as such in the transcript, and do not substantiate the allegations. They are fodder.

No witnesses or documents showed defendant to be subscribed to the internet-none whatsoever- and this alone speaks volumes as to the "impartiality" of the hearing.

No witnesses or documents showed Defendant to own a computer, computer equipment, fax machines. None whatsoever ( See hearing transcript tape 3 of 3, page 11, lines 38-46 ).

As to using a computer, the only evidence is a claim by parole supervisor Anthony Ramirez that Defendant had told him that he was using a computer

in order to buy stocks, a claim that Defendant has adamantly refuted. No objective evidence, or witnesses were introduced to bolster his assertion. It is of great importance that Ramirez further affirmed receiving a letter from Keedy ( evidence #5 ) categorically stating that Defendant had told Keedy that Defendant owned/operated a computer ( In exhibit "B" or "C" of the report; Hearing trancript tape 3 of 3, page4, lines 23-45 ; page 5, lines 1-9 ). The letter did not confirm his statement thereby undermining his credibility as a reliable witness. Although the evidence against the Defendant remains minute, the hearing report is a thickly padded repository of smoke, innuendoes and hostile distortions of testimony ( see point 12 below ).

*Point 5*. Although Alexander Simon's letter ( evidence #7 ) was introduced into evidence ( Hearing trancript tape 2 of 3 , page 28, lines 5-9 ), it was not included in the revocation report.

*Point 6*. The appeal process within the parole bureaucracy is a travesty, mere window dressing. Such an appeal, incidentally, can be executed because "2) That the findings of fact and/or conclusions of law are : a) Not supported by a preponderance of credible evidence; or b) Are contrary to law ." ( Page 2 of 2 hearing report ).

*Point 7*. Hearing officers invariably overrule any and all objections made in any hearing.

*Point 8*. Evidence was not allowed to be introduced by the Defendant (hearing transcript tape 1 of 3, page 29, lines 1-45 ).

*Point 9*. Hearing officer suggested a continuance in order for Defendant to obtain specific documents which would exonerate him at which time, he implied, that a favorable recommendation would be given ( hearing transcript tape 3 of 3, page 12, lines 26-37; tape 1 of 1, page 3, lines 38-43 ). They were obtained ( hearing transcript tape 1 of 1, page 12, line 29 ). He recommended revocation.

12

*Point 10*. Case law was extensively violated, as previously specified, particularly in regards to polygraph being used for incarceration, and, validity of parole conditions.

*Point 11*. A neutral objectivity on the part of Bruce Benke and Daniel Abbey was instead supplanted with hostility, thereby violating Morrissey V. Brewer   92   SCT. 2593  that  states that hearing  officers must be neutral. This is evident throughout the hearing report wherein facts are distorted ( see point 12 ), there are innuendoes, the overall tone of the report is   muddled  and   caustic, the most blatant being the hearing officer's statement in the hearing report that the defendant's personality alone is sufficient grounds for incarceration (hearing report page 3 of 6 ). Significantly, he offhandedly dismisses the wife's Visa statement  as to her subscription  to the internet, as opposed to Defendant, as "not important," although it disproves one of the allegations.

*Point 12*. The hearing report which is used for making decision by the parole board had deliberate errors of omission and commission to wit :

Item a)  No mention is made of the admitted written evidence of Alexander Simon.

Item b)  W.M. Anderson did _not_  state that Defendant had reported to her that he was  using a computer ( hearing  trancript tape 1 of 3. page 15, lines 11-13 ); the report states the opposite  ( page 4 of 9 ).

Item c)  Absent also is Defendant's assertion that Ramirez reliability as a witness  was undermined with  his  false   assertion, subtle yet important, of Keedy's letter. This point is crucial  in so far as Ramirez' testimony of what Defendant said is the _sole_ evidence against him and has been disputed from the beginning. This presumption of infallibillity in parole workers must be questioned. ( Simply as an illustration since it

13

did not become an issue within the revocation , W.M. Anderson stated
that Defendant once mentioned   drinking a beer while on parole; in
truth, Defendant has never been able to stomach beer.)

Item d)   No mention is made that hostile witnesses Keedy ( Hearing
transcript  tape 1 of 3,  page 24, lines 11-14; pages 25,   lines
30-37 ) and Elley ( Hearing transcript tape 1 of 1, page 7, line
41-43 ) had never known Defendant to use a computer.

Item e)   The computer in question is continually represented as <u>his</u>
computer (Defendant's ) ( Hearing report pages 5,6 of 9 ).

Item f)   Upon  questioning by Defendant as to whether it was a violation of
parolee to pay for a computer for his son, Anderson  replied in the
negative  ( Hearing transcript  tape 1 of 3, page 18, line 17 ).
Neither the question nor the answer appears in the report.

Item g)   Hearsay alone is not sufficient to revoke parole ( McBride v.
Johnson,  118 F. 3.D 432 ( 1997 ); Farrish v. Mississipi Parole
Board  836 F. 2d 969 ( 1998 )).  Please note Benke admitting that
the  sole  evidence  against  Defendant   is hearsay  ( Hearing
ranscript tape 3 of 3, page 11, line 41 ).

14

# CONCLUSION

Very briefly, there is almost no evidence against the Defendant regarding one allegation, and no evidence whatsoever regarding the second allegation. Furthermore, the revocation process and the subsequent appeal process were a travesty and a violation of due process and case law.

Although Defendant has denied the alleged actions, had he nevertheless done so, those inoffensive acts are protected from censorship by the Bill of Rights anyway,  not to mention case law , rendering the whole revocation as yet another gross violation of a citizen's rights by an overzealous parole bureaucracy. As has been stated above, violation of one's Constitutional rights do not get much blatant than this.

15

CNAPDF - www.fastio.com