United States District Court
Southern District of Texas
FILED

JUN 19 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *ARMANDO SIMON,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | NO.  CA-C-00-90 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, Respondent, ("the Director"), by and through his attorney, the Attorney General of Texas, and files this his Motion for Summary Judgment With Brief in Support.

## I.

## JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.

## DENIAL

The Director denies each and every allegation of fact made by Petitioner, ("Simon"), except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Simon pursuant to a judgment and sentence of the 23rd District Court of Brazoria County, Texas, in Cause No. 15,894, styled *The State of*

*Texas v. Armando Simon. Ex parte Simon*, Application No. 26,427-02 at 5-6. Simon was charged with the felony offense of sexual assault. *Id.* at 2. He entered a plea of not guilty and was tried by a jury, which on May 6, 1985, found him guilty. *Id.* at 3-4. The jury assessed punishment of imprisonment for nine years. *Id.*

Simon has been unsuccessfully released to parole three times. Simon was first released on parole on July 10, 1991. *See* parole certificate, attached as Exhibit A. Simon was unable to comply with the terms of his release, and on December 17, 1993, his parole was revoked. *See* proclamation of revocation, attached as Exhibit B. Simon was again released on parole on December 2, 1994, and on February 1, 1995, his parole was revoked. *See* parole certificate, attached as Exhibit C; proclamation of revocation, attached as Exhibit D. Finally, Simon was released to parole on November 5, 1996, and his parole was revoked on August 16, 1999. *See* parole certificate, attached as Exhibit E; proclamation of revocation, attached as Exhibit F.

Simon does not challenge his conviction in this case; rather, he challenges the third revocation of his parole. Therefore, a procedural history of any direct appeal is not necessary to the resolution of the instant case. Simon has filed one motion for leave to file a petition for writ of mandamus seeking to obtain relief pursuant to his first parole revocation. The Texas Court of Criminal Appeals denied leave to file on May 2, 1994. *Ex parte Simon*, No. 26,472-01 at cover. Simon has filed one state application for writ of habeas corpus challenging his third parole revocation. The Court of Criminal Appeals denied it without written order on December 15, 1999. *Ex parte Simon,* No. 26,472-02, at cover.

Records of Simon's state habeas corpus proceedings are available for the court's inspection and will be forwarded as soon as they have been reproduced. The record of Simon's parole revocation proceedings are attached hereto as Exhibit G.

2

## IV.

## EXHAUSTION OF STATE REMEDIES

The Director believes that Simon has not sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1) with regard to the issues briefed in this motion as discussed below.

## V.

## PETITIONER'S ALLEGATIONS

The Director understands Simon's allegations to be as follows:

1.      His First Amendment right to privacy was violated because his parole was revoked for using a computer;

2.      He was forced to submit to a polygraph and the results of the test were admitted during his parole revocation hearing;

3.      The condition of his parole forbidding him from using a computer is invalid;

4.      The government interfered with his obligation to educate his son by disallowing a computer in his home;

5.      His due process rights were violated during the revocation hearing when:

     (a)      Two Charles Schwab employees were not permitted to testify;
     (b)      The hearing officer failed to make a ruling on Simon's objection to the admissibility of the results of the polygraph;
     (c)      The testimony of a sex counselor was surprise;
     (d)      The evidence is insufficient to support the hearing officer's finding that Simon violated his parole;
     (e)      A letter written by Simon's son was not included in the hearing report;
     (f)      The process to appeal a parole revocation is inadequate;
     (g)      Hearing officers invariably overrule any and all objections made by the parolee;
     (h)      Simon was denied his right to present evidence in his defense;
     (i)      When the hearing officer granted Simon a continuance to gather evidence in his defense, he gave Simon a false impression that he would make a favorable recommendation, but, instead recommended revocation;
     (j)      The hearing officer was not impartial;

3

6. The revocation hearing report is inadequate because:

    (a) There was no mention of Alexander Simon's letter;

    (b) Witness Anderson did not state that Simon stated he had been using a computer;

    (c) Simon's assertion that witness Ramirez was not a credible witness was omitted from the report;

    (d) Two witnesses for the state did not know if Simon had been using a computer;

    (e) The computer in question is referred to as Simon's in the report;

    (f) Simon's claim that he asked his parole officer if it was a violation to purchase a computer for his son and was told it was not a violation was omitted from the report; and

    (g) Hearsay evidence alone is not sufficient to form the basis of a revocation.

## VI.

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

### Standard of Review

A party moving for summary judgment bears the burden of informing the court of the basis for its motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). Once the moving party makes that showing, the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In addition, under the 1996 amendments to the federal habeas corpus statute embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), which took effect April 24, 1996, a state prisoner may not obtain relief

        with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Thus, a state prisoner may obtain federal habeas relief only by showing that the state courts' resolution of his claims represented an unreasonable application of the law to the facts, *i.e.,* "that reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Drinkard v Johnson,* 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 117 S. Ct. 1114 (1997). Further, in review of a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." § 2254(e)(1); *Jackson v. Johnson,* 150 F.3d 520, 524 (5th Cir. 1998). Moreover, where the petitioner

> has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

> (A) the claim relies on

>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for

5

> constitutional error, no reasonable factfinder would have
> found the applicant guilty of the underlying offense . . . . "

28 U.S.C. § 2254(e) (2).

### A.   Simon's federal petition is a "mixed petition" which contains unexhausted claims that are procedurally barred.

In his federal habeas petition, Simon includes four claims not previously presented to the Texas Court of Criminal Appeals; namely, that the condition of his parole banning him from using a computer is invalid, that a letter from his son was not included in the hearing report, that he was not permitted to present evidence in his defense, and that his assertion that a witness at his parole revocation hearing was not credible was not mentioned in the hearing report. Because Simon did not include these claims in his first state habeas writ, he has procedurally defaulted these claims. Moreover, because his has filed a "mixed" petition which contains both exhausted and unexhausted claims, Simon's petition should be dismissed.

In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir. 1983); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S. Ct. 1508 (1983). In Texas, the Texas Court of Criminal Appeals is the highest court in the state which has jurisdiction to review a petitioner's conviction. TEX. CODE CRIM. PROC. ANN. art. 44.45 (Vernon Supp. 1985); *Richardson*, 762 F.2d at 431. To challenge his conviction in that court, a petitioner must either file a petition for discretionary review, TEX. R. APP. P. 202(A), currently TEX. R. APP. P. 68.2, or an application for a post-conviction writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 1977). In either of these remedies, a petitioner must have first provided to the highest court of the state a fair opportunity to apply (1) the controlling federal constitutional principles to (2) the same factual claims, before a federal court will entertain the alleged errors. *Duncan v. Henry*, 115 S. Ct. 887, 888 (1995); *Picard*, 404 U.S.

at 275, 92 S. Ct. at 512; *Anderson v. Harless,* 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982);

*Rose v. Lundy,* 455 U.S. 509, 522, 102 S. Ct. 1198, 1205 (1982); *Thomas v. Collins,* 919

F.2d 333, 334 (5th Cir. 1990), *cert. denied,* 501 U.S. 1235, 111 S. Ct. 2862 (1991);

*Richardson v. Procunier,* 762 F.2d 429, 431 (5th Cir. 1985); *Brown v. Estelle,* 701 F.2d 494,

495 (5th Cir. 1983). Moreover, all of the grounds raised in a federal application for writ of

habeas corpus must have been "fairly presented" to the state courts prior to being presented

to the federal courts. *Id.*

As discussed *supra,* Simon did not present four of his present claims to the Texas

Court of Criminal Appeals. *See Ex parte Simon,* Application No. 26,427-02. Should Simon

file another state writ application including his unexhausted claims, it would be denied for

abuse of the writ since he was required to include all grounds for relief in his first petition.

*Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). It is settled that citation for abuse of

the writ by the Court of Criminal Appeals constitutes a procedural default that bars federal

habeas review of the merits of a habeas petitioner's claims. *Nobles v. Johnson, supra;*

*Fearance v. Scott,* 56 F.3d 633 (5th Cir. 1995). Following the Texas Court of Criminal

Appeals' decision in *Ex parte Barber,* 879 S.W.2d 889, 892 n. 1 (Tex. Crim. App. 1994),

*cert. denied,* 115 S. Ct. 739 (1995), the Texas courts' abuse-of-the-writ doctrine is an

adequate and independent state ground. *Nobles v. Johnson, supra; Fearance,* 56 F.3d at 642.

Thus, where a state prisoner has been cited for abuse of the writ following *Barber,* federal

habeas corpus review of his claims is barred.

Moreover, where the petitioner never has presented his claim to the state courts, it is

procedurally barred in federal court "if it is clear that his claims are now procedurally barred

under [state] law." *Castille v. Peoples,* 489 U.S. at 351, 109 S. Ct. at 1060 (quoted in *Gray*

*v. Netherland,* 116 S. Ct. 2074, 2080 (1996)); *accord Nichols v. Scott,* 69 F.3d 1255, 1280

& n. 48 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 2559 (1996). Thus, where it is clear that a

petitioner's unexhausted federal claims would be dismissed for abuse of the writ if presented

in a subsequent state writ application, they are procedurally barred in federal court. *Fuller v. Johnson,* 158 F.3d 903, 905 (5th Cir. 1998). Finally, because Simon filed a "mixed" petition containing both exhausted and unexhausted claims, his petition should be dismissed for failure to exhaust. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S. Ct. 1198, 1205 (1982); *Murphy v. Johnson,* 110 F.3d 10, 11 (5th Cir. 1997).

> **B.    Even assuming Simon had not filed a "mixed petition," he was afforded due process at his parole revocation hearing in accordance with *Morrissey v. Brewer* 408 U.S. 471, 92 S.Ct. 2593 (1972).**

Under *Morrissey,* the following due process requirements apply to parole revocation hearings:

1)    Written notice of claimed violations;

2)    Disclosure of unfavorable evidence to the parolee;

3)    Opportunity to be heard in person and to present witnesses and documentary evidence;

4)    Right to confront and cross-examine adverse witnesses, unless there is good cause for not allowing confrontation;

5)    A neutral and detached hearing officer; and

6)    A written statement as to the reasons for revocation.

*Id.* at 489, 92 S. Ct. at 2604.

First, Simon was given advance written notice of the violations. *See* Exhibit G at 18-20.[1] Next, the evidence against him was disclosed. *See* Exhibit G. Simon was present at the hearing and heard all of the testimony and saw all of the documentary evidence. *See* Exhibit G. Simon was then given the opportunity to be heard and present witnesses and documentary

---

[1]    For the convenience of the court, the undersigned has numbered the pages of the hearing report in the bottom right-hand corner.

8

evidence. *See* Exhibit G at 5, 7-9, 13, 15. Simon does not challenge the fourth requirement of *Morrissey*, that he be allowed to confront and cross-examine witnesses.

With respect to the fifth requirement, that Simon was not provided with a neutral and detached hearing officer, he has failed to allege facts that, if true, entitle him to relief. Specifically, Simon has failed to show that the hearing officer was impartial. For example, there is no objection by Simon to the hearing officer's neutrality noted anywhere in the record. *See* Exhibit G at 4, 12. Even assuming such an objection had been made, Simon's claim is nothing more than a conclusory allegation unsupported by the record. As such, it should be dismissed. *United States v. Flores*, 135 F.3d 1000, 1007 (5th Cir. 1998) (district court properly granted government's motion for summary judgment where petitioner's claims "are conclusory and wholly unsupported by any probative evidence or affidavits in the record").

Finally, Simon was provided a written statement which details the reasons for revocation. *See* Exhibit G. With respect to Simon's claim that the hearing report is inadequate, Morrissey simply requires a written statement detailing the reasons for revocation, not a written statement that conforms to the parolee's wishes. *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604. Simon was afforded all of the due process he was entitled to. Therefore, his petition should be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that summary judgment be entered in his behalf and that Simon's petition for writ of habeas corpus be denied.

9

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for
Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division


KRISTEN E. JERNIGAN
Assistant Attorney General
State Bar No. 90001898
Admission ID No. 24031
Attorney in Charge

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT


## NOTICE OF SUBMISSION

To: Armando Simon, Petitioner, you are hereby notified that the foregoing motion will be brought before the court within twenty (20) days of filing.


KRISTEN E. JERNIGAN
Assistant Attorney General

10

## CERTIFICATE OF SERVICE

I, Kristen E. Jernigan, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for Summary Judgment With Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 15th day of June, 2000, addressed to:

Armando Simon
TDCJ-ID No. 522486
Garza East Unit
HCO2 Box 985
Beeville, Texas 78102

KRISTEN E. JERNIGAN
Assistant Attorney General

11

A

# State of Texas

TDCJ-BPPD

DPS NO:   3214270

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### BOARD of PARDONS and PAROLES DIVISION

## Certificate of Parole

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Board of Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| ARMANDO SIMON | 522486   WY |
|---|---|
| Name | TDCJ No. |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Parole release under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles Division hereby orders that the said inmate be released under Parole to the confines of the state and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

FLORIDA DEPT OF CORRECTIONS
INSTATE COMPACTS
2601 BLAIRSTONE ROAD
TALLAHASSEE FLORIDA 32399-2500

400 W. ROBINSON ST.
SUITE 802 N. TOWER
ORLANDO FL 32801

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles Division, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.

## SPECIAL CONDITIONS

(1) L   (2) O

ISSUED BY ORDER, AND UNDER THE SEAL, OF THE BOARD OF PARDONS AND PAROLES DIVISION AT AUSTIN, TEXAS ON THIS THE _____ 10th _ DAY OF __ JULY _____ ,19 91 ___.

BOARD OF PARDONS AND PAROLES DIVISION

If Parole is satisfactorily completed, Discharge Date will be ___ 7/16/98 __

B

# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLE
## PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:                DPS#: 3214270

**WHEREAS ARMANDO SIMON, # 522486** was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division, released to administrative supervision under Certificate No. 07-10-91-522486 and subsequently failed to fulfill the terms and conditions of said release, and is therefore not worthy of the trust and confidence therein placed:

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby **REVOKE** that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT issue and the aforementioned person be returned to be confined in the Institutional Division to serve the sentence originally imposed or so much thereof as had not been served at the time of administrative release; and the time during which subject has been at large or on administrative release shall not be considered or credited to subject on such sentence.
*******************************************************************
TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, a convicted felon and a prisoner of the State of Texas, administratively released from the custody of the Institutional Division, has violated the conditions of administrative release, and the Pardons and Paroles Division has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Criminal Procedure. THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.



By _J__h_W_Kyle_____  HC
                Board Member
        Board of Pardons and Paroles
        P. O. Box 13401          Phone
        Austin, Texas 78711 (512)406-5452
        Teletype# BPPZ or ORI# TX227015G
        CUSTODY CO.:N/A
        WARRANT NO. 12-17-93-522486

|  |  |
|---|---|
| 12-17-93 | RULE #:8-0 |
| ISSUE DATE | DPS |
|  | TDCJ-ID |
|  | SUPV REGION/ |
|  | AGENT REGION/ |
|  | SUPV OFF/--/-- |
| Revocation Grounds: | AGT OFF// |
| ___ do include new conviction | RELEASEE |
| XX do not include new conviction |  |
| DAYS CONFINED PREV PRWs: 0 |  |
| BPP-COC-98 (R-12-16-93) | IN CUSTODY DATE: 02-05-93 |

C

CibPDF – www.fastio.com

# State of Texas

DPO

DPS NO: 03214270

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

MWP

## Certificate of Mandatory Supervision

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| Name | TDCJ No. | |
|------|----------|--|
| SIMON, ARMANDO | 522486 | HV |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Mandatory Supervision release under the provisions of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

SALVATION ARMY
1855 E LANCASTER
FORT WORTH, TX   76103

You will report to your assigned Parole Officer within 24 hours of release. Failure to do so will cancel your eligibility for further gate money funds.

DEC 1 3 1994

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P.  BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.

### SPECIAL CONDITIONS

(1) P   (2) L   (3) M   (4) O

M--SEX OFFENDER REGISTRATION PROGRAM

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE 2ND           DAY OF   DECEMBER           , 19 94 .

BOARD OF PARDONS AND PAROLES

If Mandatory Supervision is satisfactorily completed, Discharge Date will be   8-9-2000

D

S T A T E    O F    T E X A S
BOARD OF PARDONS AND PAROLES
PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:                DPS#: 3214270

WHEREAS ARMANDO SIMON, # 522486 was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division, released to administrative supervision under Certificate No. 12-02-94-522486 and subsequently failed to fulfill the terms and conditions of said release, and is therefore not worthy of the trust and confidence therein placed:

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT issue and the aforementioned person be returned to be confined in the Institutional Division to serve the sentence originally imposed or so much thereof as had not been served at the time of administrative release; and the time during which subject has been at large or on administrative release shall not be considered or credited to subject on such sentence.
*************************************************************************
TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, a convicted felon and a prisoner of the State of Texas, administratively released from the custody of the Institutional Division, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Criminal Procedure. THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

By _____
                    Board Chairman
          Board of Pardons and Paroles
          P. O. Box 13401            Phone
          Austin, Texas  78711  (512)406-5452
          Teletype#  BPPZ  or  ORI# TX227015G
          CUSTODY CO.: N/A

02-01-95                    WARRANT NO. 02-01-95-522486
ISSUE DATE                  RULE #:4
                            DPS
                            TDCJ-ID
                            SUPV REGION/ 5
                            AGENT REGION/
                            SUPV OFF/G. RAINWATER/ARLNGTN COM SRV
Revocation Grounds:         AGT OFF//
_____ do include new conviction    RELEASEE
_XX_ do not include new conviction
DAYS CONFINED PREV PRWs: 0
BPP-COC-98 (R-04-06-94)              IN CUSTODY DATE: UNKNOWN

E

# State of Texas

_anderson_

**DPS NO:** 03214270
VOP

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

# Certificate of Mandatory Supervision

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| SIMON, ARMANDO | 522486 | DL |
| --- | --- | --- |
| Name | TDCJ No. | |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for MANDATORY SUPERVISION under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

SAN ANTONIO DPO II
2821 GUADALUPE ST
SUITE 106
SAN ANTONIO, TX  78207

**You will report to your assigned Parole Officer within 24 hours of release. Failure to do so will cancel your eligibility for further gate money funds.**

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P. **BE FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.**

## SPECIAL CONDITIONS

(1) L    (2) O

Legal County of Residence : BRAZORIA
Approved County of Release: BEXAR
Due To: SUPPORT, FAMILY OR FRIENDS

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE _____5TH_____ DAY OF __NOVEMBER__ 19 96.

BOARD OF PARDONS AND PAROLES

If Mandatory Supervision is satisfactorily completed, Discharge Date will be _____8-27-2000_____

F

CVisPDF – www.fastio.com



# S T A T E   O F   T E X A S
## BOARD OF PARDONS AND PAROLES
### PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:  DPS#:   03214270

TDCJ#:   522486

WHEREAS  ARMANDO SIMON              was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice, was released to administrative supervision and subsequently failed to fulfill the terms and conditions of said release.

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT be issued and the aforementioned person be returned to be confined in the Institutional Division of the Texas Department of Criminal Justice.
*******************************************************************************

TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the Texas Department of Criminal Justice of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Code of Criminal Procedure and Chapter 508, Texas Government Code. THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

Board of Pardons and Paroles
P. O. Box 13401
Austin, TX 78711
(512) 406-5452
Teletype# BPPZ or ORI# TX227015G

By _____
Board Chairman

ISSUE DATE   08/16/1999
WARRANT NO   08-16-99-522486

Distribution:
DPS
TDCJ-ID
DETAINING AUTHORITY

BPP-COC-98 (R-07-01-98)

CkkPDF - www.fastio.com

G



AUG 11 1999

# BOARD OF PARDONS AND PAROLES
## Hearing Section

### SECOND PARTIAL - FINAL

( ) P   (X) MS   (X) SC   Other:   ELECTRONIC MONITORING / SEX OFFENDER PROGRAM /
HB1112 YES                                   VIOLENT OFFENDER PROGRAM
START DATE:  07-01-99

### HEARING REPORT PROCESSING SHEET
### REVOCATION HEARING

Name:  SIMON, Armando                         TDCJ & DPS No.:  522486 & 03214270
Date of Hearing:  08-02-99            Begin Time:  9:14 a.m.        End Time:  10:20 a.m.
Releasee's Location:  Bexar County Jail, San Antonio, Texas
Releasee Requested a Revocation Hearing    Date Warrant Issued:  06-28-99    Executed:  07-01-99
Release Date:  11-20-96                   Scheduled Discharge Date:  08-27-2000

Attorney Determination:   ( ) Approved   ( ) Disapproved   ( ) Waived   (X) Retained

| | | | | FINDINGS | | | |
|---|---|---|---|---|---|---|---|
| Releasee's Admission/Denials | | | ALLEGATIONS | HO | | HS | |
| ADMIT | DENY | RULE # | | Y | N | Y | N |
| | X | 80 | Failure to Comply with Sex Offender Special Condition Not to Subscribe to, Operate, Use, Communicate On or With Electronic Internet Services, 05-27-99 | X | | | X |
| | X | 80 | Failure to Comply with Sex Offender Special Condition to Not Own, Maintain or Operate Computer Equipment, 05-27-99 | X | | | X |

| Recommend | Revoke | PTRH | Non-Revocation Action | ISF | RTSS |
|---|---|---|---|---|---|
| Field Officer | X | | | | |
| Hearing Officer | X | | | | |
| Reviewer | X  CPank  8-11-99 | | | | |

Additional Recommendations:

Board Disposition:   ☑ Revoke   PBAS   ☐ ISF   ☐ Proceed to Revocation Hearing (PTRH)
                     ☐ Return to sending state (RTSS)
☐ Non-revocation action pending adjudication of charges
☐ Non-revocation action – Continue Supervision --Reaffirm existing special conditions or modify as noted below:

☐ Non-Revocation action: Allow to discharge
☐ Refer case back to hearing officer for further development of factual or legal issues, with or without reopening the hearing, for the following reasons:

Disposition date:  AUG 16 1999
BB:ha (08-05-99)
DIST:  Central Hearing Section                      RELEASEE/Same as above
       Hearing Officer/B. BENKE/San Antonio III     Attorney:  Ralph WILLIAMSON
       Supervising Officer/D. ABBEY/San Antonio I              8202 IH 35 N., Suite #400
       Agent Officer/                                          San Antonio, Texas 78239

HS-135 (R 04-98)                                                        Page 1 of 2

**INSTRUCTIONS TO PAROLE OFFICER:**

1) The releasee, with the Parole Officer acting as a witness, are to sign this form in the spaces provided below. If the releasee refuses to sign the form place the words "refused to sign" in the releasee's signature space.
2) The releasee is to be given a copy of this form as well as the attached Hearing Report.
3) Parole Supervision/Selection Officers must return a signed copy of this form to the Central Office, attached to the all purpose memorandum.
4) If the report cannot be delivered to the releasee, this form and the Hearing Report should be returned to the Central Office, attached to the all purpose memorandum.

**RELEASEE'S MOTION TO REOPEN HEARING**

According to Board of Pardons and Paroles Rule # 145.54, a Releasee's Request to Reopen a Hearing for the further development of factual or legal issues must be made thirty (30) days from the date that the Pardons and Paroles Division has determined to make final disposition of the case by revoking his/her administrative release. Such a reopening shall be granted under the following circumstances and/or the following grounds only:

1) That there is new, relevant, competent evidence which is of probative value on a material issue of fact or law, not merely collateral nor cumulative, which in the exercise of reasonable diligence, was unavailable at the time of the hearing.

2) That the findings of fact and/or conclusions of law are:

   a) not supported by a preponderance of the credible evidence; or

   b) are contrary to law.

3) The procedures followed in the hearing, review and/or disposition of the case are violative of the law or rules of the Board of Pardons and Paroles.

Address your motion to Reopen to:     BOARD OF PARDONS AND PAROLES,
LEGAL SECTION, P.O. BOX 13401, CAPITOL STATION
AUSTIN, TEXAS 78711.


(NOTE: If the Hearing that was held was a Preliminary Hearing, the releasee's signature below is simply an acknowledgement that the Preliminary Hearing Report has been received by the releasee.)

By my signature below, I hereby acknowledge receipt of the report concerning the Hearing held in my case.

**RELEASEE'S ACKNOWLEDGEMENT OF RECEIPT**


_____     _____

RELEASEE'S SIGNATURE                                                            DATE


_____     _____

WITNESS                                                                                      DATE



# BOARD OF PARDONS AND PAROLES
## Hearing Section

### FIRST PARTIAL CONTINUANCE

### REVOCATION HEARING REPORT

Date: <u>08-04-99</u>

## I. IDENTIFICATION:

Name: <u>SIMON, Armando</u>                    TDCJ#:  <u>522486 & 03214270</u>

Home Address: <u>Bexar County Jail</u>

City: <u>San Antonio</u>     County: <u>Bexar</u>          TX     Zip Code: <u>78207</u>

The purpose of the hearing was to determine if adequate grounds exist to find that the above named releasee violated the conditions of release as per the attached charging instrument and the hearing report processing sheet that is affixed to the front of this report.

A. The following were Hearing Participants:

| Name | Address | Title/Position |
|---|---|---|
| SIMON, Armando | SAME AS ABOVE | RELEASEE |
|  |  | ATTORNEY |
|  | Phone: ( ) |  |
| ABBEY, Daniel | San Antonio I Parole Office<br>321 Center Street<br>San Antonio, Texas 78202<br>Phone: (210) 225-2668 | PAROLE OFFICER<br>Supervising |
| BENKE, Bruce | 410 South Main, Suite #300<br>San Antonio, Texas 78204-1129<br>Phone: (210) 212-5000 | HEARING OFFICER |

B. Listing of Witnesses and Observers:

| Name | Title/Position/Relationship | Witness Adverse | Witness Friendly |
|---|---|---|---|
| ANDERSON, Willie Mae | Parole Officer | X |  |
| RAMIREZ, Anthony | Unit Supervisor | X |  |
| KEEDY, James | Sex Offender Counselor | X |  |
| SIMON, Telly | RELEASEE'S Wife |  | X |

HS-104 (R 04-98)                                    Page 1 of 9

3

Case 2:00-cv-00090    Document 9    Filed in TXSD on 06/19/2000    Page 28 of 116

Name:      SIMON, Armando                    Administrative Release Hearing Report
TDCJ No.:  522486

## II.   NOTATION AS TO CONDUCT OF A PRELIMINARY HEARING:

A preliminary hearing was not held in this case.

## III.   PRELIMINARY MATTERS AND EVIDENTIARY PHASE:

A.  The purpose of the hearing and its implications were explained to the releasee who voiced an understanding of the rights and elected to continue with the hearing.

B.  All persons who participated in the hearing were sworn to tell the truth by the hearing officer.

C.  The Rule was not invoked.

D.  There was not a challenge to the neutrality of the hearing officer.

E.  Rights of the Releasee:

Rights were read and reviewed with the releasee, who voiced an understanding of same.

F.  Amendments and Additions to the Allegations listed on the Charging Instrument:   None.

G.  Other Preliminary Matters:   As follows:

Rules #8O and #8O were combined for evidentiary presentation purposes without OBJECTION.

H.  Additional Information and Status of Criminal Law Charges:   None.

I.  Motions and Objections / Rulings and Determinations made during the Hearing:   As follows:

OBJECTION by RELEASEE to EXHIBIT D as indicated in DEFENSE EXHIBIT 1. OBJECTION OVERRULED -- EXHIBIT ACCEPTED.

OBJECTION by RELEASEE to having James KEEDY testify at today's hearing, as indicated by DEFENSE EXHIBIT 5.  OBJECTION OVERRULED -- Testimony ACCEPTED.

OBJECTION by RELEASEE to the testimony of KEEDY concerning the subject of his (RELEASEE'S) MMPI results.  Specifically, this test shows everyone in a poor light. OBJECTION OVERRULED -- Testimony ACCEPTED.

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 29 of 116

J.   The following documents were taken into evidence as exhibits and marked as follows:

## STATE'S EXHIBITS

A.  Certificate of Administrative Release (2 pages)
B.  Board Transmittal (4 pages)
C.  Report of Violation dated 06-28-99 (4 pages)
D.  Counseling Reports (3 pages)

## **DEFENSE EXHIBITS**

1.  OBJECTION to EXHIBIT D (1 pages)
2.  Letter from ARC (1 page)
3.  Printout of Stock Quote (1 page)
4.  Letter from RELEASEE'S Attorney (1 page)
5.  OBJECTION to KEEDY'S Testimony (1 page)

**IV.   HEARING OFFICER'S COMMENTS:**   As follows:

This hearing proceeded through the evidence phase and into the adjustment phase at the first partial continuance. At that point, a discussion ensued concerning any possible documents that may be available to RELEASEE that could benefit his case. A continuance was granted as indicated by the attached HS-141. The first hearing held on 07-19-99 started at 11:18 a.m. and concluded at 2:16 p.m. At that time I held my RULING IN ABEYANCE concerning whether or not RELEASEE violated his parole due to the sheer amount of information gathered during the first partial continuance.

**V.   HEARING OFFICER'S FACT FINDINGS AND CONCLUSIONS OF LAW:**

EVIDENCE STANDARD:  Preponderance

A.  I find from Exhibit <u>A</u> the releasee is under the authority of the Pardons and Paroles Division and is subject to and knowledgeable of the rules and conditions of his/her administrative release status.

B.  Regarding the following allegation(s), I find:

The hearing was continued prior to a finding been made. Therefore, no completion was made during the first partial. The following consists of all of the testimonies gathered at today's hearing.

- Testimony of Parole Officer Willie Mae ANDERSON:   EXHIBIT F was completed by her upon request by RELEASEE. RELEASEE had moved his ailing mother to San Antonio from Florida. He purchased a home for her that was near a school. RELEASEE requested permission to live there with his mother. He also requested

5

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 30 of 116

permission to buy a computer. RELEASEE indicated that his son was having a
problem at home and that he wished him to come live with him. He wanted the
computer to enable his son to do homework while in San Antonio. RELEASEE
also indicated that this would allow him to buy and sell stock while at home.
RELEASEE reported to be a self-employed stock market trader. As indicated by
EXHIBIT F this request was denied. When RELEASEE reported to the office in
12-98 he was told that this was denied. She never gave RELEASEE permission to
have a computer especially since the Board had expressly denied the request. She
did not believe RELEASEE was consistently making a living through the buying
and selling of stocks. There were months where RELEASEE indicated to her that
he was broke or had lost everything. However, she would consider the buying and
selling stocks to be an approved manner of living. In 06-99 they received EXHIBIT
D. This is where she learned of the fact that RELEASEE had a computer. During
an interview with RELEASEE he admitted to using a computer. During 06-99, he
was told to box this computer up by Anthony RAMIREZ. She remembers
RELEASEE telling her that he had complied with this request. EXHIBIT D was
prompted by RELEASEE'S poor showing on the polygraph examination marked as
EXHIBIT D2. It was a requirement for RELEASEE to take this polygraph.

- Testimony of Unit Supervisor Anthony RAMIREZ: He knows RELEASEE
  because he is a client on Parole Officer Willie Mae ANDERSON'S caseload. He is
  ANDERSON'S Unit Supervisor. His conversation with RELEASEE was prompted
  by a previous conversation with James KEEDY, RELEASEE'S Sex Offender
  Counselor. Early one morning, RELEASE came into the office prior to
  ANDERSON arriving. He was speaking to RELEASEE about the chaperon
  program when RELEASEE mentioned that he was using a computer to make stock
  transactions. RELEASEE also told him ANDERSON gave him permission to do
  this. He did not take any action until after he was able to confirm RELEASEE'S
  story with ANDERSON. After speaking with ANDERSON, he informed
  RELEASEE to immediately box up his computer. He also told RELEASEE he
  could not be at his mother's home where the computer is located because it is too
  close to a school. RELEASEE had previously requested permission to go and live
  in this house and have a computer. These requests had been denied.

- Testimony of James B. KEEDY: He is a self-employed counselor at the STOP
  program. He runs the Sex Offender Program where many parolees attend. He
  knows RELEASEE as a client of his program. He understood that RELEASEE was
  employed in the field of buying and selling stocks. RELEASEE never mentioned to
  him that he used a personal computer to do this job. There was an occasion when
  RELEASEE came into the office for an urgent meeting with his counselor, Jackie
  ANDERSON. ANDERSON related to him the events that prompted this meeting.
  RELEASEE had come into the office and said that he was concerned that his wife
  was using his computer and was corresponding with a young man about the topic of
  sexual abuse. RELEASEE indicated that his computer was located at his mother's
  home. ANDERSON brought up this topic with him and this is what prompted the
  questions concerning the computer at RELEASEE'S polygraph examination in 05-

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 31 of 116

99. He conducted a standard meeting with RELEASEE prior to the polygraph. He was unaware that RELEASEE had a computer prior to this date and understood that RELEASEE should not have been using one. During the polygraph this question was addressed and the examiner indicated that RELEASEE'S answer revealed criteria indicating deception. He is not an expert in this area and is aware that the polygraph is not perfect. It is possible to obtain a false positive. Jackie ANDERSON was unavailable for today's hearing because she is out of town on vacation. Vicki ELLEY, RELEASEE'S group counselor, was unavailable because she is out of state for a funeral. It is not a standing rule to report all violations to the parole office. He never saw RELEASEE use or possess a computer.

- Testimony of Telly SIMON: She is RELEASEE'S wife and lived with him for the past 13 months. They live in a small apartment at Sagewood Apartments. There is no computer at the Sagewood Apartment. RELEASEE does not own a computer. RELEASEE'S, son ALEX, owns a computer which is located at her mother-in-law's home. She never saw RELEASEE use this computer nor does he know how to use a computer. There were times when RELEASEE dropped her off at her mother-in-law's home to use the computer while he was on his way to work. RELEASEE purchased the computer in question and gave it to his son. She is not sure when the computer was purchased. The computer was placed at her mother-in-law's home where no one lived after her death until she moved in 05-15-99. The computer was purchased and given to her step-son for his use when he came to San Antonio. ALEX lives with his mother in Florida. He came to San Antonio last summer. He stayed with her mother-in-law. Her mother-in-law died shortly after Christmas. RELEASEE'S mother lived in that home. When RELEASEE was told that he could not have a computer he unplugged it. When her step-son arrived on or about 07-03-99 it was hooked back up. She has an AOL internet subscription in her name for the computer. The subscription is paid for by her Visa Card. She was employed in sales but quit after the birth of her child. She is not currently employed. She often stayed at her mother-in-law's house to help care for her and to get rest on account of her pregnancy. She preferred to stay at the home because they do not have a comfortable bed at their apartment. Their apartment was also very small. RELEASEE would sometimes call her from work or at lunch for stock quotes on the computer. She is not sure why RELEASEE would call her from work to get stock quotes on the computer at home when he was at Charles Schwab. She also does not know why he would call her if there was a 15 minute delay in the stock quotes provided on the home computer. RELEASEE and his son hooked up the computer. RELEASEE told her to get the Internet service because he could not. She did this because she wanted to help her step-son. She does not remember how long her step-son was in San Antonio last summer. She kept the AOL service hooked up all of the time. She uses Internet to keep up with the news back home in her country. She also uses it to e-mail friends in her homeland. She and RELEASEE have filed for divorce. They did so because RELEASEE was not allowed to have any contact with their child. Their plan was to obtain a judge's order allowing RELEASEE to have contact with their child. She plans on remarrying RELEASEE after he

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 32 of 116

discharges parole.

- **\*\*Testimony of RELEASEE:** He does not own or operate a computer nor has he been on the Internet. His son purchased and set up the computer and used it while he was here for school work. He set up the Internet to enable his son to take on-line classes at school. He is employed as a day-trader. He had no reason to use the computer at home because the Internet has a 15 minute delay on stock quotes. He spent his time at Charles Schwab where he was able to get up to the minute stock quotes. The Parole Division knew that he was working this way for years and just decided to do something about it. His situation started when his wife was internetting with a 15 year old child. They were speaking about sexual abuse and this alarmed him. He got mad and overreacted and spoke with his counselor. KEEDY also confronted him about it. When he spoke with U.S. RAMIREZ he believes he was misunderstood. He believes RAMIREZ misconstrued his statements to him because RAMIREZ continued to interrupt him when he was trying to explain. He does make trades but he makes these trades over the phone to a central location in Phoenix. While at Charles Schwab he does not use any computer. He plans on selling his computer once he is released. He is abiding by his parole rules concerning this matter. He admits he goes right up to the edge of his parole rules but will not break them. He changed accounts approximately one week prior to his arrest. He switched from Charles Schwab to Kercheville and Company. They are a full service brokerage firm and take care of all of his business even though it is more expensive.

   CONCLUSION will be included in the second partial continuance.


**VI.   ADJUSTMENT PHASE:**

A.  Parole Officer: Introduced EXHIBIT E and presented the following:

   Testimony of Parole Officer Daniel ABBEY: This is RELEASEE'S first warrant issued while on parole. RELEASEE is eligible for transfer to a secure facility at this time. RELEASEE'S ex-wife was a co-defendant with RELEASEE in the instant offense. He feels that RELEASEE is doing the same thing with his current wife.

   Testimony of Parole Officer Willie Mae ANDERSON: Recently she attempted a scheduled home visit and RELEASEE was not at home. Afterwards she attempted several unscheduled visits and RELEASEE was not at home in his apartment. There was no miscommunication concerning the one missed home visit. After the fact of being told he could not live at his mother's home because it was too close to a school RELEASEE had a professional survey company verify the distance. They determined the distance from the school to his property was 495 feet. RELEASEE then provided her with a document to show that he was selling 5 feet of his property to a friend to enable him to live at that residence. She did not feel that this document was legal. She understood that RELEASEE was very argumentative and difficult in group (counseling). RELEASEE was also late and

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 33 of 116

consumed time unnecessarily at his sex offender meetings. RELEASEE'S adjustment has been marginal since his release. RELEASEE is non-compliant. RELEASEE was a difficult client. RELEASEE did report as required or called and made other arrangements. RELEASEE was not arrested while on parole nor did he provide any dirty UA samples. RELEASEE had previously mentioned that he had drunk alcohol while on parole. RELEASEE did pay his supervision fees as required. Section IV on EXHIBIT A is incorrect. RELEASEE was placed on electronic monitoring when he failed the polygraph examination in 02-98 and not for the reason listed on this document.

Testimony of James KEEDY: RELEASEE entered their program on 01-20-97. RELEASEE has done poorly overall. RELEASEE has not progressed in the 2½ years that he has been in their program. RELEASEE should be further along in the program than he is now. RELEASEE has resisted treatment throughout the program. An example of this is that RELEASEE has known of the birth of his child for approximately 9 months. However, RELEASEE has failed to comply with their requirements to enable him to have contact with his child after its birth. RELEASEE'S MMPI indicates that he is a non-conformist. This supports RELEASEE'S performance in the program. RELEASEE always makes things more difficult then they need to be. RELEASEE continually questions aspects of the program. RELEASEE also arrives late and leaves early. RELEASEE sees parole not as an opportunity for less restriction but a burden. RELEASEE should be able to have privileges to see his child but is a sad situation because of his lack of compliance. This was completely avoidable. RELEASEE is not the only one in the program that is doing poorly. RELEASEE should not feel constant paranoia if he was doing what he should. Non-conformity is not bad in and of itself. He was aware about RELEASEE'S mother being ill and wife pregnant which could have caused problem with his attendance. There are others in the program that have done worse then RELEASEE. After interviewing RELEASEE after his first polygraph, RELEASEE stated that he intentionally subverted his answers.

B. Releasee: As follows:

Testimony of RELEASEE: He resents and even hates parole. However, he has abided by his rules because he has to. He believes he has done well on parole. He has not used any drugs and alcohol while on parole nor has he been arrested for any charges. He was abiding by all of the rules of his parole. If the Board sees fit to punish him he would request to be sent to a parole violator facility in lieu of prison.

Testimony of Telly SIMON: She is RELEASEE'S wife. RELEASEE has been doing good on parole. RELEASEE has not had any troubles or problems. She and her 3-week old baby have no family to help her. She cannot drive and has no money. She is dependent on RELEASEE financially and needs him out of jail.

CMPDF - www.fesku.com

Name:        SIMON, Armando                        Administrative Release Hearing Report
TDCJ No.:  522486

　C.  Placement Plan, if supervision is continued:

      Name and Relationship:   Anna BENAVITES/Friend
      Street Address:          203 Arapaho
      City, County, State:     San Antonio, Bexar County, Texas
      Telephone number:        Unknown
      Plan is not verified.

10

Name:   SIMON, Armando                          Administrati　Release Hearing Report
TDCJ No.:   522486

## VII.　RECOMMENDATIONS:

A. UNDERLINE{FIELD OFFICER'S RECOMMENDATION}:
   ( ) Proceed To A Revocation Hearing
   ( ) Transfer To A Secure Facility
   ( ) Revoke
   ( ) Non-Revocation Action (withdraw pre-revocation warrant, if any):
       ( ) Allow Releasee to Discharge
       ( ) Pending Adjudication of Charges
       ( ) Continue Supervision under Same / Modified Conditions.
           Modifications:
   ( ) Return to Sending State
   ( ) No Recommendation Made. Reason:

B. HEARING OFFICER'S RECOMMENDATION:
   ( ) Proceed To A Revocation Hearing
   ( ) Transfer To A Secure Facility
   ( ) Revoke
   ( ) Non-Revocation Action (withdraw pre-revocation warrant, if any):
       ( ) Allow Releasee to Discharge
       ( ) Pending Adjudication of Charges
       ( ) Continue Supervision under Same / Modified Conditions.
           Modifications:
   ( ) Return to Sending State
   ( ) No Recommendation Made. Reason:

## VIII.　ATTACHMENTS (as applicable): Exhibits in Section III. J., 3 Cassette Tape of the Hearing, PSV-48 Charging Instrument, Fee Affidavit Form, Return Copy of Subpoenas, and Attorney Determination Form.

Submitted by,

*Bruce Benke*

Bruce BENKE
Hearing Officer

BB:ha
Date turned in for Typing:  08-04-99
Date Typing Completed:   08-05-99

DIST:  Central Hearing Section                    RELEASEE/Same as above
       Hearing Officer/B. BENKE/San Antonio III
       Supervising Officer/D. ABBEY/San Antonio I
       Agent Officer/
       Attorney/



# BOARD OF PARDONS AND PAROLES
## Hearing Section

### SECOND PARTIAL - FINAL

### REVOCATION HEARING REPORT

Date: <u>08-04-99</u>

**I.   IDENTIFICATION:**

Name: <u>SIMON, Armando</u>                          TDCJ#: <u>522486 & 03214270</u>

Home Address: <u>Bexar County Jail</u>

City: <u>San Antonio</u>       County: <u>Bexar</u>            TX       Zip Code: <u>78207</u>

The purpose of the hearing was to determine if adequate grounds exist to find that the above named releasee violated the conditions of release as per the attached charging instrument and the hearing report processing sheet that is affixed to the front of this report.

A. The following were Hearing Participants:

| Name | Address | Title/Position |
|------|---------|----------------|
| SIMON, Armando | SAME AS ABOVE | RELEASEE |
| WILLIAMSON, Ralph | 8202 IH 35 N., Suite 400<br>San Antonio, Texas 78239<br>Phone: (212) 472-3980 | ATTORNEY<br>Retained |
| ABBEY, Daniel | San Antonio I Parole Office<br>321 Center Street<br>San Antonio, Texas 78202<br>Phone: (210) 225-2668 | PAROLE OFFICER<br>Supervising |
| BENKE, Bruce | 410 South Main, Suite #300<br>San Antonio, Texas 78204-1129<br>Phone: (210) 212-5000 | HEARING OFFICER |

B. Listing of Witnesses and Observers:

| Name | Title/Position/Relationship | Witness<br>Adverse | / Friendly |
|------|-----------------------------|---------|-----------|
| ELLEY, Vicki | STOP Counselor | X | |
| SIMON, Telly | RELEASEE'S Wife | | X |
| | | | |

HS-104 (R 04-98)                                                      Page 1 of 6

12

Name:       SIMON, Armando                    Administrative Release Hearing Report
TDCJ No.:   522486

## II.    NOTATION AS TO CONDUCT OF A PRELIMINARY HEARING:

A preliminary hearing was not held in this case.

## III.    PRELIMINARY MATTERS AND EVIDENTIARY PHASE:

A.  The purpose of the hearing and its implications were explained to the releasee who voiced an understanding of the rights and elected to continue with the hearing.

B.  All persons who participated in the hearing were sworn to tell the truth by the hearing officer.

C.  The Rule was not invoked.

D.  There was not a challenge to the neutrality of the hearing officer.

E.  Rights of the Releasee:

Rights were read and reviewed with the releasee, who voiced an understanding of same.

F.  Amendments and Additions to the Allegations listed on the Charging Instrument:   None.

G.  Other Preliminary Matters:   As follows:

This hearing was continued for the reasons indicated on the attached HS-141.  RELEASEE has retained COUNSEL for this continuance.

Rules #8O and #8O were combined for evidentiary presentation purposes without OBJECTION.

H.  Additional Information and Status of Criminal Law Charges:   None.

I.  Motions and Objections / Rulings and Determinations made during the Hearing:   None.

J.  The following documents were taken into evidence as exhibits and marked as follows:

### STATE'S EXHIBITS
None

### **DEFENSE EXHIBITS**
1.  Letter from Kercheville Company (1 page)
2.  Addendum to DEFENSE EXHIBIT 1 (2 pages)
3.  Stock Transaction Records (45 Pages)

Name:        SIMON, Armando                    Administrati.. Release Hearing Report
TDCJ No.:    522486

**IV.    HEARING OFFICER'S COMMENTS:  As follows:**

It is evident by all accounts that RELEASEE purchased a computer after being told he could
not own one.  RELEASEE testified that he gave this computer to his minor child who does not
even live in the State on a regular basis.  Additionally, RELEASEE had, by his own direction,
his wife obtain Internet service.  The fact that this was done on his wife's Visa Card is also not
important.  It is apparent that RELEASEE manipulated the situation to benefit himself.
RELEASEE is the most manipulative parolee I have ever met.  I strongly urge that if
RELEASEE is not revoked that he be considered for placement on the SISP caseload.

**V.    HEARING OFFICER'S FACT FINDINGS AND CONCLUSIONS OF LAW:**

EVIDENCE STANDARD:  Preponderance

A.  I find from Exhibit <u>A</u> the releasee is under the authority of the Pardons and Paroles Division
and is subject to and knowledgeable of the rules and conditions of his/her administrative
release status.

B.  Regarding the following allegation(s), I find:

RELEASEE was instructed and made aware of all terms and conditions of his/her
administrative release; however, he/she failed to faithfully observe the following rule(s):

- (Rule #8O) Abide by the special condition imposed by the Board to comply with the
  sex offender special conditions not to describe to, operate, use, communicate on or
  with electronic services, on or about 05-27-99, at or about Bexar County, Texas; and

- (Rule #8O) Abide by the special condition imposed by the Board to comply with the
  sex offender special conditions to not own, maintain or operate computer
  equipment, on or about 05-27-99, at or about Bexar County, Texas.

I based the above finding(s) on:

- EXHIBIT B (Board Transmittal).

- EXHIBIT C (Report of Violation dated 06-28-99).

- EXHIBIT D (Counseling Report).

- Testimony of Parole Officer Willie Mae ANDERSON on 07-19-99.

- Testimony of Unit Supervisor Anthony RAMIREZ on 07-19-99.

- Testimony of James KEEDY on 07-19-99.

14

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 39 of 116

- Testimony of Telly SIMON on 07-19-99.

- Testimony of Telly SIMON on 08-02-99: She provided DEFENSE EXHIBIT 8 for today's hearing. The Charles Schwab offices are open to the public. There are computers in the lobby that have stock prices listed on them. There are computers located in that office that people can use. However, RELEASEE did not use these computers but went through a broker to trade stock. She had made trades on the Internet for her husband. She did this at the computer at her mother-in-law's home. On one occasion, RELEASEE was at the University of Texas at San Antonio, he called her to ask her to do something for him. RELEASEE wanted her to call Charles Schwab to make a stock trade. However, the individual told her that her English was not good enough. Therefore, she did it on the computer. She traded on the Internet for RELEASEE approximately three to four times through Yahoo. She traded on RELEASEE'S account at Charles Schwab. She has known RELEASEE since 1997.

- **Testimony of RELEASEE: DEFENSE EXHIBIT 8 is a collection from his Charles Schwab account for some undetermined amount of time. He has been trading through Charles Schwab since 1995. He has been doing it much more heavily since 1997. His primary account was with Charles Schwab. As indicated on these documents the commission charge varies from one to another. Normally it is cheaper to trade over the Internet. The cost of this is approximately $10 versus 30 to a $100 when he uses the broker. The computer is still at his mother's home. He has not told his wife to get rid of it yet. However, if he is released he will get rid of the computer. He never used the computer and does not know how too. He may have been around the computer when his wife used it on his behalf. He did have permission from his parole officer on occasions to go to his mother's home to do such things as mow the lawn, etc. His mom died in March 1999. His son did not take the computer with him to Florida even though it was his.

CONCLUSION(S):

- RELEASEE violated Rule #8O (Failure to Comply with Sex Offender Special Condition Not to Subscribe to, Operate, Use, Communicate On or With Electronic Internet Services, 05-27-99) as alleged.

- RELEASEE violated Rule #8O (Failure to Comply with Sex Offender Special Condition to Not Own, Maintain or Operate Computer Equipment, 05-27-99) as alleged.

## VI.    ADJUSTMENT PHASE:

A.  Parole Officer: Presented no further information.

Testimony of Vicki ELLEY: She is a clinical therapist at the STOP program. RELEASEE

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 40 of 116

is in her group at the program. She did have previous conversations with RELEASEE concerning the fact that he traded stocks. She knows nothing about the alleged use of a computer. She has been RELEASEE'S counselor since 01-99. RELEASEE'S progress in the program has been limited. He is still in Phase II of IV after being in their program for 2½ years. This is quite unusual. RELEASEE does admit to having sex with the VICTIM but states it was consensual. He does not admit to anything else relating to the incident. This has been a problem for her. RELEASEE is frequently late to group. She addressed this problem with RELEASEE in 03-99 and even wrote a letter to RELEASEE'S parole officer. When she confronted RELEASEE about his tardiness on one occasion he stated that it was due to traffic. This was after RELEASEE'S mother's death. She was concerned that they only had a short timeframe before RELEASEE'S wife was to give birth. RELEASEE needed to pass a polygraph and complete a certain amount of his program before he would be allowed to have contact with his child. This is a privilege granted only after RELEASEE'S exhibit certain behavior. She is concerned about RELEASEE always fighting the system and not working within the system. She felt RELEASEE was fighting only for the sake of fighting the system. She brought up her concerns with RELEASEE who stated that he is surprised that someone has not gone postal due to the requirements placed on the clients. He failed the last two polygraph due to deceptive results.

B.  Releasee:  None.

C.  Placement Plan, if supervision is continued:

Name and Relationship:   Anna BENAVITES/Friend
Street Address:              203 Arapoho
City, County, State:         San Antonio, Bexar County, Texas
Telephone number:          Unknown
Plan is not verified.

Name:     SIMON, Armando                              Administrative Release Hearing Report
TDCJ No.:  522486

## VII.   RECOMMENDATIONS:

A. <u>FIELD OFFICER'S RECOMMENDATION</u>:
   ( ) Proceed To A Revocation Hearing
   ( ) Transfer To A Secure Facility
   (X) Revoke
   ( ) Non-Revocation Action (withdraw pre-revocation warrant, if any):
       ( ) Allow Releasee to Discharge
       ( ) Pending Adjudication of Charges
       ( ) Continue Supervision under Same / Modified Conditions.
           Modifications:
   ( ) Return to Sending State
   ( ) No Recommendation Made. Reason:

B. <u>HEARING OFFICER'S RECOMMENDATION</u>:
   ( ) Proceed To A Revocation Hearing
   ( ) Transfer To A Secure Facility
   (X) Revoke
   ( ) Non-Revocation Action (withdraw pre-revocation warrant, if any):
       ( ) Allow Releasee to Discharge
       ( ) Pending Adjudication of Charges
       ( ) Continue Supervision under Same / Modified Conditions.
           Modifications:
   ( ) Return to Sending State
   ( ) No Recommendation Made. Reason:

## VIII.   ATTACHMENTS (as applicable): Exhibits in Section III. J., 2 Cassette Tape of the Hearing, PSV-48 Charging Instrument, 1 Fee Affidavit Form, 1 Return Copy of Subpoenas, and Attorney Determination Form.

Submitted by,

*Bruce Benke*

Bruce BENKE
Hearing Officer

BB:ha
Date turned in for Typing:  08-04-99
Date Typing Completed:  08-05-99

DIST:  Central Hearing Section                         RELEASEE/Same as above
       Hearing Officer/B. BENKE/San Antonio III
       Supervising Officer/D. ABBEY/San Antonio I
       Agent Officer/
       Attorney/Ralph WILLIAMSON/8202 IH 35 N, Suite 400/San Antonio, Texas 78239

HS-104 (R 04-98)                                        Page 6 of 6

17

~ 726500/ BH14

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE PAROLE DIVISION
## RIGHTS OF RELEASEE IN THE REVOCATION PROCESS

TO: ___SIMON, ARMANDO_____ TDC# 522486_____

is alleged that you have violated rule(s)/conditions(s) of your release. Your rights in the
vocation Process are listed below.

You have the right to be personally served with written notice of the rules and conditions you
e accused of violating. That means you have the right to have someone give you written
formation of what conditions of release you are accused of breaking.

You have the right to have a preliminary hearing if you have not been convicted of a new
fense. This hearing will be held at or near the place of the alleged or mandatory supervision
olation. The purpose of the preliminary hearing is to determine whether there is probable cause
reasonable grounds to believe you violated a condition of release.

You have the right to have a revocation hearing if you are alleged to have committed technical
olations or you are found guilty in a criminal case. However, if you receive a felony conviction
th a term of incarceration in a penal institution, you will be allowed only a limited hearing in
der to explain why you should not be revoked. You must request this mitigation hearing.

You have the right to a disclosure of evidence against you. That means you can see everything
fore the hearing.

You have the right to a state appointed attorney under certain circumstances to be determined
a hearing officer. If you qualify for that right, an attorney will be appointed to represent
u. If you do not qualify for that right, you may hire an attorney to represent you.

. You have the right to be heard in person by telling a hearing officer what happened and to
esent evidence, affidavits, letters and documents in support of your position.

. You have the right to confront and cross-examine adverse witnesses by asking questions at the
earing unless the hearing officer specifically finds good cause for not allowing you to do so.

. You are entitled to be heard on the violation by someone designated by the Panel.

. If your parole or mandatory supervision is revoked as a result of a hearing, you will receive
written report by the hearing officer which sets forth the evidence relied upon in support of a
inding that you violated one or more conditions of your parole or mandatory supervision.

0.If revoked as a result of a hearing, you may have the right to request that the Board of
ardons and Paroles reopen the revocation hearing within thirty (30) days from the date of the
oard's decision.

ou may waive your right to a hearing. That means you do not have to have a hearing if you do not
ant one. If you choose not to have a revocation hearing, the Board of Pardons and Paroles, in
ll probability, will revoke your release status and return you to prison for at least one year or
onger. If revoked, you will lose all good time received during your earlier incarceration and
ou will not get that good time back. Unless you are subject to mandatory release, the Board will
etermine when and whether you will be released on parole again. You have no automatic right to
elease on parole after you are revoked.

s indicated by my signature, below, I affirm that I have been advised of my rights in the
evocation process.

ELEASEE _____ DATE 7-2-99

ITNESS _____ DATE 7-2-99

18

**NOTICE OF ALLEGED VIOLATIONS OF RELEASE**

): **SIMON, ARMANDO** _____ TDC# **522486** _____

ou are accused of violating one or more of the rule(s)/condition(s) of your release as set out in
he Certificate of Release, or as modified since release, to Wit:

| | |
|---|---|
| ule#, **8-0**: | FAILURE TO ABIDE BY SPECIAL CONDITION IMPOSED BY THE BOARD |
| n/About/Since: | 5-27-99 |
| t/About: | SAN ANTONIO, BEXAR COUNTY, TEXAS |
| omp/Adj/Oth: | Releasee shall not subscribe to, operate, use, communicate on or with, computer or otherwise electronic internet services, fax services, and bulletin boards. |

| | |
|---|---|
| ule#, **8-0**: | FAILURE TO ABIDE BY SPECIAL CONDITION IMPOSED BY THE BOARD |
| n/About/Since: | 5-27-99 |
| t/About: | SAN ANTONIO, BEXAR COUNTY, TEXAS |
| omp/Adj/Oth: | Releasee shall not own, maintain or operate computer equipment without a declared purpose and the authorization of Releasee's supervising parole officer. |

ule#,____:
n/About/Since:
t/About:
omp/Adj/Oth:

ule#,____:
n/About/Since:
t/About:
omp/Adj/Oth:

ule#,____:
)n/About/Since:
,t/About:
:omp/Adj/Oth:

_____     7-2-99
RELEASEE'S SIGNATURE (ACKNOWLEDGING NOTIFICATION OF ALLEGATIONS)     DATE

Releasee's Admissions or Denials:

Rule # __8-0__     ( )Admit     (✓)Deny     _____ 7-2-99
                                            Initials    Date

Rule # __8-0__     ( )Admit     (✓)Deny     _____ 7-2-99
                                            Initials    Date

Rule #_____     ( )Admit     ( )Deny     _____ _____
                                            Initials    Date

Rule #_____     ( )Admit     ( )Deny     _____ _____
                                            Initials    Date

Rule #_____     ( )Admit     ( )Deny     _____ _____
                                            Initials    Date

Amended/Additional Allegations:

PSV-48 (R 12/97)

19

CS#PDF - www.fesko.com

**WAIVER OF HEARING(S)**

I do not want a PRELIMINARY Hearing.  I understand that the parole officer has no authority to
ke promises as to what will happen if I do not have a hearing.  I also understand that only the
role Board can decide what punishment should be given.

LEASEE _____  DATE _____

TNESS _____  DATE _____

I do not want a REVOCATION hearing.  I understand that the parole officer has no authority to
ke promises as to what will happen if I do not have a hearing.  I also understand that only the
role Board can decide what punishment should be given.

LEASEE _____  DATE _____

TNESS _____  DATE _____

HEARING REQUEST/SCHEDULE

I hereby request that a preliminary hearing be held.

LEASEE _____  DATE _____

TNESS _____  DATE _____

_____     _____
Preliminary Hearing Location          Date and Time of Hearing

I hereby request a revocation hearing be held.

:LEASEE _____  DATE _7-5-99___

:TNESS _David Athey_____  DATE _7-5-99___

_Bexar County Jail_____  _7-19-99  11:00_
Revocation Hearing Location          Date and Time of Hearing

. SUMMONS

): _____  No. _____

iless you waive your rights to a preliminary/revocation hearing (Section C above), you are
:reby ordered and summoned to appear at a preliminary/revocation hearing at the time, date
nd location indicated above to answer the allegations in Section B., Page 2 of 3. Your
ights during the hearing process are outlined in Section A., Page 1 of 3.

ailure to appear as instructed may result in the issuance of a warrant for your arrest.

_____     _____
     DATE                        Regional Director, Parole Division

EXECUTED this _____ day of _____, 19 _____ by
personally delivering a copy of same to the named addressee.

                    _____
                         Parole Officer

IST: Central (Hearing Division)
     Supv. Off./
     Agent Off./
     Releasee/ SIMON, ARMANDO-TDC§522486
     Attorney/

**DPS NO:** 03214270
VOP

# TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

# Certificate of Mandatory Supervision

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| | |
|---|---|
| **SIMON,ARMANDO** | **522486**    **DL** |
| Name | TDCJ No. |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for MANDATORY SUPERVISION under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

SAN ANTONIO DPO II
2821 GUADALUPE ST
SUITE 106
SAN ANTONIO, TX  78207

You will report to your assigned Parole Officer within 24 hours of release. Failure to do so will cancel your eligibility for further gate money funds.

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P. BE FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.

## SPECIAL CONDITIONS

(1) L    (2) O

Legal County of Residence : BRAZORIA
Approved County of Release: BEXAR
Due To: SUPPORT, FAMILY OR FRIENDS

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES. AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE ____ -5TH____ DAY OF __NOVEMBER____ 19 96 .

BOARD OF PARDONS AND PAROLES

If Mandatory Supervision is satisfactorily completed, Discharge Date will be ___8-27-2000___

# ATTACHMENT - SPECIAL CONDITION - "O" OTHER

NAME:     SIMON,ARMANDO
TDCJ NUMBER: 522486

O - SEX OFFENDER CASELOAD.

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 47 of 116

# BOARD TRANSMITTAL

TYPE OF REQUEST
S/C/Imposition ___XX___ S/C/Withdrawal _____ Supervision Fee Deferral _____
ARREST ___`N/A .___                Other-Including Special Permission Types _____
RELEASEE'S LOCATION: 8331 Fredericksburg, San Antonio, T _____
COUNTY OF RESIDENCE: Bexar County _____

TO: All Board Members/San Antonio _____ DATE: _____12/18/96_____
FROM: Jay Moore/Parole Supervisor/SA II _____ DPO: W.M. Anderson/0325-14341/SA II
NAME: SIMON, Armando _____ TDCJ#: ___522486___ P _____ MS ___X___
RELEASE DATE: ___11/20/96___ DISCHARGE DATE: ___8/27/2000___ D.O.B. __8/16/51__

INSTANT OFFENSES:   Sexual Assault              SENTENCE LENGTH:  9 years

RELEASE HISTORY:   Mr. Simon has had no reports of violation since released on Mandatory
                   Supervision.  Last action taken was original assessment on 12/18/96.

EMPLOYMENT:  YES _____ NO ____X____ WHERE _____

SPECIAL CONDITION HISTORY:   Sex Offender Caseload - in Compliance

CRIMINAL HISTORY:  Theft of Property - Time Served and Fine.

INITIAL ARREST CHARGE:  N/A

ARREST DISPOSITION:   N/A

ARREST NARRATIVE:   N/A

RECOMMENDATION:  Impose Sex Offender related Special Condition - see attached.

REASON FOR RECOMMENDATION:  Releasee had sexual relations with two females under the age
                            of 17 years old (names unknown).  Releasee forced victims into
                            sexual intercourse, oral intercourse, oral sex.  He also
                            fondled the juveniles anus and exposed his genitals.

BOARD APPROVAL SECTION

DATE: _1-10-97_

CONCUR: ___✓___

OTHER: _____

INSTRUCTIONS:
WMA:ha  (12/19/96)

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 48 of 116

BOARD OF PARDONS AND PAROLES
State of Texas
Austin

MINUTES

---

NAME:  SIMON, Armando                    TDCJ-ID#  522486

---

DATE:  12/18/96    Special Conditions Added or Amended As Indicated Below
                   (Y) = Imposed;    (N) - Not Imposed

---

1.    (Y)    (N)    O  -   Releasee shall reside in ___BEXAR___ County, Texas.
                           In the event that Releasee is assigned a Halfway House
                           placement by TDCJ Parole Division, Releasee shall comply
                           with all Halfway House rules and regulations.

2.    (Y)    (N)    O  -   Releasee shall not leave ___BEXAR___ County, TX
                           without written permission from panel of the Board of
                           Pardons & Paroles.

3.    (Y)    (N)    O  -   Releasee shall not operate, cause to operate, secure
                           employment in, participate in or attend, nor go in, on, or
                           within 500 ft. of any sexually-oriented business, including
                           adult bookstores, massage parlors, adult video stores, or
                           any business that provides adult entertainment, such as
                           nude or partially-nude service, dancing, or exhibition.

4.    (Y)    (N)    O  -   Releasee must notify any prospective employer regarding
                           criminal history.

5.    (Y)    (N)    O  -   Releasee shall not operate, cause to operate, participate in
                           or attend any program that includes a participants or
                           recipients persons who are 17 years of age or younger and
                           that regularly provides athletic, civic, or cultural
                           activities; or go in, on or within 500 ft. of a premises
                           where children commonly gather, including a school, daycare
                           facility, playground, public or private youth center, public
                           swimming pool, or video arcade facility.

6.    (Y)    (N)    O  -   Releasee shall not contact or cause to be contacted any
                           person 17 years of age or younger, in person, by telephone,
                           correspondence, video or audio device, third person, media,
                           or any electronic means.

7.    (Y)    (N)    O  -   Releasee shall not become involved in dating, marriage, or
                           platonic relationship with any person 17 years of age or
                           younger or with any person who has children 17 years of age
                           or younger.

8.    (Y)    (N)    O  -   Releasee shall not contact or cause to be contacted, in
                           person, by telephone, correspondence, video or audio device
                           or guardian of the victim of the instant offense.

24
B2

Case 2:00-cv-00090    Document 9    Filed in TXSD on 06/19/2000    Page 49 of 116

---

NAME:  SIMON, Armando                    TDCJ-ID#  522486

---

9.  (Y)   (N)   O  -   Releasee shall not possess, purchase or subscribe to, or
                       cause to be purchased or subscribed to, any literature,
                       magazines, books, or videotapes which depict sexually
                       explicit images, nude or partially nude people, nor
                       communicate or cause to communicate with a person for
                       sexually explicit purposes through telecommunications or
                       any other electronic means, including 1-900 services.

10.  (Y)   (N)   O  -   Releasee shall be electronically monitored as approved by
                       Releasee's supervising parole officer.

11.  (Y)   (N)   O  -   Releasee shall not participate in any volunteer activities
                       or volunteer any services without prior board panel
                       approval.  In the event that any such volunteer activity or
                       service is approved, Releasee must notify prospective
                       recipient agency regarding criminal history.

12.  (Y)   (N)   O  -   Releasee  shall not obtain, renew or maintain a driver's
                       license.

13.  (Y)   (N)   O  -   Releasee shall not operate a motor vehicle unless
                       specifically authorized by Releasee's supervising parole
                       officer.

14.  (Y)   (N)   O  -   Releasee shall maintain total abstinence from alcohol,
                       illegal drugs, and controlled substances not lawfully
                       prescribed.

15.  (Y)   (N)   O  -   Releasee shall submit to urinalysis at discretion of
                       Releasee's supervising parole officer.

16.  (Y)   (N)   O  -   Releasee shall not enroll in, attend, or enter an
                       institution or higher learning, to include community
                       college, junior college, university, public or private, or
                       any of their facilities, off-site or otherwise, without
                       Board panel approval and notification to the victim or
                       guardian of the victim of the instant offense.

17.  (Y)   (N)   O  -   Releasee shall not subscribe to, operate, use, communicate
                       on or with, computer or otherwise electronic internet
                       services, fax services, and bulletin boards.

18.  (Y)   (N)   O  -   Releasee shall not own, maintain or operate computer
                       equipment without a declared purpose and the authorization
                       of Releasee's supervising parole officer.

19.  (Y)   (N)   O  -   Releasee shall not own, maintain or operate photographic
                       equipment, to include instamatic, still photo, video, or
                       any electronic imaging equipment.

20.  (Y)   (N)   O  -   Releasee shall adhere to curfew specified by Releasee's
                       supervising parole officer.

TEXAS BOARD OF PARDONS AND PAROLES
MINUTES
Page 3 of 3

NAME:  SIMON, Armando                          TDCJ-ID# 522486

21.  (Y)    (N)    O  -  Releasee shall enroll in, participate in, and complete a
                         counseling program for sex offenders as approved by TDCJ
                         Parole Division.

22.  (Y)    (N)    Z  -  Releasee shall not enter _____ County, Texas.

APPROVED/NOT APPROVED: _____    DATE: 1-10-97

APPROVED/NOT APPROVED: _____    DATE: 1-10-97

APPROVED/NOT APPROVED: _____    DATE: _____

                                                  DATE: 2-6-97

RELEASEE ACKNOWLEDGEMENT

WITNESS                                           DATE: 2-6-97

WMA:ha  (12/19/96)

26

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 51 of 116

```
***********************      ***********************      ***********************
** REQUESTOR: ARA6257   RAMIREZ, ANTHONY      PD-...N ANTONIO DPO I        **
***********************      ***********************      ***********************
***         S Y S M   I N B A S K E T   E F O R M   P R I N T              **
```

MESSAGE ID: 438641T      DATE: 06/28/99  TIME: 06:28pm  PRIORITY: 999

TO:          ARA6257 - RAMIREZ, ANTHONY
             UNIT SUPERVISOR
             PD-SAN ANTONIO DPO I
             G. J. SUTTTON COMPLEX BLDG.
             321 CENTER ST., SUITE #1103
             SAN ANTONIO, TX 78202


FROM:        CENTRALVR - PAROLE_VIOLATION_REPORTS
             PAROLE_VIOLATION_REPORTS
             PD WARRANTS SECTION
             AUSTIN




SUBJECT:     VR/SIMON #522486/ANDERSON


                 TEXAS DEPARTMENT OF CRIMINAL JUSTICE
                          PAROLE DIVISION
                         SPECIAL CONDITION
                         VIOLATION REPORT
    SPECIALIZED CASE SEX OFFEND              REPORT DATE: 06-28-1999
    SECTION I: GENERAL INFORMATION

    NAME: SIMON, ARMANDO              NUMBER: TDCJ#522486
    LOCATION ADDRESS 6130 INGRAM RD.#313  CITY: SAN ANTONIO      STATE: TX
    SID/DPS: 03214270 FBI: 958923DA5  SSN: 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 SEX: M RACE: HISPANIC
    HEIGHT: 5'11" WEIGHT 192 EYE COLOR: BROWN    HAIR COLOR: GREY
    SKIN COMPLEXION: MEDIUM   DOB: 08-16-1951    STATE OF BIRTH: CUBA
    SCARS/MARKS/TATTOOS: SC L ANKLE LE
    RELEASEE'S PHYSICAL LOCATION (IN CUSTODY) N/A
    ADDRESS & ORI # (IF OUT OF STATE) N/N

    RELEASE DATE: 11-20-1996 DISCHARGE DATE: 08-27-2000
    INSTANT OFFENSE: SEXUAL ASSAULT

    COUNTY: BRAZORIA          SENTENCE: 9YEARS

    SECTION II: VIOLATIONS
    CHARGE:               FELONY: 1  2  3   STATE JAIL   MISD: A   B   C
    CHARGE:               FELONY: 1  2  3   STATE JAIL   MISD: A   B   C
    CHARGE:               FELONY: 1  2  3   STATE JAIL   MISD: A   B   C
    CHARGE:               FELONY: 1  2  3   STATE JAIL   MISD: A   B   C
    (IF MORE THAN 4 CHARGES, INCLUDE CLASS OR TYPE IN NARRATIVE)
    RULE NUMBERS: (RULE#8-O)FAILURE TO ABIDE BY SPECIAL CONDITION IMPOSED
    BY THE BOARD:RELEASEE SHALL NOT SUBSCRIBE TO,OPERATE,USE,COMMUNICATE
    ON OR WITH,COMPUTER OR OTHERWISE ELECTRONIC INTERNET SERVICES,FAX
    SERVICES, AND BULLETIN BOARD.ON OR ABOUT 05-27-1999 OFFENDER ADMITTED
    TO U.S.RAMIREZ THAT HE WAS ACCESSING THE INTERNET VIA HIS HOME
    COMPUTER FOR BUYING AND SELLING OF STOCK.  ALSO ON 6-17-1999

                                                              27
                                                               C
                                                         EXHIBIT 3-B
                                                              1-4

OFFENDER'S SEX OFFENDER COUNSELOR INFORMED SUPERVISING OFFICER BY
LETTER THAT OFFENDER ADMITTED TO THE USE OF A COMPUTER IN HIS HOME.


RULE(#8-0) FAILURE TO ABIDE BY SPECIAL CONDITION IMPOSED BY THE BOARD
RELEASEE SHALL NOT OWN, MAINTAIN OR OPERATE COMPUTER EQUIPMENT
WITHOUT A DECLARED PURPOSE AND THE AUTHORIZATION OF RELEASEE'S
SUPERVISING PAROLE OFFICER:ON OR ABOUT 05-27-1999 OFFENDER ADMITTED
TO U.S.RAMIREZ THAT HE IS ACCESSING THE INTERNET VIA HIS HOME
COMPUTER FOR BUYING AND SELLING OF STOCK.   ALSO ON 6-17-1999
OFFENDER'S SEX OFFENDER COUNSELOR INFORMED SUPERVISING OFFICER BY
LETTER THAT OFFENDER ADMITTED TO THE USE OF A COMPUTER IN HIS HOME.

ON 2-6-97 AT THE SAN ANTONIO II DISTRICT PAROLE OFFICE,PAROLE OFFICER
WILLIE MAE ANDERSON INSTRUCTED OFFENDER ARMANDDO SIMON TO ABIDE BY
ALL SPECIAL CONDITIONS IMPOSED BY THE BOARD TO INCLUDE NOT OWN,
MAINTAIN OR OPERATE COMPUTER EQUIPMENT AND NOT TO SUBSCRIBE TO
COMPUTER OR OTHERWISE ELECTRONIC INTERNET SERVICES WITHOUT PAROLE
OFFICER'S PERMISSION.


SECTION III: CONTACT SECTION

 1. HOME CONTACT DATE: 06-16-1999       COMMENTS: OFFENDER HOME WITH WIFE.
DISCUSSED ISSUES OF BIRTH OF CHILD WITH COMPLIANCE OF CHILD SAFETY SPECIAL
CONDITIONS.
 2. LAW ENFORCEMENT CONTACT NAME/TYPE: INVESTIGATIVE (BCIS)
                            DATE: 06 / 23 / 1999
COMMENTS: THERE HAVE BEEN NO ARREST IN THIS CASE.

26

C

3. LAST FACE TO FACE CONTACT DATE: 06 / 01 / 1999
   LOCATION: SAI DISTRICT PAROLE OFFICE 321 CENTER ST. SAN ANTONIO, TX.

SECTION IV: USE OF GRADUATED SANCTIONS

( X ) VERBAL REPRIMAND RULE(S): 8-0        DATE(S): 03-10-1999
(   ) WRITTEN REPRIMAND RULE(S):            DATE(S):
( X ) CASE CONFERENCE RULE(S): 8-0,8-0      DATE(S): 03-10-1999
(   ) REFER TO DAY RESOURCE CENTER RULE(S):      DATE(S):
(   ) REFER TO TCOMI FOR SERVICES RULE(S):       DATE(S):
( X ) SPECIAL CONDITION RULE(S): 8-0         DATE(S): 02-01-1999
(   ) INTENSIFIED SUPERVISION RULE(S):        DATE(S):
( X ) ELECTRONIC MONITORING RULE(S): 8-L     DATE(S): 03-18-1998
(   ) REQUEST HALFWAY HOUSE RULE(S):         DATE(S):
(   ) ISF/SAFPF RULE(S):          DATE(S)
REASON SANCTIONS NOT USED: N/A


SECTION V: OTHER

A.   COMMENTS: ON 05-25-1999 OFFENDER SUBMITTED TO A POLYGRAPH
EXAMINATION, WHICH IS PART OF TREATMENT FOR SEX OFFENDERS , DURING
EXAMINATION OFFENDER WAS ASKED SEVERAL RELEVANT QUESTIONS, ONE IN
QUESTION, HAVE YOU USED A COMPUTER TO OBTAIN SEXUAL ORIENTED INFORMATION,
TEST RESULTS SHOWED DECEPTION.  (THIS IS THE SECOND TIME OFFENDER HAS FAILED
A POLYGRAPH TEST)
B.   ATTACHMENTS: POLYGRAPH RESULTS,BOARD TRANSMITAL,
LETTER FROM COUNSELOR.
C.   CERTIFICATIONS:
MY NAME IS  WILLIE MAE ANDERSON            , I AM CURRENTLY EMPLOYED FOR
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN THE CAPACITY OF PAROLE OFFICER
                          , AND HAVE BEEN SO EMPLOYED FOR     MONTHS AND/OR
 11  YEARS.  I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE REPORT, AND
IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

WILLIE MAE ANDERSON                         06 / 28 / 1999
PAROLE OFFICER SIGNATURE                    DATE

ANTHONY RAMIREZ                             06 / 28 / 1999
SUPERVISOR'S APPROVAL                       DATE

CENTRAL OFFICE DECISION:
        ISSUE WARRANT



        ETHEL WHITE                        06 / 28 / 1999
        DESIGNATED AGENT                   DATE

DISTRIBUTION: SUPERVISING OFFICER: W.M. ANDERSON
              OFFICE: SAN ANTONIO I
              OFFICER'S USER ID: WAN9343

              AGENT OFFICER:
              OFFICE:
              AGENT'S USER ID:

29

UNIT SUPERVISOR: A. RAMIREZ
OFFICE: SAN ANTONIO I
UNIT SUPERVISOR'S USER ID: ARA6257

ADDITIONAL DISTRIBUTION:

FILE

Sent to:    WRNT1              WARRANT_TRACKING        (to)
            WAN9343            ANDERSON, WILLIE        (to)
            ARA6257            RAMIREZ, ANTHONY        (to)

# STOP PROGRAM

James B. Keedy LPC, LMFT, LCDC, RSOTP

Triangle Park, Bldg. III
6323 Sovereign Drive, Suite 280
San Antonio, TX 78229
(O) 210-366-2288  (Fax) 366-2232

June 17, 1999

Ms. Anderson
San Antonio District Parole Office, #1
321 North Center Street
San Antonio, Texas 78202

Re: Armando Simon

Dear Ms. Anderson:

This letter is to inform you of the current status of Mr. Armando Simon in the STOP Program, and respond to his request for chaperon privileges.

Mr. Simon entered the STOP Program on January 20, 1997. He admits his instant offense, although he denies force was used as indicated in his file material. He denies other instances of sexual abuse. He is currently in Phase II and had requested chaperon privileges due to the pending birth of his child, due at the end of this month. To meet chaperon status requirements, he scheduled and took a polygraph on 05/24/99. He failed this polygraph. He failed a previous polygraph on 02/21/98 (please see attached reports).

Program expectations and chaperon eligibility requirements were outlined in a report dated March 1, 1999 (see attached). Prior to March 1st and subsequently, Mr. Simon has not shown sufficient improvement is basic program requirements (arriving to group on time, payment of fees, and completion of Phase II assignments) to be eligible for chaperon privileges. It is also our understanding that Mr. Simon may have violated conditions of his parole in regards to the possession and/or use of a computer. Until these matters are satisfactorily resolved, chaperon privileges will not be recommended.

Please do not hesitate to call if you have any questions.

Sincerely,

James B. Keedy

James B. Keedy, MA, LPC, LMFT, LCDC, RSOTP
STOP Programs, Director

# ROBINSON & GREENLEAF, INC.
### 8634 CROWNHILL
### SAN ANTONIO, TEXAS 78209
### 210-829-1931

REPORT OF POLYGRAPH EXAMINATION FOR:  James Keedy. L.P.C.

Date of Report      : 05/25/99                    File No: 5202

Subject's Name      : Armando    Simon
Social  Sec. #      : 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
Date of Birth       : 08/16/51 Drivers License #: 02036755   State: TX
Last Known Address: 6130 Ingram  #313 - San Antonio, TX. 78229
Telephone number    : (210)946-6445
Marital Status      : Married  Children: 2

**BASIS FOR EXAMINATION**
Sentenced in 1989 to 9 years for sexual assault 1984.  Imprisoned again
in 1993 for parole violation in Florida, released 11-96.  Last
polygraph examination 2-98.

**RESULTS OF PRE-TEST INTERVIEW**
Subject arrived for testing claiming to be in good health.  He stated
that he had taken no medicines, drugs or alcohol this day.  He signed a
release statement acknowledging that he was voluntarily submitting to
this examination.

**NOTE:**  During the following interview Subject volunteered absolutely no
information and, although probably not purposely misleading, would
provide no information unless asked a pointed, specific question.

Subject has been married 10 months and they are expecting a child.
He has 2 sons who live in Florida who visit him often.  He stated he is
self employed, buying and selling stocks.  His mother lives in San
Antonio and the sons spend much of their time there.  He stated he
bought a computer for his sons and put it in his mother's home, so they
could do school work during their visits.  He stated that he has
conformed to all parole requirements.

**RESULTS OF EXAMINATION**
During the examination, the following relevant questions were asked of
Subject; he answered "No" to each of them:

   Since February 1998, have you had any sexual contact with any child?

   Since your last polygraph examination, have you attempted any sexual
   contact with a child?

   During the past 14 months, have you used a computer to obtain
   sexually oriented information?

Analysis of the charts obtained during this examination revealed
criteria indicating deception during Subject's answers to the above
relevant questions.  When advised of the results, Subject displayed no
emotion.  He made no other statements.


Larry D. Cadle, Examiner

# THE GOUGLER COMPANY
P. O. Box 4022
Lago Vista, TX  78645

February 28, 1998

Exam Date    :    02-21-98

Subject      :    Armando Simon

Examiner     :    Mike Gougler, #806

Polygraph #  :    MG98-031

Reported to  :    James Keedy - STOP Program
                  W. N. Anderson - Bexar/Parole

In conjunction with the sex offender treatment program of Bexar County, specific polygraph examinations were administered to the above named subject. The purpose of the exam was to verify facts as part of the sex offender therapy program.

During the pre-test phase, the subject advised he is currently on parole until the year 2000. He served 5 1/2 years in TDCJ. The subject admitted to the following technical violations: out of county travel, going to "strip" clubs, drinking alcohol (couple of beers per week), and having adult videos and movies. He denies any sexual contact with minors since being on parole. The subject admitted having sexual fantasies about a 15-16 year old a couple of times when first on parole out of defiance. Current fantasies involve adults. Frequency of masturbation is daily.

He has been involved in homosexual conduct.

A YOU Phase test format was utilized on the examination. The relevant questions asked on the exam, along with the subject's verbal responses, are as follows:

2)    Regarding any sexual contact with minors since being on parole, do you intend to answer each question truthfully about that?  (Yes)

5)    Since being on parole, have you had sexual contact with anyone younger than 18?  (No)

7)    Since being on parole, have you had sexual contact with a minor?  (No)

Evaluation of the subject's polygrams revealed significant criteria normally associated with deception to the relevant questions. Numerical analysis scored as follows:

#5 (-2)  +  #7 (-3)  =  Total (-5)

The subject was advised of the results.
dl

33

# TEXAS DEPARTMENT CRIMINAL JUSTICE
## PAROLE DIVISION
## ADJUSTMENT STATEMENT

Name   SIMON, Armando                          TDCJ #   522486         SID #   03214270

## SECTION I
Criminal History (Prior):   Theft of Property - Time Served

## SECTION II
### A. Employment
   1. If employed, name of employer:      Self (Stock Market)
      Length of employment:                2 Years
   2. If unemployed, how long unemployed: _____
      Reason: _____
### B. Fees
   1. Supervision fees:  Current (X)  Deferred ( )   Arrears ( )
      Explanations: Fees are current and paid in a timely manner.
   2. Restitution fees:  Current ( )  Deferred ( )   Arrears ( )
      Explanations: Releasee does not owe restitution

## SECTION III
### A. Home/Marital
              Adjustment:  (X) Satisfactory   ( ) Marginal4  ( ) Unsatisfactory
              Explain: _____
### B. Special Condition Compliance
   SC#   8-L : Highest Level of Supervision (Sex Offender Caseload)
              Adjustment:  (X) Satisfactory    ( ) Marginal   ( ) Unsatisfactory
              Explain: Case required close monitoring due to seriousness of the offense
   SC#   8-O : Sex  Offender Related Special Conditions
              Adjustment:  ( ) Satisfactory    ( ) Marginal   (X) Unsatisfactory
              Explain: Due to current allegation
   SC#   8-O : Sex Offender Counseling Program
              Adjustment:  ( ) Satisfactory   (X) Marginal   ( ) Unsatisfactory
              Explain: Offender was frequently late to counseling session.
                       Also very argumentative with the Counselor.

## SECTION IV
A. Arrest(s) since release - Date(s), Charge(s), Disposition(s), and Board action for each   None

B. Other reported violation(s) - ROV date(s), rule(s) alleged, and Board action for each _____
   Offender was placed on Electronic Monitoring when he purchased a home within the Child Safety
   Zone and an Elementary School.

## SECTION V
A. Does the individual meet the criteria for EM and/or ISF - ( ) Yes (X) No  Indicate which  N/A

B. Proposed plan if offender is continued on supervision:
   Residence     6130 Ingram Road, #313, San Antonio, Texas       ( ) Verified  (X) Not Verified

   Employment    Self (Buying and Selling Stock)                  ( ) Verified  (X) Not Verified

                              Willie Mae Anderson        6/28/99
                    Willie Mae Anderson/SDPO/0924-14341/SAI      /Date

PSV-32B 10/98

34



PAROLE DIVISION
B O A R D   T R A N S ~ ~ L

Board Minutes Posting

**TYPE OF REQUEST**
S/C Imposition _____   S/C Withdrawal __XX__   Supervision Fee Deferral _____
ARREST __N/A__         Other-Including Special Permission Types __XXX__
RELEASEES LOCATION: 8331 FREDERICKSBURG #1116, S.A. TX   COUNTY OF RESIDENCE: Bexar

TO: ALL BOARD MEMBERS / SAN ANTONIO BOARD PANEL        DATE: __11-16-98__
FROM: __C. SPEIER/PS/SA I__        DPO: __W.M. ANDERSON/0324-14341__
NAME: __SIMON, ARMANDO__   TDCJ # __522486__   P _____   MS __XXX__
RELEASE DATE: __11-20-96__   DISCHARGE DATE: __8-27-2000__   DOB: __8-16-51__

INSTANT OFFENSES:   SEXUAL ASSAULT        SENTENCE LENGTH:  9 YRS

RELEASE HISTORY: NONE

EMPLOYMENT:  YES: __XXX__  NO: _____   WHERE: __SELF - EMPLOYED (STOCK MARKET)__

SPECIAL CONDITION HISTORY: "8L" - HIGHEST LEVEL OF SUPERVISION - COMPLIANT -
SUPERVISED ON THE SEX OFFENDER CASELOAD.
                          "8O" - SEX OFFENDER RELATED SPECIAL CONDITIONS - IN
COMPLIANCE (SEE ATTACHED)

CRIMINAL HISTORY:   THEFT OF PROPERTY - TIME SERVED

INITIAL ARREST CHARGE:     N/A

ARREST DISPOSITION:        N/A

ARREST NARRATIVE:          N/A

RECOMMENDATION:  1) RELEASEE REQUEST PERMISSION TO MOVE WITH THE EDWARD FRANZ
     ELEMENTARY SCHOOL AREA, ADDRESS 12301 WELCOME, SAN ANTONIO, TEXAS.  HE PURCHASED A
     HOME AT 12306 LONG SHADOW TRAIL, SAN ANTONIO, TEXAS, 78233, WHICH IS LOCATED APPROX.
     400 FT. FROM SCHOOL.
                         2) RELEASEE ALSO REQUEST PERMISSION TO USE A COMPUTER FOR STOCK
     INFORMATION AND HIS SON TO USE FOR SCHOOL.

REASON FOR RECOMMENDATION: RELEASEE'S MOTHER IS A INVALID REQUIRING ASSISTANCE AT ALL
TIMES DUE TO A RECENT ACCIDENT INVOLVING, HER FALLING AND BREAKING HER LEG IN SEVERAL
PLACES, SHE IS ALSO DIAGNOSED AS PSEUDO-DEMENTIA. RELEASEE IS AN ONLY CHILD AND LEGAL
GUARDIAN. SUBSEQUENTLY THE CARE OF RELEASEE'S MOTHER IS HIS RESPONSIBILITY.

BOARD APPROVAL SECTION

DATE: _NOV 23 1998_

CONCUR: _____        _____        _____

OTHER: _____        _____        _____

INSTRUCTIONS: _Requests #1 & 2 denied_

35

# Objection I

I want to object in the strongest possible terms to the use of a polygraph as evidence in order to send me to prison.

First, the polygraph has a long, long, long history of well-documented inaccuracy, of which I am another example.

Secondly, I had just had a very heated argument with Mr. Keedy immediately prior to the test. This affected my state of mind during the test.

Third, it grossly violates the 5th Amendment whenever a polygraph is used for punishment.

Fourth, two polygraphs have been included as evidence against me even though only one is relevant to the accusation.

Fifth, the release form for the polygraph was signed under duress. If I did not sign it, the polygraph would not be administered, and my parole would be revoked for certain as a result. Catch-22.

Lastly, the rationalization for using the polygraph is "therapy." However, the polygraph is mandated by the State, and it is mandated annually. The State is not a therapist. Furthermore, once used for the sake of punishment

26

Ladies and gentlemen presiding over the hearing,
     I, Alexander Simon, have been asked to prepare a statement
regarding the use, or rather the lack there-of, of a personal
computer by Armando Simon; the court will not accept my personal
testimony.  The computer was, and still is, mine.  It was a gift
to me from my father which was to be used in taking classes
online, at the FHS(Florida High School).  At no time did my father,
Armando Simon, utilize the PC, nor do I believe he could ever
understand it enough to do so.

     My father is, and always will be, helpless in the world
of technology.  I've coined the phrase "hapless techno-loser"
several times when describing him; he doesn't even know what a
baud is.  He not only had no idea what a mouse was("Hey Alex, what's
that clicking thing on the wire there?), he believed that the CPU
would be irreperably deleted if the power were ever turned off.

     Furthermore, concerning the storage location of the computer,
it was kept at my late grandmother's house(Sara Simon).

*[signature]*
7-18-99

DRAM - DRAM COMPUTER CORP
Exchange:  NASDAQ
Delay: at least 15 minute
Last Price:  43 1/4 @ 16:01 EDT
Change:  Down 11/16 ( 1.56%)
High:  44 5/8
Low: 43 7/16
Open:  44 3/16

Volume:  16,919,077
50 Day Avg. Volume: 99,449,000

Market Cap:

# DEAN, RINGERS, MORGAN AND LAWTON

### A PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW

GOBLE D. DEAN [RETIRED]
DALE O. MORGAN*
WILLIAM E. LAWTON ++++
LAMAR D. OXFORD
F. SCOTT PENDLEY+++
JOHN D. ROBINSON
FRANK C. WESIGHAN+
JEFFRY J. BRANHAM+
JOSEPH R. FLOOD, JR.
ALAN D. KALINOSKI**+++

EOLA PARK CENTRE, SUITE 1020
200 EAST ROBINSON STREET
POST OFFICE BOX 2928
ORLANDO, FLORIDA 32802
(407) 422-4310
FAX (407) 648-0233

S. RENEE STEPHENS
DOUGLAS T. NOAH
BETH A. THOMAS
JOHN M. JOYCE
G CLAY MORRIS
SILVIA M HOEG
A. LYNNE RINGERS **
SHAUNA M. FISHER
RONALD. P. GRENINGER

ANDREW L. RINGERS+
OF COUNSEL

* FLORIDA BAR BOARD CERTIFIED
  CIVIL TRIAL LAWYER
+ FLORIDA BAR BOARD CERTIFIED
  WORKERS' COMPENSATION LAWYER
++ ADMITTED TO THE GEORGIA BAR

+++ ADMITTED TO THE DIST OF COLUMBIA BAR
** ADMITTED TO THE ILLINOIS BAR

June 16, 1999

Clerk of the Circuit Court
Orange County Courthouse
Probate Division
425 N. Orange Avenue
Orlando, Florida 32801

      RE:  Estate of Sara A. Simon

Dear Ladies and Gentlemen:

      I enclosed to you the following for filing:

1. Petition for Administration (testate Florida resident--single petitioner) together with attached Last Will and Testament;
2. Certified copy of Death Certificate of Sara V. Simon;
3. Certified copy of Death Certificate of Armando Simon (husband);
3. Oath of Personal Representative, Designation of Resident Agent, and Acceptance;
4. Order Admitting Will to Probate and Appointing Personal Representative (self proved);
5. Letters of Administration (single personal representative).
6. My firm checks in the amount of $161.25 for the filing fee and $4 for 2 certified copies of the letters of administration.

      After filing the above documents in the court file I would appreciate it if you would present the order and letters of administration to Judge Perry for his approval and signature. After he has signed the order and letters, please provide me with a copy of the order (copy enclosed) and 2 certified copies of the letters of administration in the enclosed self-addressed stamped envelope. If you have any questions or if a hearing is necessary, please contact me.

      Thank you for your help and cooperation in this matter.

      Very truly yours,

JOHN D ROBINSON

JDR:pmg
Enclosures
2141-0001
cc: Armando Simon

# OBJECTION
## II

When the hearing was originally set, I asked Mr. Daniel Abbey, and he informed me that he would only call on Mr. Ramirez to give evidence, and that the only documents would be the letter and attachments of Mr. Keedy.

Surprise witnesses have been called to give evidence, contrary to the rules of discovery of evidence. No opportunity was afforded me to call on rebuttal witnesses to give vital information, eg, Jackie Anderson, Charles Schwab employees.

I strongly object to the rule of surprise evidence at the hearing. This violates one of the basic rules governing this whole process. There is no excuse for violating this rule since the persons running this hearing hold numerous hearings on a weekly basis, so ignorance cannot be claimed.

I was handed a paper entitled "Rights of Releasee in the Revocation Process." It states:

40



# KERCHEVILLE & COMPANY
### Investment Securities

July 30, 1999

To Whom It May Concern:

Clients of Kercheville & Company do not have access to computers in our office.  All trades must
be conducted through a broker.  There are no computer facilities on the premises that a client may
access to place orders.

 Sincerely yours,

Lori S. Barker

Lori S. Barker
First Vice President

/lsb

P.O. Box 696010   15750 IH 10 West at Loop 1604   San Antonio, Texas 78269-6010   210/694-5000



ADDENDUM TO OBJECTION I

THE FOLLOWING QUOTATIONS OF CASES ARE TAKEN VERBATIM
FROM WEST'S TEXAS DIGEST   VOL. 13A, 388.5 (7).
UNDERLININGS ARE MINE.

TEX. APP. - FT. WORTH 1990. ANY REFERENCE TO POLYGRAPH OR
LIE DETECTOR TEST IS IMPROPER EVEN WHEN TEST RESULT
IS NOT DISCLOSED. RUSSELL v. STATE 798 SW 2d 632.

TEX. APP. 2 DIST. 1982. A POLYGRAPH IS NOT ADMISSIBLE FOR
ANY PURPOSE. BURDEN v. STATE, 634 SW 2d 349.

TEX. APP. - AUSTIN 1991. BECAUSE OF ITS INHERENT UNRELIABILITY,
AND ITS TENDENCY TO BE UNDULY PERSUASIVE, THE
RESULTS OF POLYGRAPH EXAMINATION ARE NOT ADMIS-
SIBLE FOR ANY PURPOSE. SPARKS v. STATE, 820 SW 2d 924.

TEX. APP. 3 DIST. 1983. RESULTS OF A POLYGRAPH EXAMINATION
ARE NEVER ADMISSIBLE IN COURT TO ESTABLISH ANY MATTER.
JONES v. STATE, 680 SW 2d 499.

TEX. APP. - FT. WORTH 1990. RESULTS OF POLYGRAPH EXAMINATIONS
ARE INADMISSIBLE FOR ALL PURPOSES. RUSSELL v. STATE,
798 SW 2d 632.

42

— 2 —

Tex. Cr. App. 1987 (?) Testimony of polygraph examiner concerning polygraph examination of defendant, including examiner's opinion that defendant had been lying when he denied participation in charged robbery, was inadmissible even though defendant and his attorney had signed written instrument requesting the examination and had agreed that examiner might testify concerning questions and responses given during examination and give his opinion as to truthfulness or defendant's answers. Lewis v. State, 500 SW 2d 167.

Tex. Cr. App. 1980. Results of polygraph examinations, by virtue of their proven unreliability, are inadmissible for any purpose. Crawford v. State, 617 SW 2d 925.

Tex. Cr. App. 1978. Results of polygraph examinations are inadmissible for all purposes. Fernandez v. State, 564 SW 2d 771.

Tex. Cr. App. 1977. Evidence of results of a lie detector or polygraph is not admissible on behalf of either the State or defendant. Robinson v. State, 550 SW 2d 5

Tex. Cr. App. 1975. Evidence of results of lie detector or polygraph

Tex. Cr. App. 1964. Evidence of polygraph or lie detector test is not admissible for any purpose. Watkins v. State, 438 SW 2d 819

43

# Charles Schwab

## Form 1099
### with Account Summary

## TAX YEAR 1998

Page 1
**Date Prepared: January 16, 1999**

**Payer's Name and Address**

'CHARLES SCHWAB & CO., INC.
101 MONTGOMERY ST.
SAN FRANCISCO, CA   94104

**Federal ID Number: 94-1737782**

**Recipient's Name and Address**

1258221 3354526

ARMANDO SIMON
12306 LONE SHAWDOW TRAIL
SAN ANTONIO TX  78233

**Taxpayer ID Number: 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**
**Account Number: SO 8182-2032**

## SUMMARY INFORMATION

**Dividends and Distributions-1998**                    **Form 1099-DIV**

Department of the Treasury--Internal Revenue Service          Copy B for Recipient (OMB No. 1545-0110)

| Box | Description | | Amount | Total |
|-----|-------------|---|--------|-------|
| 1 | Ordinary Dividends | $ | | 261.75 |
| 2a | Total Capital Gain Distributions | | | 0.00 |
| | (Includes Amounts Shown in boxes 2b, 2c and 2d) | | | |
| | 2b   28% Rate Gain | $ | 0.00 | |
| | 2c   Unrecap. Sec. 1250 Gain | | 0.00 | |
| | 2d   Section 1202 Gain | | 0.00 | |
| 3 | Nontaxable Distributions | | | 0.00 |
| 4 | **Federal Income Tax Withheld** | | | **0.00** |
| 5 | Investment Expenses | | | 0.00 |
| 6 | Foreign Tax Paid | | | 0.00 |
| 7 | Foreign Country or U.S. Possession | | | N/A |
| 8 | Cash Liquidation Distributions | | | 0.00 |
| 9 | Noncash Liquidation Distributions | | | 0.00 |

**Interest Income-1998**                    **Form 1099-INT**

Department of the Treasury--Internal Revenue Service          Copy B for Recipient (OMB No. 1545-0112)

| Box | Description | | Total |
|-----|-------------|---|-------|
| 1 | Interest Income Not Included in Box 3 | $ | 0.00 |
| 2 | Early Withdrawal Penalty | | 0.00 |
| 3 | Interest on U.S. Savings Bonds and Treasury Obligations | | 0.00 |
| 4 | **Federal Income Tax Withheld** | | **0.00** |
| 5 | Foreign Tax Paid | | 0.00 |
| 6 | Foreign Country or U.S. Possession | | N/A |

**This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the I.R.S. determines that it has not been reported. If you should have any questions regarding information being reported on this form please call us at 1-800-435-4000 (Select "tax" from the menu of choices on the automated voice system).**

Printed on Recycled Paper                    *Keep this statement for your records*

# Charles Schwab

**FORM 1099**
with Account Summary

## TAX YEAR 1998

Page 2
Date Prepared: January 16, 1999

**Payer's Name and Address**

CHARLES SCHWAB & CO., INC.
101 MONTGOMERY ST.
SAN FRANCISCO, CA   94104

Federal ID Number: 94-1737782

**Recipient's Name and Address**

ARMANDO SIMON
12306 LONE SHAWDOW TRAIL
SAN ANTONIO TX  78233

Taxpayer ID Number: 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
Account Number: SO 8182-2032

## SUMMARY INFORMATION (continued)

**Proceeds From Broker Transactions (Less Commissions) - 1998**            **Form 1099-B**

Department of the Treasury-Internal Revenue Service            Copy B for Recipient (OMB No. 1545-0715)

| 1A-Sale Date  ** | 1B-Cusip Number | Quantity | 5-Description | 2-Sale Proceeds (Less Commission) | 4-Federal Income Tax Withheld |
|---|---|---|---|---|---|
| 01/14/98 S | 458140100 | 40.0000 | INTEL CORP | $ 2,967.39 $ | 0.00 |
| 01/20/98 S | 458140100 | 0.4532 | INTEL CORP | 34.24 | 0.00 |
| 01/20/98 S | 458140100 | 960.0000 | INTEL CORP | 72,542.58 | 0.00 |
| 01/29/98 S | 703414102 | 1,800.0000 | PATTERSON ENERGY INC | 22,461.99 | 0.00 |
| 02/20/98 S | 204493100 | 1,000.0000 | COMPAQ COMPUTER CORP | 34,921.59 | 0.00 |
| 02/20/98 S | 204493100 | 3,000.0000 | COMPAQ COMPUTER CORP | 104,764.78 | 0.00 |
| 02/20/98 S | 204493100 | 0.8871 | COMPAQ COMPUTER CORP | 30.97 | 0.00 |
| 02/20/98 S | 247025109 | 100.0000 | DELL COMPUTER CORP | 12,482.82 | 0.00 |
| 02/20/98 S | 247025109 | 500.0000 | DELL COMPUTER CORP | 62,414.09 | 0.00 |
| 02/20/98 S | 247025109 | 400.0000 | DELL COMPUTER CORP | 49,931.27 | 0.00 |
| 02/24/98 S | 101137107 | 500.0000 | BOSTON SCIENTIFIC CORP | 27,931.00 | 0.00 |
| 03/02/98 S | 02364J104 | 500.0000 | AMERICA ONLINE INC DEL | 59,589.71 | 0.00 |
| 03/03/98 S | 594918104 | 1,000.0000 | MICROSOFT CORP | 82,746.62 | 0.00 |
| 03/03/98 S | 594918104 | 600.0000 | MICROSOFT CORP | 49,647.98 | 0.00 |
| 03/05/98 S | 458140100 | 700.0000 | INTEL CORP | 53,028.40 | 0.00 |
| 03/06/98 S | 594918104 | 600.0000 | MICROSOFT CORP | 49,102.36 | 0.00 |
| 03/11/98 S | 247025109 | 500.0000 | DELL COMPUTER CORP | 33,229.02 | 0.00 |
| 03/11/98 S | 247025109 | 100.0000 | DELL COMPUTER CORP | 6,645.80 | 0.00 |
| 03/11/98 S | 247025109 | 100.0000 | DELL COMPUTER CORP | 6,645.80 | 0.00 |
| 03/13/98 S | 247025109 | 282.0000 | DELL COMPUTER CORP | 17,705.40 | 0.00 |
| 03/13/98 S | 247025109 | 800.0000 | DELL COMPUTER CORP | 50,428.11 | 0.00 |
| 03/19/98 S | 02364J104 | 1,180.0000 | AMERICA ONLINE INC DEL | 72,332.75 | 0.00 |
| 03/25/98 S | 247025109 | 400.0000 | DELL COMPUTER CORP | 27,100.28 | 0.00 |
| 03/25/98 S | 247025109 | 500.0000 | DELL COMPUTER CORP | 33,875.35 | 0.00 |
| 03/27/98 S | 594918104 | 700.0000 | MICROSOFT CORP | 61,593.68 | 0.00 |
| 04/07/98 S | 549463107 | 1,000.0000 | LUCENT TECHNOLOGIES INC | 66,956.35 | 0.00 |
| 04/22/98 S | 549463107 | 100.0000 | LUCENT TECHNOLOGIES INC | 7,775.66 | 0.00 |
| 04/22/98 S | 549463107 | 100.0000 | LUCENT TECHNOLOGIES INC | 7,775.66 | 0.00 |

| ** ACTIVITY CODES | C = Cash in lieu | E = Exchange | P = Principal | S = Sale | T = Tender |
|---|---|---|---|---|---|
| | CV = Conversion | M = Cash Merger | R = Redemption | SS = Short Sale | |

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the I.R.S. determines that it has not been reported. If you should have any questions regarding information being reported on this form please call us at 1-800-435-4000 (Select "tax" from the menu of choices on the automated voice system).

Printed on Recycled Paper            *Keep this statement for your records*



# Charles Schwab

## Form 1099
### with Account Summary

## TAX YEAR 1998

Page 3
Date Prepared:  January 16, 1999

**Payer's Name and Address**

CHARLES SCHWAB & CO., INC.
101 MONTGOMERY ST.
SAN FRANCISCO, CA    94104

Federal ID Number: 94-1737782

**Recipient's Name and Address**

ARMANDO SIMON
12306 LONE SHAWDOW TRAIL
SAN ANTONIO TX  78233

Taxpayer ID Number: 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
Account Number: SO 8182-2032

## SUMMARY INFORMATION (continued)

**Proceeds From Broker Transactions (Less Commissions) -1998**          **Form 1099-B**

Department of the Treasury-Internal Revenue Service          Copy B for Recipient (OMB No. 1545-0715)

| 1A-Sale Date | ** | 1B-Cusip Number | Quantity | 5-Description | 2-Sale Proceeds (Less Commission) | 4-Federal Income Tax Withheld |
|---|---|---|---|---|---|---|
| 04/22/98 | S | 549463107 | 100.0000 | LUCENT TECHNOLOGIES INC | $ 7,775.66 | $ 0.00 |
| 04/22/98 | S | 549463107 | 100.0000 | LUCENT TECHNOLOGIES INC | 7,775.66 | 0.00 |
| 04/22/98 | S | 549463107 | 500.0000 | LUCENT TECHNOLOGIES INC | 38,878.30 | 0.00 |
| 04/22/98 | S | 549463107 | 100.0000 | LUCENT TECHNOLOGIES INC | 7,775.66 | 0.00 |
| 04/24/98 | S | 254687106 | 500.0000 | DISNEY WALT HLDG CO | 61,119.22 | 0.00 |
| 04/28/98 | S | 713448108 | 2,225.0000 | PEPSICO INCORPORATED | 95,133.76 | 0.00 |
| 05/06/98 | S | 457647105 | 1,000.0000 | INNOVEX INC | 24,628.93 | 0.00 |
| 05/06/98 | S | 457647105 | 520.0000 | INNOVEX INC | 12,807.05 | 0.00 |
| 05/07/98 | S | 909214108 | 1,000.0000 | UNISYS CORP | 23,347.51 | 0.00 |
| 05/08/98 | S | 151313103 | 1,500.0000 | CENDANT CORP | 35,164.81 | 0.00 |
| 05/08/98 | SS | 29382F103 | 1,000.0000 | ENTREMED INC NEW | 33,824.06 | 0.00 |
| 05/20/98 | S | 458140100 | 500.0000 | INTEL CORP | 38,688.17 | 0.00 |
| 06/09/98 | S | 151313103 | 500.0000 | CENDANT CORP | 10,450.23 | 0.00 |
| 06/09/98 | S | 457647105 | 500.0000 | INNOVEX INC | 8,675.09 | 0.00 |
| 06/22/98 | S | 254687106 | 50.0000 | DISNEY WALT HLDG CO | 5,210.45 | 0.00 |
| 07/10/98 | S | 717081103 | 420.0000 | PFIZER INCORPORATED | 47,437.34 | 0.00 |
| 07/20/98 | S | 151313103 | 1,000.0000 | CENDANT CORP | 15,806.77 | 0.00 |
| 07/22/98 | S | 254687106 | 500.0000 | DISNEY WALT HLDG CO | 18,609.62 | 0.00 |
| 09/15/98 | S | 254687106 | 150.0000 | DISNEY WALT HLDG CO | 3,706.37 | 0.00 |
| 10/12/98 | S | 254687106 | 1,200.0000 | DISNEY WALT HLDG CO | 29,533.67 | 0.00 |
| 10/14/98 | S | 909214108 | 1,000.0000 | UNISYS CORP | 22,349.75 | 0.00 |
| 11/12/98 | S | 482724200 | 200.0000 | K-TEL INTL INC NEW | 6,148.31 | 0.00 |
| 11/12/98 | S | 482724200 | 300.0000 | K-TEL INTL INC NEW | 9,222.47 | 0.00 |
| 12/01/98 | S | 101137107 | 150.0000 | BOSTON SCIENTIFIC CORP | 3,743.62 | 0.00 |
| | | Total Proceeds From Broker Transactions (Less Commissions) | | | $ 1,644,474.13 | |
| | | Total Federal Income Tax Withheld | | | | $  0.00 |

| ** ACTIVITY CODES | C = Cash in lieu | E = Exchange | P = Principal | S = Sale | T = Tender |
|---|---|---|---|---|---|
| | CV = Conversion | M = Cash Merger | R = Redemption | SS = Short Sale | |

46

# CharlesSchwab

## FORM 1099
### with Account Summary

## TAX YEAR 1998

Page 4
Date Prepared: **January 16, 1999**

**Taxpayer ID Number:** 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
**Account Number:** SO 8182-2032

## ACCOUNT SUMMARY

*The information in this and all subsequent sections is **not** being provided to the IRS by Charles Schwab. It is being provided to you as additional tax reporting information that you may need to complete your tax return.*

### DETAIL INFORMATION

#### Dividends and Distributions

| Cusip Number | Description | | Paid in '98 | | Paid/Adjusted in '99 for '98 | | Amount |
|---|---|---|---|---|---|---|---|
| **Dividends** | | | | | | | **1099 DIV-Box 1** |
| 204493100 | COMPAQ COMPUTER CORP | $ | 27.00 | $ | 0.00 | $ | 27.00 |
| 254687106 | DISNEY WALT HLDG CO | | 160.13 | | 0.00 | | 160.13 |
| 458140100 | INTEL CORP | | 15.00 | | 0.00 | | 15.00 |
| 808515100 | SCHWAB MONEY MARKET FUND | | 59.62 | | 0.00 | | 59.62 |
| **Total Ordinary Dividends** | | $ | **261.75** | $ | **0.00** | $ | **261.75** |

### SUPPLEMENTAL INFORMATION

#### Margin Interest

| | |
|---|---|
| Margin Interest Charged | $  (3,742.76) |

#### Investment Activity for 1998 - Stocks

| Activity | Quantity | Security Description | Trade Date | Settle Date | Price | | Net Amount |
|---|---|---|---|---|---|---|---|
| BUY | 200.0000 | AMERICA ONLINE INC DEL | 02/24/98 | 02/27/98 | 121.1250 | $ | (24,313.98) |
| BUY | 300.0000 | AMERICA ONLINE INC DEL | 02/24/98 | 02/27/98 | 123.6250 | | (37,220.96) |
| BUY | 590.0000 | AMERICA ONLINE INC DEL | 03/13/98 | 03/18/98 | 127.3750 | | (75,388.92) |
| BUY | 100.0000 | BOSTON SCIENTIFIC CORP | 01/29/98 | 02/03/98 | 52.3750 | | (5,292.50) |
| BUY | 400.0000 | BOSTON SCIENTIFIC CORP | 02/05/98 | 02/10/98 | 55.5000 | | (22,348.84) |
| BUY | 200.0000 | BOSTON SCIENTIFIC CORP | 11/23/98 | 11/27/98 | 53.4375 | | (10,797.50) |
| BUY | 2,000.0000 | CENDANT CORP | 04/28/98 | 05/01/98 | 24.9375 | | (50,084.73) |
| BUY | 1,000.0000 | CENDANT CORP | 05/07/98 | 05/12/98 | 23.6250 | | (23,776.98) |
| BUY | 1,100.0000 | COMPAQ COMPUTER CORP | 01/20/98 | 01/23/98 | 58.4375 | | (64,506.96) |
| REINVEST | 0.8871 | COMPAQ COMPUTER CORP | 01/21/98 | | 30.4375 | | (27.00) |
| BUY | 100.0000 | DELL COMPUTER CORP | 02/20/98 | 02/25/98 | 127.0000 | | (12,729.47) |
| BUY | 900.0000 | DELL COMPUTER CORP | 02/20/98 | 02/25/98 | 127.0000 | | (114,565.23) |
| BUY | 50.0000 | DELL COMPUTER CORP | 03/02/98 | 03/05/98 | 142.5000 | | (7,150.06) |
| BUY | 100.0000 | DELL COMPUTER CORP | 03/02/98 | 03/05/98 | 142.5000 | | (14,300.12) |
| BUY | 300.0000 | DELL COMPUTER CORP | 03/02/98 | 03/05/98 | 142.5000 | | (42,900.36) |
| BUY | 105.0000 | DELL COMPUTER CORP | 03/05/98 | 03/10/98 | 135.6250 | | (14,291.89) |
| BUY | 350.0000 | DELL COMPUTER CORP | 03/05/98 | 03/10/98 | 133.6875 | | (46,961.50) |
| BUY | 80.0000 | DELL COMPUTER CORP | 03/06/98 | 03/11/98 | 135.0625 | | (10,845.33) |
| BUY | 356.0000 | DELL COMPUTER CORP | 03/06/98 | 03/11/98 | 135.0625 | | (48,261.70) |
| BUY | 500.0000 | DISNEY WALT HLDG CO | 04/23/98 | 04/28/98 | 125.0000 | | (62,723.75) |
| BUY | 200.0000 | DISNEY WALT HLDG CO | 05/07/98 | 05/12/98 | 119.8750 | | (24,085.00) |
| BUY | 100.0000 | DISNEY WALT HLDG CO | 05/18/98 | 05/21/98 | 112.2500 | | (11,280.00) |

47

# Charles Schwab

**FORM 1099**
with Account Summary

## TAX YEAR 1998

Page 5
Date Prepared: **January 16, 1999**

Taxpayer ID Number: 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
Account Number: SO 8182-2032

### ACCOUNT SUMMARY (CONTINUED)

### SUPPLEMENTAL INFORMATION (continued)

**Investment Activity for 1998 - Stocks (continued)**

| Activity | Quantity | Security Description | Trade Date | Settle Date | Price | Net Amount |
|---|---|---|---|---|---|---|
| BUY | 1,100.0000 | DISNEY WALT HLDG CO | 07/14/98 | 07/17/98 | 40.1875 | (44,403.50) |
| BUY | 1,000.0000 | ENTREMED INC NEW | 05/18/98 | 05/21/98 | 37.1250 | (37,306.68) |
| BUY | 1,000.0000 | INNOVEX INC | 04/30/98 | 05/05/98 | 24.9375 | (25,058.39) |
| BUY | 520.0000 | INNOVEX INC | 04/30/98 | 05/05/98 | 25.2500 | (13,192.86) |
| BUY | 500.0000 | INNOVEX INC | 05/15/98 | 05/20/98 | 22.3750 | (11,301.54) |
| BUY | 700.0000 | INTEL CORP | 03/03/98 | 03/06/98 | 84.2500 | (59,194.87) |
| BUY | 100.0000 | INTEL CORP | 03/30/98 | 04/02/98 | 78.2500 | (7,862.22) |
| BUY | 100.0000 | INTEL CORP | 03/30/98 | 04/02/98 | 78.2500 | (7,862.22) |
| BUY | 300.0000 | INTEL CORP | 03/30/98 | 04/02/98 | 78.2500 | (23,586.64) |
| BUY | 500.0000 | K-TEL INTL INC NEW | 11/11/98 | 11/16/98 | 32.5625 | (16,412.61) |
| BUY | 500.0000 | LUCENT TECHNOLOGIES INC | 03/20/98 | 03/25/98 | 118.5000 | (59,470.18) |
| BUY | 1,000.0000 | LUCENT TECHNOLOGIES INC | 04/14/98 | 04/17/98 | 68.5625 | (68,792.92) |
| BUY | 800.0000 | MICROSOFT CORP | 02/20/98 | 02/25/98 | 154.8750 | (124,191.29) |
| BUY | 100.0000 | MICROSOFT CORP | 03/03/98 | 03/06/98 | 83.7500 | (8,410.05) |
| BUY | 500.0000 | MICROSOFT CORP | 03/03/98 | 03/06/98 | 83.7500 | (42,050.23) |
| BUY | 700.0000 | MICROSOFT CORP | 03/25/98 | 03/30/98 | 90.4375 | (63,530.89) |
| BUY | 900.0000 | PATTERSON ENERGY INC | 01/22/98 | 01/27/98 | 25.8750 | (23,438.73) |
| BUY | 2,225.0000 | PEPSICO INCORPORATED | 04/24/98 | 04/29/98 | 44.3750 | (98,997.99) |
| BUY | 70.0000 | PFIZER INCORPORATED | 06/09/98 | 06/12/98 | 111.8750 | (7,866.87) |
| BUY | 310.0000 | PFIZER INCORPORATED | 06/09/98 | 06/12/98 | 111.6250 | (34,761.49) |
| BUY | 40.0000 | PFIZER INCORPORATED | 06/26/98 | 07/01/98 | 111.6250 | (4,520.00) |
| BUY | 1,000.0000 | UNISYS CORP | 04/15/98 | 04/20/98 | 20.3750 | (20,519.83) |
| BUY | 300.0000 | UNISYS CORP | 10/12/98 | 10/15/98 | 21.3750 | (6,456.61) |
| BUY | 700.0000 | UNISYS CORP | 10/12/98 | 10/15/98 | 21.3750 | (15,065.42) |
| | **Total Purchases/Adjustments - Stocks** | | | | $ | **(1,548,106.81)** |
| | **Total Proceeds/Adjustments - Stocks** | | | | $ | **0.00** |

**Investment Activity for 1998 - Totals**

| | | |
|---|---|---|
| **Total Purchases/Adjustments(Not Reported to IRS):** | $ | **(1,548,106.81)** |
| **Total Proceeds/Adjustments(Not Reported to IRS):** | $ | **0.00** |

*Keep this statement for your records.*

48



# Charles Schwab

Schwab One Account

Printed on Recycled Paper

SSEL 0041679    02 AT 0.484    **AUTO    T3 0 0175 78233-270706    00293703 ## *01ABC

ARMANDO SIMON
12306 LONE SHADOW TRAIL
SAN ANTONIO TX 78233-2707

**Statement Period: January 1, 1998 through January 31, 1998**
Last Statement: December 31, 1997

**Schwab One Account of**

ARMANDO SIMON
12306 LONE SHADOW TRAIL
SAN ANTONIO TX 78233

*Please call us if you have a new address.*

**Account Number:**
8182-2032

**Statement and Account Information**

**Customer Service and Trading:**
Schwab Select Service Team:
1 (800) 435-8000

TeleBroker®:
1 (800) 272-4922

**Local Office:**
1100 NE LOOP 410 SUITE 110
SAN ANTONIO TX 78209
VISIT OUR WEBSITE
HTTP://WWW.SCHWAB.COM

## Schwab Select
S E R V I C E
THE DIFFERENCE FOR ACTIVE TRADERS

49

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 74 of 116

# CharlesSchwab

## Schwab One Account

| Asset Allocation | Amount | % |
|---|---|---|
| Stocks | $ 143,389.28 | 100% |
| Total Assets Long | $ 143,389.28 | 100% |
| rgin Loan Balance | $ (97,250.35) | |
| Total Account Value | $ 46,138.93 | |

### Change in Account Value

This Period: Starts 01/01/98 and ends 01/31/98.
Year to Date: Starts 01/01/98.

| | This Period | Year to Date |
|---|---|---|
| Total Starting Account Value | $ 42,402.61 | $ 42,402.61 |
| **Investments:** | | |
| Starting Value | $ 121,131.84 | $ 121,131.84 |
| Purchased | 87,972.69 | 87,972.69 |
| Sold | (75,544.21) | (75,544.21) |
| Change in Value | 9,828.96 | 9,828.96 |
| Ending Value | $ 143,389.28 | $ 143,389.28 |
| **Cash & MMF:** | | |
| Starting Value | $ (78,729.23) | $ (78,729.23) |
| Added | 76,071.21 | 76,071.21 |
| Subtracted | (94,592.33) | (94,592.33) |
| Ending Value | $ (97,250.35) | $ (97,250.35) |
| Total Ending Account Value | $ 46,138.93 | $ 46,138.93 |
| % Change in Account Value | 8.8% | 8.8% |

### Margin Account Summary

| | Amount |
|---|---|
| Buying Power | $ 4,922.00 |
| Cash Available | 1,723.00 |
| Margin Account Equity | 45,771.00 |
| Margin Account Equity % | 36% |
| Margin Interest Paid | (519.64) |

Margin Loan Interest Rate as of 01/31 was 7.75% – 9.25%

### Noted for Your Account

Investment income during this period was $27.00

### Market Monitor

Schwab One Yield 4.83%

| Indices | Year to Date Change |
|---|---|
| Dow Jones Industrial Average | (.02%) |
| Standard & Poor's 500 Index® | 1.02% |
| Schwab 1000 Index® | .68% |
| NASDAQ Composite Index | 3.12% |

SSEL 041679-0029705



Case 2:00-cv-00090    Document 9    Filed in TXSD on 06/19/2000    Page 75 of 116

# Charles Schwab

Schwab One® Account

## Transaction Detail (continued)

### Investments Purchased and Sold (continued)

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| **Stock Activity (continued)** | | | | | | | | |
| 01/27 | 01/22 | Bought | PATTERSON ENERGY INC | PTEN | 900 | 25.875 | $ 23,438.73 | |
| | | **Total Stock Activity** | WITH STOCK SPLIT SHARES | | | | $ 87,972.69 | $ 75,544.21 |
| | | | | **Total Investments Purchased and Sold** | | | $ 87,972.69 | $ 75,544.21 |

## Cash Activity

| Date | Transaction | Description | Withdrawal | Deposit |
|---|---|---|---|---|
| **Deposit and Withdrawal Activity** | | | | |
| 12/22 | Returned Deposit | RET CK STOP PAY | $ 600.00 | |
| | **Total Deposit and Withdrawal Activity** | | $ 600.00 | $ 0.00 |

| Date | Transaction | Description | Debit | Income |
|---|---|---|---|---|
| **Investment Income** | | | | |
| 01/20 | Dividend for Reinvest | COMPAQ COMPUTER CORP | | $ 27.00 |
| | **Total Investment Income** | | $ 0.00 | $ 27.00 |

Printed on Recycled Paper

SSEL 041679-00293707



Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 76 of 116

# CharlesSchwab

**Schwab One Account**

## Investment Income Summary

| Description | | Current Period Federally Taxable | | Federally Tax Exempt[1] | | Year to Date Federally Taxable | | Federally Tax Exempt[1] |
|---|---|---|---|---|---|---|---|---|
| Cash Dividends | | $ 27.00 | $ | .00 | | $ 27.00 | $ | .00 |
| **Total Income** | $ | 27.00 | $ | 0.00 | $ | 27.00 | $ | 0.00 |

*Interest Paid for Margin Loan During Current Period is $(519.64)[2]*
*Interest Paid for Margin Loan Year to Date is $(519.64)[2]*

1   *Certain income in this category may qualify for state tax exemption; consult your tax advisor.*
2   *Certain margin loan interest may be deductible; consult your tax advisor.*

SSEL 04679-00293709

Printed on Recycled Paper

# Charles Schwab

## Schwab One Account

Printed on Recycled Paper

SSEL 0102405  02 AT 0.484  **AUTO   T0 2 0275 78233-270706   00717013 ## *01A

ARMANDO SIMON
12306 LONE SHADOW TRAIL
SAN ANTONIO TX 78233-2707

**Statement Period: February 1, 1998 through February 28, 1998**
**Last Statement: January 31, 1998**

| Schwab One Account of

ARMANDO SIMON
12306 LONE SHADOW TRAIL
SAN ANTONIO TX 78233

*Please call us if you have a new address.*

| Account Number:

8182-2032

| Statement and Account Information

**Customer Service and Trading:**
Schwab Select Service Team:
**1 (800) 435-8000**

TeleBroker®:
**1 (800) 272-4922**

**Local Office:**
1100 NE LOOP 410 SUITE 110
SAN ANTONIO TX 78209
VISIT OUR WEBSITE
HTTP://WWW.SCHWAB.COM

## Schwab Select

**THE DIFFERENCE FOR ACTIVE TRADERS**

# CharlesSchwab

Schwab One Account

**Statement Period: February 1, 1998 through February 28, 1998**

Page 1 of 4

Account Number: 8182-2032

SSEL 102405-0017015

## Asset Allocation

| | | Amount | % |
|---|---|---|---|
| Stocks | $ | 196,287.50 | 100% |
| Total Assets Long | $ | 196,287.50 | 100% |
| Margin Loan Balance | $ | (124,551.51) | |
| Total Account Value | $ | 71,735.99 | |

## Change in Account Value

This Period: Starts 02/01/98 and ends 02/28/98.

Year to Date: Starts 01/01/98.

| | | This Period | | Year to Date |
|---|---|---|---|---|
| Total Starting Account Value | $ | 46,138.93 | $ | 42,402.61 |
| **Investments:** | | | | |
| Starting Value | $ | 143,389.28 | $ | 121,131.84 |
| Purchased | | 340,662.27 | | 428,634.96 |
| Sold | | (314,938.51) | | (390,482.72) |
| Change in Value | | 27,174.46 | | 37,003.42 |
| Ending Value | $ | 196,287.50 | $ | 196,287.50 |
| **Cash & MMF:** | | | | |
| Starting Value | $ | (97,250.35) | $ | (78,729.23) |
| Added | | 314,938.51 | | 391,009.72 |
| Subtracted | | (342,239.67) | | (436,832.00) |
| Ending Value | $ | (124,551.51) | $ | (124,551.51) |
| Total Ending Account Value | $ | 71,735.99 | $ | 71,735.99 |
| % Change in Account Value | | 55.5% | | 69.2% |

## Margin Account Summary

| | | Amount |
|---|---|---|
| Buying Power | $ | 8,671.00 |
| Cash Available | | 3,035.00 |
| Margin Account Equity | | 71,736.00 |
| Margin Account Equity % | | 36% |
| Margin Interest Paid | | (577.40) |

Margin Loan Interest Rate as of 02/28 was 7.75% - 9.25%.

## Market Monitor

| | Year to Date Change |
|---|---|
| Schwab One Yield | 4.77% |

| Indices | Year to Date Change |
|---|---|
| Dow Jones Industrial Average | 8.06% |
| Standard & Poor's 500 Index® | 8.13% |
| Schwab 1000 Index® | 8.03% |
| NASDAQ Composite Index | 12.75% |

Printed on Recycled Paper

# CharlesSchwab

Schwab One Account

## Transaction Detail (continued)

### Investments Purchased and Sold (continued)

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| **Stock Activity (continued)** | | | | | | | | |
| 02/25 | 02/20 | Sold | DELL COMPUTER CORP | DELL | (400) | 125.125 | | 49,931.27 |
| 02/25 | 02/20 | Sold | DELL COMPUTER CORP | DELL | (100) | 125.125 | | 12,482.82 |
| 02/25 | 02/20 | Bought | DELL COMPUTER CORP | DELL | 100 | 127.00 | 12,729.47 | |
| 02/25 | 02/20 | Bought | MICROSOFT CORP | MSFT | 800 | 154.875 | 124,191.29 | |
| | | | WITH STOCK SPLIT SHARES | | | | | |
| 02/27 | 02/24 | Bought | AMERICA ONLINE INC DEL | AOL | 300 | 123.625 | 37,220.96 | |
| | | | WITH STOCK SPLIT SHARES | | | | | |
| 02/27 | 02/24 | Bought | AMERICA ONLINE INC DEL | AOL | 200 | 121.125 | 24,313.98 | |
| | | | WITH STOCK SPLIT SHARES | | | | | |
| 02/27 | 02/24 | Sold | BOSTON SCIENTIFIC CORP | BSX | (500) | 56.1875 | | 27,931.00 |
| | | **Total Stock Activity** | | | | | $ 340,662.27 | $ 314,938.51 |

| | | | | | **Total Investments Purchased and Sold** | | $ 340,662.27 | $ 314,938.51 |

### Cash Activity

| Date | Transaction | | | Expense | Credit |
|---|---|---|---|---|---|
| **Fees and Charges** | | | | | |
| 02/26 | Margin Interest | | | | |
| | INTEREST 01/29 THRU 02/25 | | | $ 577.40 | |
| | **Total Fees and Charges** | | | $ 577.40 | $ 0.00 |

01/29 through 02/25: $(577.40) based on 7.75% margin interest rate charged on average daily balance of $(95,781.77)

SSEL.102405-00173017

♻ Printed on Recycled Paper



CM&PDF - www.fsntte.com

# CharlesSchwab

**Schwab One Account**

| Asset Allocation | | Amount | % |
|---|---|---|---|
| Stocks | $ | 126,587.50 | 100% |
| Total Assets Long | $ | 126,587.50 | 100% |
| rgin Loan Balance | $ | (78,775.25) | |
| **Total Account Value** | **$** | **47,812.25** | |

## Change in Account Value

*This Period: Starts 03/01/98 and ends 03/31/98.*
*Year to Date: Starts 01/01/98.*

| | | This Period | | Year to Date |
|---|---|---|---|---|
| Total Starting Account Value | $ | 71,735.99 | $ | 42,402.61 |
| **Investments:** | | | | |
| Starting Value | $ | 196,287.50 | | 121,131.84 |
| Purchased | | 492,756.10 | | 921,391.06 |
| Sold | | (542,077.58) | | (932,560.30) |
| Change in Value | | (20,378.52) | | 16,624.90 |
| Ending Value | $ | 126,587.50 | | 126,587.50 |
| **Cash & MMF:** | | | | |
| Starting Value | $ | (124,551.51) | | (78,729.23) |
| Added | | 548,877.58 | | 939,887.30 |
| Subtracted | | (503,101.32) | | (939,933.32) |
| Ending Value | $ | (78,775.25) | $ | (78,775.25) |
| **Total Ending Account Value** | $ | 47,812.25 | $ | 47,812.25 |
| % Change in Account Value | | (33.3)% | | 12.8% |

## Margin Account Summary

| | | Amount |
|---|---|---|
| Buying Power | $ | 29,820.00 |
| Cash Available | | 10,437.00 |
| Margin Account Equity | | 46,476.00 |
| Margin Account Equity % | | 45% |
| Margin Interest Paid | | (680.22) |

*Margin Loan Interest Rate as of 03/31 was 7.75% - 9.25%*

## Market Monitor

| | Year to Date Change |
|---|---|
| Schwab One Yield | 4.74% |

| Indices | Year to Date Change |
|---|---|
| Dow Jones Industrial Average | (11.27)% |
| Standard & Poor's 500 Index® | 13.53% |
| Schwab 1000 Index® | 13.48% |
| NASDAQ Composite Index | 16.90% |



SSEL 054088-0036893

56

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 81 of 116

# Charles Schwab

Schwab One Account

## Transaction Detail (continued)

### Investments Purchased and Sold (continued)

Stock Activity (continued)

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| 03/06 | 03/03 | Sold | MICROSOFT CORP | MSFT | (1,000) | 82.9375 | | 82,746.62 |
| 03/06 | 03/03 | Sold | MICROSOFT CORP | MSFT | (600) | 82.9375 | | 49,647.98 |
| 03/06 | 03/03 | Bought | MICROSOFT CORP | MSFT | 100 | 83.75 | 8,410.05 | |
| 03/06 | 03/03 | Bought | MICROSOFT CORP | MSFT | 500 | 83.75 | 42,050.23 | |
| 03/09 | 03/03 | Bought | DELL COMPUTER CORP | DELL | 105 | 135.625 | 14,291.89 | |
| 03/09 | 03/03 | Stock Split | DELL COMPUTER CORP WITH STOCK SPLIT SHARES | DELL | 1,341 | | | |
| 03/10 | 03/05 | Bought | DELL COMPUTER CORP | DELL | 350 | 133.6875 | 46,961.50 | |
| 03/10 | 03/05 | Stock Split | DELL COMPUTER CORP WITH STOCK SPLIT SHARES | DELL | | | | |
| 03/10 | 03/05 | Sold | INTEL CORP | INTC | (700) | 76.0625 | | 53,028.40 |
| 03/11 | 03/06 | Bought | DELL COMPUTER CORP | DELL | 80 | 135.0625 | 10,845.33 | |
| 03/11 | 03/06 | Bought | DELL COMPUTER CORP WITH STOCK SPLIT SHARES | DELL | 356 | 135.0625 | 48,261.70 | |
| 03/11 | 03/06 | Sold | MICROSOFT CORP | MSFT | (600) | 82.1875 | | 49,102.36 |
| 03/16 | 03/11 | Sold | DELL COMPUTER CORP | DELL | (100) | 66.75 | | 6,645.80 |
| 03/16 | 03/11 | Sold | DELL COMPUTER CORP | DELL | (100) | 66.75 | | 6,645.80 |
| 03/16 | 03/11 | Sold | DELL COMPUTER CORP | DELL | (500) | 66.75 | | 33,229.02 |
| 03/17 | 03/11 | Bought | AMERICA ONLINE INC DEL | AOL | 590 | 127.375 | 75,388.92 | |
| 03/18 | 03/13 | Stock Split | AMERICA ONLINE INC DEL WITH STOCK SPLIT SHARES | AOL | 590 | | | |
| 03/18 | 03/13 | Sold | DELL COMPUTER CORP | DELL | (282) | 63.00 | | 17,705.40 |
| 03/18 | 03/13 | Sold | DELL COMPUTER CORP | DELL | (800) | 63.25 | | 50,428.11 |
| 03/24 | 03/19 | Sold | AMERICA ONLINE INC DEL | AOL | (1,180) | 61.50 | | 72,332.75 |

# CharlesSchwab

**Schwab One Account:**

## Transaction Detail (continued)

### Cash Activity (continued)

| Date | Transaction | | Expense | Credit |
|---|---|---|---|---|
| | **Fees and Charges** | | | |
| 3/12 | Service Fee | RETURNED CHECK FEE | 15.00 | |
| 03/30 | Margin Interest | INTEREST 02/26THRU 03/29 | 680.22 | |
| | **Total Fees and Charges** | | $ 695.22 | $ 0.00 |

02/26 through 03/23: $(594.43) based on 7.75% margin interest rate charged on average daily balance of $(106,190.67)
03/24 through 03/24: $(3.81) based on 8.75% margin interest rate charged on average daily balance of $(15,664.02)
03/25 through 03/29: $(81.98) based on 7.75% margin interest rate charged on average daily balance of $(76,160.96)

| Trans. Date | Process Date | Transaction | Description | Subtractions from Account | Additions to Account |
|---|---|---|---|---|---|
| | | **Other Cash Activity** | | | |
| 03/20 | | Misc Cash Entry | CHECK ISSUE #5135156 | 1,100.00 | |
| 03/23 | | Misc Cash Entry | CHECK ISSUE #5135174 | 750.00 | |
| 03/25 | | Misc Cash Entry | CHECK ISSUE #5135197 | 1,000.00 | |
| | | **Total Other Cash Activity** | | $ 2,850.00 | $ 0.00 |

| | Debit | Credit |
|---|---|---|
| **Total of Completed Transactions** | $ 503,101.32 | $ 548,877.58 |



Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 83 of 116

# CharlesSchwab

Schwab One Account

SSEL-054088-00368959

♻ Printed on Recycled Paper

**Statement Period: March 1, 1998 through March 31, 1998**

Account Number: 8182-2032

## Investment Income Summary

| Description | Current Period Federally Taxable | Current Period Federally Tax Exempt[1] | Year to Date Federally Taxable | Year to Date Federally Tax Exempt[1] |
|---|---|---|---|---|
| Cash Dividends | $ .00 | $ .00 | $ 27.00 | $ .00 |
| **Total Income** | $ 0.00 | $ 0.00 | $ 27.00 | $ 0.00 |

Interest Paid for Margin Loan During Current Period is $(680.22)[2]
Interest Paid for Margin Loan Year to Date is $(1,777.26)[2]

1   Certain income in this category may qualify for state tax exemption; consult your tax advisor.
2   Certain margin loan interest may be deductible; consult your tax advisor.



59

# CharlesSchwab

Schwab One Account

SSEL 0054088  02 AT 0.484  **AUTO   TI 0 0375 78233-270706   00368951 ## *01ABC

ARMANDO SIMON
12306 LONE SHADOW TRAIL
SAN ANTONIO TX 78233-2707

**Statement Period: March 1, 1998 through March 31, 1998**
**Last Statement: February 28, 1998**

## Schwab One Account of

ARMANDO SIMON
12306 LONE SHADOW TRAIL
SAN ANTONIO TX 78233

*Please call us if you have a new address.*

## Account Number:
8182-2032

## Statement and Account Information

**Customer Service and Trading:**
Schwab Select Service Team:
1 (800) 435-8000

TeleBroker®:
1 (800) 272-4922

**Local Office:**
1100 NE LOOP 410 SUITE 110
SAN ANTONIO TX 78209
VISIT OUR WEBSITE
HTTP://WWW.SCHWAB.COM



## SchwabSelect
S E R V I C E
THE DIFFERENCE FOR ACTIVE TRADERS

# CharlesSchwab

Schwab One Account

**Statement Period: April 1, 1998 through April 30, 1998**
Last Statement: March 31, 1998

SSEL 0051947  02 AT 0.484  **AUTO   T3 0 0475 78233-270706   00360955 ## *01A

ARMANDO SIMON
12306 LONE SHADOW TRAIL
SAN ANTONIO TX 78233-2707

---

**Schwab One Account of**

ARMANDO SIMON
12306 LONE SHADOW TRAIL
SAN ANTONIO TX 78233

*Please call us if you have a new address.*

**Account Number:**

8182-2032

---

**Statement and Account Information**

**Customer Service and Trading:**
Schwab Select Service Team:
1 (800) 435-8000

TeleBroker®:
1 (800) 272-4922

**Local Office:**
1100 NE LOOP 410 SUITE 110
SAN ANTONIO TX 78209
VISIT OUR WEBSITE
HTTP://WWW.SCHWAB.COM





Schwab Select

THE DIFFERENCE FOR ACTIVE TRADERS

Printed on Recycled Paper

# CharlesSchwab

## Schwab One Account

## Asset Allocation

| | Amount | % |
|---|---|---|
| Stocks | $ 151,023.44 | 100% |
| Total Assets Long | $ 151,023.44 | 100% |
| Margin Loan Balance | $ (104,837.00) | |
| **Total Account Value** | **$ 46,186.44** | |

## Change in Account Value

This Period: Starts 04/01/98 and ends 04/30/98.
Year to Date: Starts 01/01/98.

| | This Period | Year to Date |
|---|---|---|
| Total Starting Account Value | $ 47,812.25 | $ 42,402.61 |
| **Investments:** | | |
| Starting Value | $ 126,587.50 | $ 121,131.84 |
| Purchased | 290,345.57 | 1,211,736.63 |
| Sold | (267,425.85) | (1,199,986.15) |
| Change in Value | 1,516.22 | 18,141.12 |
| Ending Value | $ 151,023.44 | $ 151,023.44 |
| **Cash & MMF:** | | |
| Starting Value | $ (78,775.25) | $ (78,729.23) |
| Added | 267,429.85 | 1,207,317.15 |
| Subtracted | (293,491.60) | (1,233,424.92) |
| Ending Value | $ (104,837.00) | $ (104,837.00) |
| **Total Ending Account Value** | $ 46,186.44 | $ 46,186.44 |
| % Change in Account Value | (3.4%) | 8.9% |

## Margin Account Summary

| | Amount |
|---|---|
| Buying Power | $ 1,614.00 |
| Cash Available | 565.00 |
| Margin Account Equity | 53,660.00 |
| Margin Account Equity % | 35% |
| Margin Interest Paid | (346.03) |

Margin Loan Interest Rate as of 04/30 was
7.75% - 9.25%

## Noted for Your Account

Investment income during this period was
$4.00

## Market Monitor

| | |
|---|---|
| Schwab MMF | 4.91% |
| Schwab One Yield | 4.71% |

| Indices | Year to Date Change |
|---|---|
| Dow Jones Industrial Average | 14.61% |
| Standard & Poor's 500 Index® | 14.56% |
| Schwab 1000 Index® | 14.61% |
| NASDAQ Composite Index | 18.98% |

SSEL 051947-00360057



Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 87 of 116

# CharlesSchwab

**Schwab One Account**

**Statement Period: April 1, 1998 through April 30, 1998**

**Account Number 8182-2032**

## Transaction Detail (continued)

### Investments Purchased and Sold (continued)

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| | | **Stock Activity (continued)** | | | | | | |
| 04/27 | 04/22 | Sold | LUCENT TECHNOLOGIES INC | LU | (100) | 78.00 | | 7,775.66 |
| 04/27 | 04/22 | Sold | LUCENT TECHNOLOGIES INC | LU | (500) | 78.00 | | 38,878.30 |
| 04/27 | 04/22 | Sold | LUCENT TECHNOLOGIES INC | LU | (100) | 78.00 | | 7,775.66 |
| 04/27 | 04/22 | Sold | LUCENT TECHNOLOGIES INC | LU | (100) | 78.00 | | 7,775.66 |
| 04/27 | 04/22 | Sold | LUCENT TECHNOLOGIES INC | LU | (100) | 78.00 | | 7,775.66 |
| 04/28 | 04/23 | Bought | DISNEY WALT HLDG CO | DIS | 500 | 125.00 | 62,723.75 | |
| 04/29 | 04/24 | Sold | DISNEY WALT HLDG CO | DIS | (500) | 122.6875 | | 61,119.22 |
| 04/29 | 04/24 | Bought | PEPSICO INCORPORATED | PEP | 2,225 | 44.375 | 98,997.99 | |
| | | **Total Stock Activity** | | | | | $ 290,345.57 | $ 267,425.85 |
| | | | **Total Investments Purchased and Sold** | | | | $ 290,345.57 | $ 267,425.85 |

## Cash Activity

### Investment Income

| Date | Transaction | Description | Debit | Income |
|---|---|---|---|---|
| 04/15 | Dividend Payment | SCHWAB MONEY MARKET FUND | | 4.00 |
| | **Total Investment Income** | | $ 0.00 | $ 4.00 |

SSEL 051947-00360959

Printed on Recycled Paper



Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 88 of 116

# Charles Schwab

**Schwab One Account**

## Money Funds Detail

| Settlement Date | Transaction | Description | Quantity | Unit Price | Purchase | Sale |
|---|---|---|---|---|---|---|
| **Schwab MMF Activity** | | | | | | |
| 04/13 | Purchase | SCHWAB MONEY MARKET FUND | 10,463.70 | $ 1.00 | $ 10,463.70 | |
| 04/15 | Dividend Payment | SCHWAB MONEY MARKET FUND | 4.00 | 1.00 | 4.00 | |
| V17 | Redeemed | SCHWAB MONEY MARKET FUND | 10,467.70 | 1.00 | | $ 10,467.70 |
| | **Total Schwab MMF Activity** | | | | $ 10,467.70 | $ 10,467.70 |

## Trades Pending Settlement

| Settle Date | Trade Date | Transaction | Description | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|
| 05/01 | 04/28 | Bought | CENDANT CORP | 2,000 | $ 24.9375 | $ 50,084.73 | |
| 05/01 | 04/28 | Sold | PEPSICO INCORPORATED | (2,225) | 42.875 | | $ 95,133.76 |
| 05/05 | 04/30 | Bought | INNOVEX INC | 520 | 25.25 | 13,192.86 | |
| 05/05 | 04/30 | Bought | INNOVEX INC | 1,000 | 24.9375 | 25,058.39 | |
| | | | **Total Transactions Pending** | | | $ 88,335.98 | $ 95,133.76 |

SSEL 051947-00360961

64

## Investment Detail

| Description | Quote Symbol | Quantity Long/Short | | Latest Price | | Total Market Value |
|---|---|---|---|---|---|---|
| **Stocks** | | | | | | |
| CENDANT CORP (M) | CD | 1,500 | L | $ 21.75 | $ | 32,625.00 |
| DISNEY WALT HLDG CO (M) | DIS | 300 | L | 113.25 | | 33,975.00 |
| INNOVEX INC (M) | INVX | 500 | L | 18.5625 | | 9,281.25 |
| **Total Market Value of Stocks** | | | | | $ | 75,881.25 |
| | | | | | | |
| **Cash and Money Market Funds** | | | | | | |
| CASH | | 1.64 | L | $ 1.00 | $ | 1.64 |
| **Total Market Value of Cash and Money Market Funds** | | | | | $ | 1.64 |
| **Less: Margin Loan Balance** | | | | | $ | (39,779.13) |
| | | | | | | |
| **Total Investment Value:** | | | | | $ | 36,103.76 |

*(M)assets held in margin account*

## Transaction Detail

**Investments Purchased and Sold**

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | | Unit Price | | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|---|---|
| **Stock Activity** | | | | | | | | | | |
| 05/01 | 04/28 | Bought | CENDANT CORP | CD | 2,000 | $ | 24.9375 | $ | 50,084.73 | |
| 05/01 | 04/28 | Sold | PEPSICO INCORPORATED | PEP | (2,225) | | 42.875 | | | 95,133.76 |
| 05/05 | 04/30 | Bought | INNOVEX INC | INVX | 1,000 | | 24.9375 | | 25,058.39 | |
| 05/05 | 04/30 | Bought | INNOVEX INC | INVX | 520 | | 25.25 | | 13,192.86 | |
| 05/11 | 05/06 | Sold | INNOVEX INC | INVX | (1,000) | | 24.75 | | | 24,628.93 |

| Total Account Value |

# CharlesSchwab

Schwab One Account

## Transaction Detail (continued)

### Cash Activity (continued)

| Date | Transaction | Expense | Credit |
|---|---|---|---|
| | **Fees and Charges** | | |
| 05/28 | INTEREST 04/29THRU 05/27 | 450.24 | |
| | **Total Fees and Charges** | $ 450.24 | $ 0.00 |

04/29 through 05/12: $(256.06) based on 7.75% margin interest rate charged on average daily balance of $(84,951.37)
05/13 through 05/13: $(10.95) based on 7.75% margin interest rate charged on average daily balance of $(50,884.90)
05/14 through 05/14: $(10.77) based on 7.75% margin interest rate charged on average daily balance of $(50,020.85)
05/15 through 05/17: $(33.21) based on 7.75% margin interest rate charged on average daily balance of $(51,406.62)
05/18 through 05/18: $(11.85) based on 7.75% margin interest rate charged on average daily balance of $(55,063.83)
05/19 through 05/19: $(11.28) based on 7.75% margin interest rate charged on average daily balance of $(52,388.18)
05/20 through 05/20: $(13.51) based on 7.75% margin interest rate charged on average daily balance of $(62,763.50)
05/21 through 05/25: $(64.39) based on 7.75% margin interest rate charged on average daily balance of $(78,377.19)
05/26 through 05/27: $(18.22) based on 8.25% margin interest rate charged on average daily balance of $(39,764.47)

### Other Cash Activity

| Trans. Date | Process Date | Transaction | Description | Debit | Credit |
|---|---|---|---|---|---|
| 05/08 | | Misc Cash Entry | CHECK ISSUE #5135767 | 1,000.00 | |
| 05/13 | | Misc Cash Entry | CHECK ISSUE #5135815 | 1,000.00 | |
| 05/18 | | Misc Cash Entry | CHECK ISSUE #5135870 | 500.00 | |
| 05/18 | | Misc Cash Entry | CXL5135870 | | 500.00 |
| | | **Total Other Cash Activity** | | $ 2,500.00 | $ 500.00 |

| | | | | Subtractions from Account | Additions to Account |
|---|---|---|---|---|---|
| | | **Total of Completed Transactions** | | $ 199,036.42 | $ 264,095.93 |

SSEL 043265-00303770

66

# Charles Schwab

Schwab One Account

| Asset Allocation | Amount | % |
|---|---|---|
| Stocks | 88,066.88 | 100% |
| Total Assets Long | 88,066.88 | 100% |
| Margin Loan Balance | (58,419.95) | |
| **Total Account Value** | **29,646.93** | |

## Change in Account Value

*This Period: Starts 06/01/98 and ends 06/30/98.*
*Year to Date: Starts 01/01/98.*

| | This Period | Year to Date |
|---|---|---|
| **Total Starting Account Value** | 36,103.76 | 42,402.61 |
| **Investments:** | | |
| Starting Value | 75,881.25 | 121,131.84 |
| Purchased | 42,628.36 | 1,450,451.17 |
| Sold | (24,335.77) | (1,487,916.21) |
| *Change in Value* | (6,106.96) | 4,400.08 |
| Ending Value | 88,066.88 | 88,066.88 |
| **Cash & MMF:** | | |
| Starting Value | (39,777.49) | (78,729.23) |
| Added | 24,350.77 | 1,495,763.85 |
| Subtracted | (42,993.23) | (1,475,454.57) |
| Ending Value | (58,419.95) | (58,419.95) |
| **Total Ending Account Value** | 29,646.93 | 29,646.93 |
| % Change in Account Value | (17.9)% | (30.1)% |

## Margin Account Summary

| | Amount |
|---|---|
| Buying Power | .00 |
| Cash Available | .00 |
| Margin Account Equity | 29,474.00 |
| Margin Account Equity % | 31% |
| Margin Interest Paid | (364.87) |

*Margin Loan Interest Rate as of 06/30 was 7.75% - 9.25%*

## Noted for Your Account

Investment income during this period was $15.00

## Market Monitor

| | Year to Date Change |
|---|---|
| Schwab One Yield | 4.66% |

| Indices | |
|---|---|
| Dow Jones Industrial Average | 13.20% |
| Standard & Poor's 500 Index® | 16.84% |
| Schwab 1000 Index® | 16.33% |
| NASDAQ Composite Index | 20.66% |

Printed on Recycled Paper
SSEL 05618b-0038b0749

67

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 92 of 116

# CharlesSchwab

Schwab One Account

## Transaction Detail (continued)

### Investments Purchased and Sold (continued)

#### Stock Activity (continued)

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| 06/25 | 06/22 | Sold | DISNEY WALT HLDG CO WITH STOCK SPLIT SHARES | DIS | (50) | 105.3125 | | 5,210.45 |
| | | Total Stock Activity | | | | | | $ 24,335.77 |

| Total Investments Purchased and Sold | | | | $ 42,628.36 | $ 24,335.77 |
|---|---|---|---|---|---|

### Cash Activity

#### Investment Income

| Date | Transaction | Description | Debit | Income |
|---|---|---|---|---|
| 06/01 | Dividend Payment | INTEL CORP | | 15.00 |
| | Total Investment Income | | $ 0.00 | $ 15.00 |

Printed on Recycled Papers





CibPDF - www.fastio.com

# CharlesSchwab

Schwab One Account

## Investment Income Summary

| Description | | Current Period Federally Taxable | | Federally Tax Exempt[1] | | Year to Date Federally Taxable | | Federally Tax Exempt[1] |
|---|---|---|---|---|---|---|---|---|
| Cash Dividends | $ | 15.00 | $ | .00 | | $ | 42.00 | $ | .00 |
| Money Funds Dividends | | .00 | | .00 | | | 5.64 | | .00 |
| **Total Income** | $ | 15.00 | $ | 0.00 | | $ | 47.64 | $ | 0.00 |

*Interest Paid for Margin Loan During Current Period is $(364.87)[2]*
*Interest Paid for Margin Loan Year to Date is $(2,938.40)[2]*

1  *Certain income in this category may qualify for state tax exemption;consult your tax advisor.*
2  *Certain margin loan interest may be deductible;consult your tax advisor.*

♲ Printed on Recycled Paper

SSEL 05618-0038073S



# CharlesSchwab

**Schwab One Account**

## Investment Detail

| Description Stocks | Quote Symbol | Quantity Long/Short | Latest Price | Total Market Value |
|---|---|---|---|---|
| DISNEY WALT HLDG CO (M) | DIS | 1,350 L | $ 34.4375 | $ 46,490.63 |
| **Total Market Value of Stocks** | | | | $ 46,490.63 |

(M)Assets held in margin account

**Less: Margin Loan Balance** $ (25,848.73)

**Total Investment Value:** $ 20,641.90

**Total Account Value** $ 46,490.63

## Transaction Detail

### Investments Purchased and Sold

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| **Stock Activity** | | | | | | | | |
| 07/01 | 06/26 | Bought | PFIZER INCORPORATED | PFE | 40 | $ 111.625 | $ 4,520.00 | |
| 07/10 | | Stock Split | DISNEY WALT HLDG CO | DIS | 500 | | | |
| 07/15 | 07/10 | Sold | PFIZER INCORPORATED | PFE | (420) | 113.4375 | | 47,437.34 |
| 07/17 | 07/14 | Bought | DISNEY WALT HLDG CO | DIS | 1,100 | 40.1875 | 44,403.50 | |
| 07/23 | 07/20 | Sold | CENDANT CORP | CD | (1,000) | 15.9375 | | 15,806.77 |
| 07/27 | 07/22 | Sold | DISNEY WALT HLDG CO | DIS | (500) | 37.50 | | 18,609.62 |
| **Total Stock Activity** | | | | | | | $ 48,923.50 | $ 81,853.73 |
| **Total Investments Purchased and Sold** | | | | | | | $ 48,923.50 | $ 81,853.73 |

# Charles Schwab

## Schwab One Account

## Investment Income Summary

| Description | Current Period | | Year to Date | |
| --- | --- | --- | --- | --- |
| | Federally Taxable | Federally Tax Exempt[1] | Federally Taxable | Federally Tax Exempt[1] |
| Cash Dividends | $ .00 | $ .00 | $ 42.00 | $ .00 |
| Money Funds Dividends | .00 | .00 | 5.64 | .00 |
| **Total Income** | $ 0.00 | $ 0.00 | $ 47.64 | $ 0.00 |

*Interest Paid for Margin Loan During Current Period is $(359.01)[2]*
*Interest Paid for Margin Loan Year to Date is $(3,297.41)[2]*

1   *Certain income in this category may qualify for state tax exemption;consult your tax advisor.*
2   *Certain margin loan interest may be deductible;consult your tax advisor.*

SSEL 04581-0032634

71

# Charles Schwab

**Schwab One Account**

| Investment Detail | | | | |
|---|---|---|---|---|

| Description<br>Stocks | Quote<br>Symbol | Quantity<br>Long/Short | Latest<br>Price | Total<br>Market Value |
|---|---|---|---|---|
| DISNEY WALT HLDG CO (M) | DIS | 1,350   L | $ 27.4375 | $ 37,040.63 |
| **Total Market Value of Stocks** | | | | $ 37,040.63 |

| Less: Margin Loan Balance | | | | $ (25,923.79) |
|---|---|---|---|---|

*(M)assets held in margin account*

| **Total Account Value** | | | | $ 11,116.84 |
|---|---|---|---|---|

| Transaction Detail | | | | |
|---|---|---|---|---|

**Cash Activity**

| Date | Transaction | Description | Debit | Income |
|---|---|---|---|---|
| Investment Income | | | | |
| 08/21 | Dividend Payment | DISNEY WALT HLDG CO | | $ 97.13 |
| | **Total Investment Income** | | $ 0.00 | $ 97.13 |

| Date | Transaction | Description | Expense | Credit |
|---|---|---|---|---|
| Fees and Charges | | | | |
| 08/28 | Margin Interest | INTEREST 07/30THRU 08/27 | $ 172.19 | |
| | **Total Fees and Charges** | | $ 172.19 | $ 0.00 |

*07/30 through 08/27: $(172.19) based on 8.25% margin interest rate charged on average daily balance of $(25,905.91)*

| | | | Subtractions<br>from Account | Additions<br>to Account |
|---|---|---|---|---|
| **Total of Completed Transactions** | | | $ 172.19 | $ 97.13 |

SSEL 04695-0030008

# Charles Schwab

**Schwab One Account**

**Statement Period: September 1, 1998 through September 30, 1998**
**Account Number: 8182-2032**

## Investment Detail

| Description | Quote Symbol | Quantity Long/Short | Latest Price | Total Market Value |
|---|---|---|---|---|
| **Stocks** | | | | |
| DISNEY WALT HLDG CO (M) | DIS | 1,200 L | $ 25.375 | $ 30,450.00 |
| **Total Market Value of Stocks** | | | | $ 30,450.00 |
| | | | | |
| **Total Investment Value:** | | | | $ 30,450.00 |
| **Less: Margin Loan Balance** | | | | $ (17,895.71) |
| | | | | |
| **Total Account Value** | | | | $ 12,554.29 |

*(M)Assets held in margin account*

## Transaction Detail

**Investments Purchased and Sold**

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| 09/18 | 09/15 | Sold | DISNEY WALT HLDG CO | DIS | (150) | $ 25.25 | $ | $ 3,706.37 |
| | | **Total Stock Activity** | | | | | $ .00 | $ 3,706.37 |
| | | | | | | | | |
| | | **Total Investments Purchased and Sold** | | | | | $ .00 | $ 3,706.37 |

# CharlesSchwab

**Schwab One Account**

## Investment Income Summary

| Description | | Current Period | | | | Year to Date | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | Federally Taxable | | Federally Tax Exempt[1] | | Federally Taxable | | Federally Tax Exempt[1] |
| Cash Dividends | $ | .00 | $ | .00 | $ | 139.13 | $ | .00 |
| Money Funds Dividends | | .00 | | .00 | | 5.64 | | .00 |
| **Total Income** | $ | **0.00** | $ | **0.00** | $ | **144.77** | $ | **0.00** |

*Interest Paid for Margin Loan During Current Period is $(178.29)[2]*
*Interest Paid for Margin Loan Year to Date is $(3,647.89)[2]*

1   *Certain income in this category may qualify for state tax exemption;consult your tax advisor.*
2   *Certain margin loan interest may be deductible;consult your tax advisor.*

SSEL 059937-00405576

# CharlesSchwab

## Schwab One Account

## Investment Detail

| Description | Quote Symbol | Quantity Long/Short | | Latest Price | | Total Market Value |
|---|---|---|---|---|---|---|
| Cash and Money Market Funds | | | | | | |
| SCHWAB MONEY MARKET FUND * | SWMXX | 9,860.74 | L | $ | 1.00 | $ 9,860.74 |
| Total Market Value of Cash and Money Market Funds | | | | | | $ 9,860.74 |

\* Dividends paid on this security will be automatically reinvested

| | | | | | | Total Account Value | | $ 9,860.74 |

## Transaction Detail

### Investments Purchased and Sold

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | | Unit Price | | Purchase/Debit | | Sale/Credit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Stock Activity** | | | | | | | | | | | |
| 10/15 | 10/12 | Sold | DISNEY WALT HLDG CO | DIS | (1,200) | $ | 24.75 | | | $ | 29,533.67 |
| 10/15 | 10/12 | Bought | UNISYS CORP | UIS | 300 | | 21.375 | $ | 6,456.61 | | |
| 10/15 | 10/12 | Bought | UNISYS CORP | UIS | 700 | | 21.375 | | 15,065.42 | | |
| 10/19 | 10/14 | Sold | UNISYS CORP | UIS | (1,000) | | 22.50 | | | | 22,349.75 |
| | | **Total Stock Activity** | | | | | | $ | 21,522.03 | $ | 51,883.42 |

| | | | | | | Total Investments Purchased and Sold | | | $ 21,522.03 | $ 51,883.42 |

SSEL 04217-00342648

# CharlesSchwab

Schwab One Account

Statement Period: October 1, 1998 through October 31, 1998

Page 4 of 4

Account Number: 8182-2032

## Investment Income Summary

| Description | Current Period | | Year to Date | |
|---|---|---|---|---|
| | Federally Taxable | Federally Tax Exempt [1] | Federally Taxable | Federally Tax Exempt [1] |
| Cash Dividends | $ .00 | $ .00 | $ 139.13 | $ .00 |
| Money Funds Dividends | .00 | .00 | 5.64 | .00 |
| **Total Income** | $ 0.00 | $ 0.00 | $ 144.77 | $ 0.00 |

Interest Paid for Margin Loan During Current Period is $(89.94)[2]
Interest Paid for Margin Loan Year to Date is $(3,737.83)[2]

1   Certain income in this category may qualify for state tax exemption;consult your tax advisor.
2   Certain margin loan interest may be deductible;consult your tax advisor.

76

CMxPDF - www.texio.com

# CharlesSchwab
Schwab One Account

Page 1 of 4
Statement Period: November 1, 1998 through November 30, 1998
Account Number: 8182-2032

## Asset Allocation

| | Amount | % |
|---|---|---|
| Stocks | $ 9,900.00 | 100% |
| Total Assets Long | $ 9,900.00 | 100% |
| Margin Loan Balance | (1,881.37) | |
| Total Account Value | $ 8,018.63 | |

## Change In Account Value

This Period: Starts 11/01/98 and ends 11/30/98.
Year to Date: Starts 01/01/98.

| | This Period | Year to Date |
|---|---|---|
| Total Starting Account Value | $ 9,860.74 | $ 42,402.61 |
| **Investments:** | | |
| Starting Value | $ 27,210.11 | $ 121,131.84 |
| Purchased | .00 | 1,548,106.81 |
| Sold | (15,370.78) | (1,640,730.51) |
| Change in Value | (1,939.33) | (18,608.14) |
| Ending Value | $ 9,900.00 | $ 9,900.00 |
| **Cash & MMF:** | | |
| Starting Value | $ 9,860.74 | $ (78,729.23) |
| Added | 15,536.30 | 1,655,841.29 |
| Subtracted | (27,211.75) | (1,578,926.77) |
| Ending Value | $ (1,881.37) | $ (1,881.37) |
| Total Ending Account Value | $ 8,018.63 | $ 8,018.63 |
| % Change in Account Value | (18.7%) | (81.1%) |

## Margin Account Summary

| | Amount |
|---|---|
| Buying Power | $ 7,036.00 |
| Cash Available | 3,518.00 |
| Margin Account Equity | 8,019.00 |
| Margin Account Equity % | 81% |
| Margin Interest Paid | (1.64) |

Margin Loan Interest Rate as of 11/30 was 7.50% - 9.00%

## Noted for Your Account

Investment income during this period was $98.86

## Market Monitor

| | Year to Date Change |
|---|---|
| Schwab MMF | 4.69% |
| Schwab One Yield | 4.28% |
| **Indices** | |
| Dow Jones Industrial Average | 15.28% |
| Standard & Poor's 500 Index® | 19.91% |
| Schwab 1000 Index® | 18.66% |
| NASDAQ Composite Index | 24.15% |

SSEL 03605-0027948?

# Charles Schwab

**Schwab One Account**

## Transaction Detail (continued)

### Cash Activity

**Investment Income**

| Date | Transaction | Description | Debit | Income |
|---|---|---|---|---|
| 11/16 | Dividend Payment | SCHWAB MONEY MARKET FUND | | $ 33.33 |
| 11/16 | Dividend Payment | SCHWAB MONEY MARKET FUND | | 33.33 |
| 11/20 | Dividend Payment | DISNEY WALT HLDG CO | | 63.00 |
| 11/25 | Dividend Payment | SCHWAB MONEY MARKET FUND | | 35.86 |
| | **Total Investment Income** | | $ 0.00 | $ 165.52 |

**Fees and Charges**

| Date | Transaction | Description | Expense | Credit |
|---|---|---|---|---|
| 11/27 | Margin Interest | INTEREST 10/29 THRU 11/26 | $ 1.64 | |
| | **Total Fees and Charges** | | $ 1.64 | $ 0.00 |

*11/16 through 11/16: $(1.64) based on 9.00% margin interest rate charged on average daily balance of $(6,551.87)*

| | | | | | | Total of Completed Transactions | $ 27,211.75 | $ 15,536.30 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Subtractions from Account | Additions to Account |

## Money Funds Detail

**Schwab MMF Activity**

| Settlement Date | Transaction | Description | Quantity | Unit Price | Purchase | Sale |
|---|---|---|---|---|---|---|
| 11/16 | Dividend Payment | SCHWAB MONEY MARKET FUND | 33.33 | $ 1.00 | 33.33 | |
| 11/16 | Dividend Payment | SCHWAB MONEY MARKET FUND | 33.33 | 1.00 | 33.33 | |
| 11/16 | Redeemed | SCHWAB MONEY MARKET FUND | 9,860.74 | 1.00 | | 9,860.74 |
| 11/17 | Purchase | SCHWAB MONEY MARKET FUND | 8,818.91 | 1.00 | $ 8,818.91 | |
| 11/23 | Purchase | SCHWAB MONEY MARKET FUND | 63.00 | 1.00 | 63.00 | |

Printed on Recycled Paper
SEEL 018605-0027449



Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 103 of 116

# Charles Schwab

## Schwab One Account

## Investment Detail

| Description | Quote Symbol | Quantity Long/Short | Latest Price | Total Market Value |
|---|---|---|---|---|
| **Stocks** | | | | |
| BOSTON SCIENTIFIC CORP (M) | BSX | 250 L | $ 26.8125 | $ 6,703.13 |
| **Total Market Value of Stocks** | | | | $ 6,703.13 |
| | | | | |
| **Cash and Money Market Funds** | | | | |
| SCHWAB MONEY MARKET FUND * | SWMXX | 1,877.08 L | $ 1.00 | $ 1,877.08 |
| **Total Market Value of Cash and Money Market Funds** | | | | $ 1,877.08 |
| | | | | |
| **Total Investment Value:** | | | | $ 6,703.13 |
| | | | | |
| **Total Account Value** | | | | $ 8,580.21 |

(M)Assets held in margin account
* Dividends paid on this security will be automatically reinvested

## Transaction Detail

### Investments Purchased and Sold

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| **Stock Activity** | | | | | | | | |
| 12/01 | 12/01 | Stock Split | BOSTON SCIENTIFIC CORP | BSX | 200 | | | $ 3,743.62 |
| 12/04 | 12/01 | Sold | BOSTON SCIENTIFIC CORP | BSX | (150) | 25.50 | | $ 3,743.62 |
| | | **Total Stock Activity** | | | | | $ 0.00 | $ 3,743.62 |
| | | | | | | | | |
| | | **Total Investments Purchased and Sold** | | | | | $ .00 | $ 3,743.62 |

SSEL 053269-00376566

79

# CharlesSchwab

Schwab One Account

## Investment Income Summary

| Description | Current Period Federally Taxable | | Federally Tax Exempt [1] | | Year to Date Federally Taxable | | Federally Tax Exempt [1] | |
|---|---|---|---|---|---|---|---|---|
| Cash Dividends | $ | .00 | $ | .00 | $ | 202.13 | $ | .00 |
| Money Funds Dividends | | 18.12 | | .00 | | 59.62 | | .00 |
| **Total Income** | $ | **18.12** | $ | **0.00** | $ | **261.75** | $ | **0.00** |

Interest Paid for Margin Loan During Current Period is $(3.29).[2]
Interest Paid for Margin Loan Year to Date is $(3,742.76).[2]

1   Certain income in this category may qualify for state tax exemption; consult your tax advisor.
2   Certain margin loan interest may be deductible; consult your tax advisor.

SSEL 053269-0037656S

Case 2:00-cv-00090   Document 9   Filed in TXSD on 06/19/2000   Page 105 of 116

# Charles Schwab

## Schwab One Account

## Asset Allocation

| Asset Allocation | Amount | % |
|---|---|---|
| Cash and Money Market Funds (MMF): | | |
| Cash (Credits) | $ 11,673.12 | 63% |
| MMF | 839.61 | 5% |
| Stocks | | |
| Total Assets Long | $ 18,606.48 | 33% |
| | | 100% |
| Stocks Short | $ (11,109.06) | |
| Total Assets Short | $ (11,109.06) | |
| Total Account Value | $ 7,497.42 | |

## Asset Allocation



- ☐ MMF ( 5%)
- ▦ Stocks ( 33%)
- ▨ Cash (Credits) ( 63%)

## Change in Account Value

*This Period: Starts 01/01/99 and ends 01/31/99.*
*Year to Date: Starts 01/01/99.*

| | This Period | Year to Date |
|---|---|---|
| Total Starting Account Value | $ 8,580.21 | $ 8,580.21 |
| Investments: | | |
| Starting Value | $ 6,703.13 | $ 6,703.13 |
| Purchased | Added | .00 | .00 |
| Sold | (10,632.14) | (10,632.14) |
| Subtracted | (1,086.30) | (1,086.30) |
| Change in Value | $ (5,015.31) | $ (5,015.31) |
| Ending Value | $ 12,512.73 | $ 12,512.73 |
| Cash & MMF: | | |
| Starting Value | $ 1,877.08 | $ 1,877.08 |
| Added | 10,635.65 | 10,635.65 |
| Subtracted | .00 | .00 |
| Ending Value | $ 12,512.73 | $ 12,512.73 |
| Total Ending Account Value | $ 7,497.42 | $ 7,497.42 |
| % Change in Account Value | (12.6)% | (12.6)% |

## Margin Account Summary

| | Amount |
|---|---|
| Buying Power | $ 1,820.00 |
| Cash Available | 637.00 |
| Margin Account Equity | 6,658.00 |
| Margin Account Equity % | 38% |
| Margin Interest Paid | 0.00 |

*Margin Loan Interest Rate as of 01/31 was 7.25% - 8.75%*

## Noted for Your Account

Investment income during this period was $3.51

## Market Monitor

| | |
|---|---|
| Schwab MMF | 4.49% |
| Schwab One Yield | 4.08% |

| Indices | Year to Date Change |
|---|---|
| Dow Jones Industrial Average | 1.93% |
| Standard & Poor's 500 Index® | 4.10% |
| Schwab 1000 Index® | 3.72% |
| NASDAQ Composite Index | 14.28% |

♻ Printed on Recycled Paper

SSEL 042285-00306519

# Charles Schwab

Schwab One Account

## Transaction Detail (continued)

### Cash Activity

**Investment Income**

| Date | Transaction | Description | Debit | Income |
|---|---|---|---|---|
| 01/15 | Dividend Payment | SCHWAB MONEY MARKET FUND | | $ 3.51 |
| | **Total Investment Income** | | $ 0.00 | $ 3.51 |

| | Subtractions from Account | Additions to Account |
|---|---|---|
| **Total of Completed Transactions** | $ .00 | $ 10,635.65 |

## Money Funds Detail

| Settlement Date Transaction | Description | Quantity | Unit Price | Purchase | Sale |
|---|---|---|---|---|---|
| **Schwab MMF Activity** | | | | | |
| 01/15 Dividend Payment | SCHWAB MONEY MARKET FUND | 3.51 | $ 1.00 | $ 3.51 | |
| 01/29 Redeemed | SCHWAB MONEY MARKET FUND | 1,040.98 | $ 1.00 | | $ 1,040.98 |
| **Total Schwab MMF Activity** | | | | $ 3.51 | $ 1,040.98 |

*Opening Shares of Schwab MMF were 1,877.08*
*Closing Shares of Schwab MMF were 839.61*

SSEL 042285-0030652I

Printed on Recycled Paper

CSMPDF - www.texla.com

# Charles Schwab

## Schwab One Account

**Statement Period: February 1, 1999 through February 28, 1999**
**Account Number 8182-2032**
**Page 1 of 5**

SSEL 049088-00350499

## Asset Allocation

| | Amount | % |
|---|---|---|
| Cash and Money Market Funds (MMF): | $ 11,547.38 | 64% |
| Stocks | $ 6,625.00 | 37% |
| Total Assets Long | $ 18,172.38 | 100% |
| Stocks Short | $ (12,571.88) | |
| Total Assets Short | $ (12,571.88) | |
| Total Account Value | $ 5,600.50 | |

## Asset Allocation



- ▦ Stocks (37%)
- ▨ Cash (Credits) (64%)

## Change in Account Value

*This Period: Starts 02/01/99 and ends 02/28/99.*
*Year to Date: Starts 01/01/99.*

| | This Period | Year to Date |
|---|---|---|
| Total Starting Account Value | $ 7,497.42 | $ 8,580.21 |
| **Investments:** | | |
| Starting Value | $ (5,015.31) | $ 6,703.13 |
| Purchased | 10,695.00 | 10,695.00 |
| Sold | (9,723.42) | (20,355.56) |
| *Change in Value* | (1,903.15) | (2,989.45) |
| Ending Value | $ (5,946.88) | $ (5,946.88) |
| **Cash & MMF:** | | |
| Starting Value | $ 12,512.73 | $ 1,877.08 |
| Added | 9,729.88 | 20,365.53 |
| Subtracted | (10,695.23) | (10,695.23) |
| Ending Value | $ 11,547.38 | $ 11,547.38 |
| Total Ending Account Value | $ 5,600.50 | $ 5,600.50 |
| % Change in Account Value | (25.3)% | (34.7)% |

## Margin Account Summary

| | Amount |
|---|---|
| Buying Power | $ .00 |
| Cash Available | .00 |
| Margin Account Equity | 5,601.00 |
| Margin Account Equity % | 29% |
| Margin Interest Paid | (0.23) |

*Margin Loan Interest Rate as of 02/28 was 7.25% - 8.75%*

## Noted for Your Account

Investment income during this period was $6.46

## Market Monitor

| | |
|---|---|
| Schwab MMF | 4.35% |
| Schwab One Yield | 4.02% |

| Indices | Year to Date Change |
|---|---|
| Dow Jones Industrial Average | 1.36% |
| Standard & Poor's 500 Index® | .74% |
| Schwab 1000 Index® | .23% |
| NASDAQ Composite Index | 4.35% |

# CharlesSchwab

## Schwab One Account

## Transaction Detail (continued)

### Cash Activity

**Investment Income**

| Date | Transaction | Description | Debit | | Income |
|------|-------------|-------------|-------|---|--------|
| 02/16 | Dividend Payment | SCHWAB MONEY MARKET FUND | | $ | 6.46 |
| | **Total Investment Income** | | $ | $ | 6.46 |

**Fees and Charges**

| Date | Transaction | Description | | Expense | Credit |
|------|-------------|-------------|---|---------|--------|
| 02/25 | Margin Interest | INTEREST 01/28 THRU 02/24 | $ | .23 | |
| | **Total Fees and Charges** | | $ | 0.23 | $ 0.00 |

02/23 through 02/23: $(.06) based on 8.75% margin interest rate charged on average daily balance of $(227.39)
02/24 through 02/24: $(.17) based on 8.75% margin interest rate charged on average daily balance of $(705.58)

| | Subtractions from Account | Additions to Account |
|---|---------------------------|----------------------|
| **Total of Completed Transactions** $ | 10,695.23 | $ 9,729.88 |

## Money Funds Detail

### Schwab MMF Activity

| Settlement Date | Transaction | Description | Quantity | Unit Price | Purchase | Sale |
|-----------------|-------------|-------------|----------|------------|----------|------|
| 02/01 | Purchase | SCHWAB MONEY MARKET FUND | 564.05 | $ 1.00 | $ 564.05 | |
| 02/02 | Purchase | SCHWAB MONEY MARKET FUND | 100.94 | 1.00 | 100.94 | |
| 02/03 | Purchase | SCHWAB MONEY MARKET FUND | 534.38 | 1.00 | 534.38 | |
| 02/04 | Redeemed | SCHWAB MONEY MARKET FUND | 1,472.50 | 1.00 | | 1,472.50 |
| 02/05 | Purchase | SCHWAB MONEY MARKET FUND | 736.25 | 1.00 | 736.25 | |
| 02/08 | Purchase | SCHWAB MONEY MARKET FUND | 201.87 | 1.00 | 201.87 | |
| 02/09 | Purchase | SCHWAB MONEY MARKET FUND | 641.25 | 1.00 | 641.25 | |
| 02/11 | Redeemed | SCHWAB MONEY MARKET FUND | 328.12 | 1.00 | | 328.12 |

SSEL 040088-00350091

84

# CharlesSchwab

**Schwab One Account**

## Investment Income Summary

| Description | Current Period Federally Taxable | Federally Tax Exempt[1] | Year to Date Federally Taxable | Federally Tax Exempt |
|---|---|---|---|---|
| Money Funds Dividends | $ 6.46 | $ .00 | $ 9.97 | $ .00 |
| **Total Income** | $ 6.46 | $ 0.00 | $ 9.97 | $ 0.00 |

*Interest Paid for Margin Loan During Current Period is $(0.23)[2]*
*Interest Paid for Margin Loan Year to Date is $(0.23)[2]*

1   Certain income in this category may qualify for state tax exemption;consult your tax advisor.
2   Certain margin loan interest may be deductible,consult your tax advisor.



# Charles Schwab

Schwab One Account

## Investment Detail

| Description Stocks | Quote Symbol | Quantity Long/Short | | Latest Price | | Total Market Value |
|---|---|---|---|---|---|---|
| APPLE COMPUTER INC (M) | AAPL | 960 | L | $ | 35.9375 | $ 34,500.00 |
| ( ) Total Market Value of Stocks | | | | | | $ 34,500.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Less: Margin Loan Balance | | | | | | $ (15,851.73) |
| | | | | | | $ 34,500.00 |

Total Investment Value: $ 18,648.27

(M)Assets held in margin account

Total Account Value $ 18,648.27

## Transaction Detail

### Investments Purchased and Sold

**Stock Activity**

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|---|
| 03/04 | 03/01 | Cover Short | BROADCAST.COM INC | BCST | 50 | $ 96.00 | | | |
| 03/04 | 03/01 | Cover Short | BROADCAST.COM INC | BCST | 100 | 96.00 | $ | 4,827.50 | |
| 03/05 | 03/02 | Sold | BOSTON SCIENTIFIC CORP | BSX | (250) | 28.00 | | | 9,655.00 |
| 03/22 | 03/17 | Cover Short | BOTTOMLINE TECHNOLOGIES | EPAY | 200 | 76.75 | | 15,423.77 | |
| 03/22 | 03/17 | Cover Short | BOTTOMLINE TECHNOLOGIES | EPAY | 200 | 76.75 | | 15,423.77 | |
| 03/22 | 03/17 | Cover Short | BOTTOMLINE TECHNOLOGIES | EPAY | 100 | 76.75 | | 7,711.89 | |
| 03/23 | 03/18 | Short Sale | BOTTOMLINE TECHNOLOGIES | EPAY | (500) | 74.00 | $ | | 36,817.36 |
| 03/23 | 03/18 | Bought | APPLE COMPUTER INC | AAPL | 460 | 34.25 | | 15,837.58 | |

Printed on Recycled Paper

CutePDF – www.cutepdf.com

# Charles Schwab

## Schwab One Account

## Trades Pending Settlement

| Settle Date | Trade Date | Transaction | Description | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|
| 04/01 | 03/29 | Sold | APPLE COMPUTER INC | (960) | $ 35.25 | $ | $ 33,664.42 |
| | | | **Total Transactions Pending** | | | $ 0.00 | $ 33,664.42 |

## Investment Income Summary

| Description | | Current Period Federally Taxable | Current Period Federally Tax Exempt [1] | | Year to Date Federally Taxable | Year to Date Federally Tax Exempt [1] |
|---|---|---|---|---|---|---|
| Money Funds Dividends | | $ 6.44 | $ .00 | | $ 16.41 | $ .00 |
| **Total Income** | $ | 6.44 | $ 0.00 | $ | 16.41 | $ 0.00 |

Interest Paid for Margin Loan During Current Period is $(28.60) [2]
Interest Paid for Margin Loan Year to Date is $(28.83) [2]

1   Certain income in this category may qualify for state tax exemption;consult your tax advisor.
2   Certain margin loan interest may be deductible,consult your tax advisor.

Printed on Recycled Paper

SSBL 067383-0046293

# CharlesSchwab

**Schwab One Account**

## Transaction Detail (continued)

### Investments Purchased and Sold (continued)

| Settle Date | Trade Date | Transaction | Description | Quote Symbol | Quantity | Unit Price | Purchase/Debit | Sale/Credit |
|---|---|---|---|---|---|---|---|---|
| | | Stock Activity (continued) | | | | | | |
| 03/23 | 03/18 | Bought | APPLE COMPUTER INC | AAPL | 500 | 34.25 | $ 17,214.76 | |
| | | **Total Stock Activity** | | | | | $ 86,094.27 | $ 43,717.32 |
| | | | | | | | | |
| | | **Total Investments Purchased and Sold** | | | | | $ 86,094.27 | $ 43,717.32 |

### Cash Activity

| Date | Transaction | Description | Withdrawal | Deposit |
|---|---|---|---|---|
| | Deposit and Withdrawal Activity | | | |
| 03/18 | Funds Received | FUNDS RECEIVED * | $ 0.00 | $ 15,000.00 |
| | **Total Deposit and Withdrawal Activity** | | $ 0.00 | $ 15,000.00 |

| Date | Transaction | Description | Debit | Income |
|---|---|---|---|---|
| | Investment Income | | | |
| 03/15 | Dividend Payment | SCHWAB MONEY MARKET FUND | | $ 6.44 |
| | **Total Investment Income** | | $ 0.00 | $ 6.44 |

Printed on Recycled Paper

SSEL 067383-0046291



 **FEE AFFIDAVIT FORM** 

_____ Original                         _____ Supplemental

CLIENT: _____   PIA/TDCJ #: _____   S.I.D. #: _____

**ATTORNEY INFORMATION:**

| MR./MS. | FIRST NAME | MIDDLE | LAST NAME | SUFFIX |
|---|---|---|---|---|

TEXAS BAR NO. _____   ADDRESS _____

| NAME OF BUSINESS _____ | BUSINESS ADDRESS _____ |

BUSINESS PHONE # _____   _____

| | CITY | STATE | ZIP |
|---|---|---|---|

BCJ-BPP-TDCJ (FORMER OR CURRENT) EMPLOYEE(S) OR MEMBERS WITH WHICH ATTORNEY IS ASSOCIATED OR HAS A RELATIONSHIP AS AN EMPLOYER OR EMPLOYEE OR MAINTAINS A CONTRACTUAL RELATIONSHIP TO PROVIDE SERVICES (LIST ADDITIONAL NAMES ON BACK).

FIRST NAME: _____   MIDDLE: _____   LAST NAME: _____

RELATIONSHIP: _____   ENTITY: _____

**HAVE YOU REGISTERED WITH THE TDCJ-PAROLE DIVISION WITHIN THE LAST 12 MONTHS?   YES/ NO**

TEX. GOV'T. CODE ANN. §§ 508.084, 508.085 (West 1997) requires certain information relative to fees, or lack thereof. This affidavit must be completed in regards to the relevant areas, signed, sworn, and subscribed to before a Notary Public prior to any representation.

## I. NO FEE

I, OR ANY CORPORATION OR FIRM WITH WHICH I AM AFFILIATED, HAVE RECEIVED NO FEE NOR PROMISE OF FEE FOR SERVICES OF ANY NATURE RENDERED, OR TO BE RENDERED, IN CONNECTION WITH PAROLE OR EXECUTIVE CLEMENCY FOR THE ABOVE NAMED PERSON.

Signature     Printed Name _____

## II. COMPENSATED REPRESENTATION

V.T.C.A. GOVERNMENT CODE § 305.002(a) DEFINES "COMPENSATION" AS MEANING MONEY, SERVICE, FACILITY, OR OTHER THING OF VALUE OR FINANCIAL BENEFIT THAT IS RECEIVED OR IS TO BE RECEIVED IN RETURN FOR OR IN CONNECTION WITH SERVICES RENDERED OR TO BE RENDERED.

TEX. GOV'T. CODE ANN. § 508.083 (West 1997) mandates that only an Attorney, licensed in the State of Texas, may receive compensation for representing an inmate subject to the jurisdiction of the Texas Department of Criminal Justice.

AMOUNT OR DESCRIPTION OR VALUE OF COMPENSATION RECEIVED OR EXPECTED: $ _____

THE PERSON MAKING THE COMPENSATION: _____   _____

|  | FIRST NAME | MIDDLE | LAST NAME |
|---|---|---|---|

ADDRESS _____   _____ PHONE #: _____

| | CITY | STATE | ZIP | |
|---|---|---|---|---|

I HEREBY SWEAR AND AFFIRM THAT THE ABOVE INFORMATION IS TRUE AND CORRECT, AND FURTHERMORE, I HEREBY AGREE TO IMMEDIATELY SUPPLEMENT THIS AFFIDAVIT IF ANY OF THE STATEMENTS MADE HEREIN ARE AFFECTED BY A CHANGE IN FEE AGREEMENT, OR ARRANGEMENT, OR FACTUAL CONDITIONS.

PRINTED OR TYPED NAME _____   SIGNATURE _____

SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY, UNDER PENALTY OF PERJURY, ON THIS THE _____ DAY OF _____, A.D. 19 99.

(SEAL)

_____
SIGNATURE
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

RRP-12  Rev. 7/97

89



# BOARD OF PARDONS AND PAROLES
## Hearing Section

☐ P  ☒ MS  ☒ SC   *Em/VOP/SO*
☒ HB1112  OTHER  *START DATE  7-1-99*

## CONTINUANCE / RESCHEDULING OF ADMINISTRATIVE RELEASE
☐ PRELIMINARY  ☒ REVOCATION HEARING

NAME: *Simon, Armando*                    DATE: *7-20-99*

HOME ADDRESS: *Bexar Co. Jail*           TDCJ#: *522486 / 03214270*

CITY: *San Antonio*   COUNTY: *Bexar*   TX   ZIP CODE: _____

ATTORNEY: *None*                         ☐ APPOINTED   ☐ RETAINED

SCHEDULED DATE OF HEARING: *7-19-99*     TIME: *11:00 Am*

1. Hearing was ☒ Convened ☐ Not Convened.

2. The Hearing was continued/rescheduled based upon the motion/request, dated *7-19-99*, from:
   ☐ Attorney   ☒ Releasee   ☐ Parole Officer   ☐ Hearing Officer:

   a) ☐ Releasee's Attorney, advised that he/she would be unavailable for the hearing due to:

   _____

   _____

   b) ☐ Releasee's Attorney failed to appear without prior notice having been given.  If the attorney was retained, Releasee was advised the he/she should be prepared for the next scheduled hearing to proceed with or without the presence of the attorney.

   c) ☒ Other: *Allow Releasee opportunity to gather additional documents for his defense*

   d) ☐ A determination was made that the Releasee is eligible for and requires a State Appointed Attorney.

3. Hearing rescheduled information:

   a) ☒ Rescheduled Date: *8-2-99*                , Time  *9:00 Am*
      Location: *Bexar County Jail*

   b) ☐ To be rescheduled by appropriate supervising/agent officer.

Submitted by,

*[signature]*

Hearing Officer

DIST:   CENTRAL HEARING SECTION                    RELEASEE/SAME AS ABOVE
        HEARING OFF/B.BENKE/SAN ANTONIO III        ATTORNEY/
        SUPV OFF/ *D. Abbey*
        AGT OFF/

HS-141 (R 04-98)                                   Page 1 of 1

*90*



# TEXAS BOARD OF PARDONS AND PAROLES

## S U B P O E N A
### PERSONAL ATTENDANCE OF WITNESS

To any sheriff, parole officer, officer of the Department of Public Safety, or any other peace officer authorized to serve process:

G R E E T I N G:

You are hereby commanded to summon __VICKI ELLEY__

reside(s) or may be found at ___6323 SOVEREIGN DR. STE. 280 SAN ANTONIO,TX. 78229___

to appear before the Board of Pardons and Paroles, a panel of the Board or Hearing Officer of the Board, which will meet at ___BEXAR COUNTY ADULT DETENTION CENTER, 200 N. COMAL ST. SAN ANTONIO,TEXAS___

on the __2nd__ day of ___AUGUST___ A.D., 19__99__, at __9:00__ o'clock __Am.__ then there to testify as a witness in the case of ___SIMON, ARMANDO___ no. __522486__ who has been alleged to have violated one or more rule(s)/condition(s) of his/her release, and to continue your attendance from day to day and until discharge by the Board of Pardons and Paroles or by the party requesting your attendance.

SAID WITNESS is further commanded to produce at the said time and place the following books, papers, documents or other tangible things as here after described:_____

_____

_____

_____

Herein fail not, but have you this writ in due time before the Panel/Investigating Officer, with your return thereon, showing how you executed same.

Given under my hand this ___20th___ day of ___JULY___, A.D., 19__99__.

_____
Chair

### OFFICER'S RETURN ON SUBPOENA

Came to hand on the __20 TH__ day of __July__, A.D., 19__99__, at __4__ o'clock __p__.m. Executed on the __21st__ day of __July__, A.D., 19__99__, at __10__ o'clock __a__.m. by personally delivering this subpoena to __VICKI ELLEY__ in __BEXAR__ County, Texas.

_____
OFFICER MAKING SERVICE

HS-92 (R-07-01-99)

91

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *ARMANDO SIMON,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | NO. CA-C-0090 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER

On this day came before the Court for consideration Respondent Johnson's Motion for Summary Judgment and the Court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that Respondent Johnson's Motion for Summary Judgment is hereby GRANTED. The Petitioner's writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED this _____ day of _____, 2000.

_____
JUDGE PRESIDING