1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUL - 6 2000

Michael N. Milby, Clerk

ARMANDO SIMON,
     PETITIONER     §
                      §
V.                   §    NO. CA-C-00-90
                      §
GARY L. JOHNSON,
     RESPONDENT     §

## PETITIONER'S REBUTTAL OF RESPONDENT'S MOTION FOR SUMMARY JUDGEMENT

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ARMANDO SIMON, PETITIONER, ACTING PRO SE TO REFUTE RESPONDENT'S BASIS FOR HIS MOTION FOR SUMMARY JUDGEMENT, WHICH WAS MAILED ON JUNE 15 AND RECEIVED BY PETITIONER ON JUNE 19, 2000 AD.

## I

## EXHAUSTION OF STATE REMEDIES

PETITIONER HAS SUFFICIENTLY EXHAUSTED HIS STATE REMEDIES BY 28 U.S.C. § 2254 (B)(1) WITH REGARDS TO THE ISSUES DISCUSSED BELOW.

16.

## II
## PETITIONER'S ORIGINAL ALLEGATIONS

Respondent's original allegations were cited in Respondent's motion. The cornerstone of the allegations was ohmitted, namely, the issue of governmental cemsorship in having two parole conditions that have a blanket prohibition on the use and/or possession of any type of computer or fax equipment and of being subscribed to the Internet. Petitioner was originally violated for supposedly using a computer with which to check stock prices. This is a First Amendment issue. Guajardo v. Estelle 568 F. Supp. 1354; San Antonio- Express News v. Roman 861 SW 2D 265; Matthews v. Wozencraft 15 F. 3D 432; City of Erie v. Pap's A.M. 120 S. Ct. 1382.

It must be kept in mind that one of the uses of computers is to send and receive e-mail.

## III
## BASIS FOR RESPONDENT'S MOTION FOR SUMMARY JUDGEMENT

A) AEDPA

Respondent utilizes the AEDPA for the purpose of advocating denying relief. However, a review of the Writ of Habeas Corpus will disclose that it more than meets the AEDPA criteria in that Petitioner's parole

3

REVOCATION VIOLATED FEDERAL LAW IN BOTH THE FIELDS OF CASE LAW AND CONSTITUTIONAL RIGHTS. TERRY WILLIAMS V. TAYLOR 2000 WL 385369 (U.S. 2000). THE FIRST, FIFTH AND THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT COME INTO PLAY, AS DO U.S. V. SMITH 618 F. 2D 280 (C.A. 5 TEXAS 1980); GARDNER V. BRODERICK 392 U.S. 279 88 S. CT. 1916 (1984); FARRISH V. MISSISSIPPI PAROLE BOARD 836 F. 2D 969 (1998); COOK V. TEXAS DEPARTMENT OF CRIMINAL JUSTICE 37 F. 3D 166 (5TH CIR. 1994); PARTON V. ARMONTROUT 983 F. 2D 881 (8TH CIR. 1993).

THE WRIT ALSO REVEALS THAT THE CONCLUSION WAS BASED ON "AN UNREASONABLE DETERMINATION OF FACTS," THE PATENTLY OBVIOUS INSTANCE BEING IN PETITIONER'S SUPPOSED GUILT OF SUBSCRIBING TO THE INTERNET WITHOUT ANY EVIDENCE WHATSOEVER BEING PRESENTED AT THE REVOCATION HEARING TO THAT EFFECT. AS TO THE OTHER CAUSE FOR REVOCATION, USING/OWNING ANY COMPUTER EQUIPMENT, THE PREPONDERANCE OF THE EVIDENCE FAVORED ACQUITTAL.

THE MOTION SHOULD BE DISMISSED.

B) A "MIXED PETITION"

IT IS SIGNIFICANT THAT NOWHERE DOES RESPONDENT DISPUTE THE FACTS OF THE MATTER IN QUESTION BUT OPTS INSTEAD FOR EN-GAGING IN PROCEDURAL ONEUPSMANSHIP. SPECIFICALLY, THE CLAIM IS PUT FORTH THAT THE WRIT IS A "MIXED PETITION" IN THAT IT CONTAINS FOUR CLAIMS NOT PREVIOUSLY PRESENTED TO THE TEXAS COURT OF CRIMINAL APPEALS, TO WIT, 1) "THE CONDITIONS

4

OF HIS PAROLE BANNING HIM FROM USING A COMPUTER IS INVALID"
2) "A LETTER FROM HIS SON WAS NOT INCLUDED IN THE HEARING
REPORT" 3) "HE WAS NOT PERMITTED TO PRESENT EVIDENCE IN
HIS DEFENCE" 4) "AND THAT HIS ASSERTION THAT A WITNESS AT
HIS PAROLE REVOCATION HEARING WAS NOT CREDIBLE WAS NOT
MENTIONED IN HIS REPORT." PAGE 6 IN RESPONDENT'S MOTION.

   PERHAPS THESE FOUR WERE PICKED AT RANDOM BY RESPONDENT
IN AS MUCH AS THIS IS A WILLFUL MISREPRESENTATION OF THE
FACTS. AS CAN BE SEEN IN WRIT NO. 26,427 THESE CLAIMS
WERE INDEED PUT FORTH IN THE ORIGINAL APPLICATION FOR RELIEF.
SEE EVIDENCE A, PAGES 4-5. FOR CONVENIENCE OF THE
COURT, THE UNDERSIGNED HAS MARKED TO THE SIDE WHERE THESE
CAN BE FOUND.

   AT ANY RATE, A RECENT SUPREME COURT RULING, IN SLACK
V. MCDANIEL 120 S. CT. 1595 (2000) UNDERMINES
RESPONDENT'S OVERALL CATCH-22 ARGUMENT REGARDING
"MIXED PETITIONS."

   LASTLY, SHOULD THE COURT NEVERTHELESS DECLARE THAT THE
AFORESAID FOUR ISSUES WERE NOT BROUGHT UP AT THE STATE
LEVEL, PETITIONER EXERCIZES HIS OPTION TO WITHDRAW THOSE
ISSUES. ROSE V. LUNDY 102 S. CT. 1198. "A TOTAL
EXHAUSTION RULE WILL NOT IMPAIR THAT INTEREST [SPEEDY
FEDERAL RELIEF] SINCE HE CAN ALWAYS AMEND THE PETITION
TO DELETE THE UNEXHAUSTED CLAIMS, RATHER THAN RETURNING
TO STATE COURT TO EXHAUST ALL OF HIS CLAIMS." AT 1204.

   THE MOTION SHOULD BE DISMISSED.

5

c) _Morrissey v. Brewer_

Respondent states that even if the habeas application is not a "mixed petition," the six bare minimum requirements of _Morrissey v. Brewer_ 408 US. 471, 92 S-CT. 2593 (1972) sufficed to provide sufficient due process.

In regards to the third requirement, that of parolee having the opportunity at the revocation hearing to present witnesses and documentary evidence, the record substantiates Petitioner's allegation that this was thwarted. "A parolee, like a prisoner, is a person entitled to Constitutional protection, including Procedural due process." At 2608. As to the fifth requirement of there being a neutral and detached hearing officer, it did not become evident until after the fact that the officer was biased, as evidenced by his statement in the Hearing Report that the parolee's personality was sufficient grounds for incarceration, and, in Petitioner being found guilty of having violated the injunction against subscribing to the Internet without any evidence having been presented to that effect. As for the sixth requirement, Respondent has misunderstood: it is true that _Morrissey, supra_, simply requires a written statement detailing the reasons for revocation. There is a distinction between the written statement and the Hearing Report. The former has been attached to the latter as a cover letter in the copies found in Petitioner's writ and Respondent's motion. It is

Case 2:00-cv-00090   Document 16   Filed in TXSD on 07/06/2000   Page 6 of 9

THE HEARING REPORT ITSELF, WHICH IS USED BY THE PAROLE BOARD TO MAKE A DECISION, WHETHER OR NOT TO REVOKE, THAT THE PETITIONER HAS ATTACKED AS BEING BOTH MISINFORMING AND MALICIOUS.

ADDITIONALLY, MORRISSEY IS NOT SIMPLY A FORMALITY THAT PAROLE OFFICERS MUST ONLY GIVE LIP SERVICE TO AND UNDER IT COMMIT ALL MANNERS OF ABUSE OF AUTHORITY. "THE RULE OF LAW IS IMPORTANT IN THE STABILITY OF SOCIETY. ARBITRARY ACTIONS IN THE REVOCATION OF PAROLES CAN ONLY IMPEDE AND IMPAIR THE REHABILITATIVE ASPECTS OF MODERN PENOLOGY." AT 2609. UNDERLYING MORRISSEY IS THE CONCEPT OF LEGITIMATE DUE PROCESS AND NOT AN EMPTY FORMALITY. "WE SEE, THEREFORE THAT THE LIBERTY OF A PAROLEE, ALTHOUGH INDETERMINATE, INCLUDES MANY OF THE CORE VALUES OF UNQUALIFIED LIBERTY AND ITS TERMINATION INFLICTS A 'GRIEVOUS LOSS' ON THE PAROLEE AND OFTEN ON OTHERS." AT 2601.

ASSUMING, HOWEVER, RESPONDENT'S ORIGINAL ASSERTIONS REGARDING MORRISSEY TO BE CORRECT, ONE FINGER DOES NOT AN AMPUTATED HAND MAKE. PETITIONER REITERATES THAT NOWHERE HAS RESPONDENT CHALLENGED THE FACTS OF THE CASE NOR REFUTED ALL OF THE GROUNDS PUT FORTH IN THE HABEAS PETITION. WE RETURN AGAIN TO THE ISSUE OF CENSORSHIP. NOR IS MORRISSEY THE ONLY FEDERAL CORNERSTONE OF PAROLE REVOCATIONS. CONDITIONS OF PAROLE MUST BE NEITHER UNREASONABLE NOR ARBITRARY NOR ADVERSE TO CONSTITUTIONAL RIGHTS. U.S. v. SMITH 618 F. 2D 280;

Case 2:00-cv-00090   Document 16   Filed in TXSD on 07/06/2000   Page 7 of 9

U.S. v. Mills 959 F. 2D 516.

RESPONDENT'S MOTION SHOULD BE DISMISSED.

## IV
## POLYGRAPH

RESPONDENT INCLUDES IN THE MOTION TWO POLYGRAPHS THAT PETITIONER WAS FORCED TO SUBMIT TO UNDER PROTEST DUE TO HIS INABILITY TO PASS ANY POLYGRAPH CONTAINING EMOTIONAL-LADEN QUESTIONS. EXTENSIVE CASE-LAW HAS UNIFORMLY DICTATED THAT POLYGRAPHS SHOULD NOT BE INCLUDED FOR ANY LEGAL PURPOSE WHATSOEVER. ANY REFERENCE TO A POLYGRAPH IS IMPROPER. RUSSELL V. STATE 798 SW 2D 632; SPARKS V. STATE 820 SW 2D 678.

## V
## FAILURE TO RESPOND

AN ORDER FOR SERVICE OF PROCESS WAS ENTERED ON THIS CASE ON MAY 2, 2000 A.D. THE STIPULATIONS FOUND THEREIN WERE QUITE CLEAR AND SPECIFIC. IN PARTICULAR, STIPULATION #4 WAS SUCCINTLY CLEAR. "4. RESPONDENT SHALL FILE HIS ANSWER WITHIN (30) DAYS OF HIS RECEIPT OF THE PETITION." AT PAGE 1 OF ORDER.

To DATE, PETITIONER HAS NOT RECEIVED THE REQUIRED RESPONSE.

STIPULATION #7 IN SAID ORDER DEALS SPECIFICALLY WITH MOTIONS AS A SEPARATE CONSTRUCT APART FROM THE RESPONSE. NOWHERE IS ANY PROVISION MADE IN SAID ORDER THAT A

MOTION WILL SERVE IN LIEU OF A RESPONSE. CONSEQUENTLY, ANY MOTIONS MADE BY RESPONDENT EITHER PRIOR TO, OR SUBSEQUENT TO, THE 30-DAY DEADLINE BECOMES MOOT BY DEFAULT. THIS APPLIES TO THE PRESENT MOTION WHICH SHOULD BE DISMISSED. FURTHERMORE, SINCE RESPONDENT HAS DEFIED THE COURT IN ITS ORDER TO ANSWER WITHIN THE REQUIRED DEADLINE, PETITIONER'S WRIT OF HABEAS CORPUS SHOULD BE AFFIRMED IN TOTO.

## VI
## EVIDENTIARY HEARING

PETITIONER RESPECTFULLY REAFFIRMS HIS REQUEST FOR AN EVIDENTIARY HEARING.

## VII
## CERTIFICATE OF APPEALABILITY

SHOULD THE COURT DENY PETITIONER'S HABEAS APPLICATION, PETITIONER APPLIES FOR A CERTIFICATE OF APPEALABILITY ON THE BASIS OF VIOLATION BY THE STATE OF FIRST AMENDMENT PROTECTION FROM CENSORSHIP BY THE GOVERNMENT.

## VIII
## DOCUMENT'S APPEARANCE

BECAUSE PETITIONER SEEKS A SPEEDY RESOLUTION TO THIS CASE, BECAUSE THERE IS A DEADLINE TO REFUTE RESPONDENT'S MOTION FOR SUMMARY JUDGEMENT, AND BECAUSE PETITIONER'S PRINTER IS TEMPORARILY BROKEN, THIS REBUTTAL IS HANDWRITTEN

THROUGH LEGIBLY. FOR THE COURT'S CONVENIENCE, A PRINTED COPY OF THIS REFUTATION WILL SUBSEQUENTLY BE FILED WITH A CORRESPONDING COPY GOING TO RESPONDENT.

## IX
## REQUEST TO EXPEDITE RESOLUTION

THE MATTER BEFORE THE COURT IS STRAIGHTFORWARD. PETITIONER HAS BEEN WRONGFULLY INCARCERATED FOR ONE YEAR AND FOR VARIOUS REASONS INVOLVING FINANCES, HIS FAMILY'S HEALTH AND HIS PERSONAL SAFETY, A SPEEDY RESOLUTION IS DESIRED. PETITIONER RESPECTFULLY BEGS THE COURT TO QUERY RESPONDENT AS TO WHETHER ANY FURTHER MOTIONS, ETC. ARE FORTHCOMING, SO THAT, IF NOT, THE MATTER CAN BE RESOLVED AT THE COURT'S EARLIEST CONVENIENCE.

WHEREFORE, PREMISES CONSIDERED, PETITIONER RESPECTFULLY REQUESTS THAT RESPONDENT'S MOTION BE DISMISSED.

RESPECTFULLY SUBMITTED,

ARMANDO SIMON
TDC #522486
EAST GARZA UNIT
HCO 2 BOX 985
BEEVILLE, TX 78102