United States District Court
Southern District of Texas
ENTERED

JUL 19 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARMANDO SIMON | § | |
| | § | |
| VS. | § | C.A. NO. C-00-090 |
| | § | |
| GARY JOHNSON | § | |

## ORDER DENYING PETITIONER'S
## MOTION FOR DEFAULT JUDGMENT

Petitioner Armando Simon ("Simon") filed this habeas corpus action on February 28, 2000, challenging the 1999 revocation of his parole (DE #1). On June 19, 2000, respondent filed a motion for summary judgment arguing that Simon's petition should be dismissed as a mixed petition, or in the alternative, denied on the merits (DE #9). On June 29, 2000, Simon filed a response opposing the motion for summary judgment (DE #11). Simon now moves for default judgment (DE #12) on the grounds that respondent has failed to file an answer.

Default judgment is not appropriate in a habeas corpus proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief. See e.g., <u>Wiggins v. Procunier</u>, 753 F.2d 1318, 1321 (5th Cir. 1985), citing <u>United States ex rel Mattox v. Scott</u>, 507 F.2d 919, 924 (7th Cir. 1974)(holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition); <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir 1990)("[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"). Moreover, in this case, respondent has appeared and has filed a motion for summary

judgment, to which Simon has filed a response. Simon's allegation that respondent has failed to appear or otherwise defend is erroneous. His motion for default judgment is denied.

ORDERED this __18th__ day of July, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE