IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION

ARMANDO SIMON

v.                              C.A. NO. C-00-90

GARY L. JOHNSON

## MOTION TO STRIKE

### I

On February 28, 2000, Petitioner filed a Writ of Habeas Corpus alleging illegal incarceration due to a revoked parole. On May 2, 2000, an Order for Service of Process was filed. On June 2, a Return of Service was executed to Respondent, answer due on June 15. On June 20, 2000, Respondent's Motion for Summary Judgement was filed.

### II

The basis for Respondent's motion was an alleged "mixed petition" charge against the original writ. Petitioner's Rebuttal (file date unknown) points out that the four specific grounds alleged not to have been included in the State petition were, in fact, included. However, if they had not been included in the State petition, Petitioner has the option of withdrawing those specific grounds, Rose v. Lundy 102 S.Ct. 1198; Slack v. McDaniel 120 S.Ct. 1595.

20.

Additionally, Respondent failed to include a copy of the original State petition with his motion, which might be interpreted as a willful attempt to deceive the Court.

### III

On June 27, 2000, a Court Order to File State Records was filed, ordering Respondent to file, within ten days, a copy of the original State petition upon which the Respondent's argument is based. Failure to do so, the Order went on to say, would result in the Motion for Summary Judgement to be stricken.

Petitioner has, to date, not received a copy of the Respondent's response to the June 27 Order, almost a full month. He must assume that the requested document has not been filed, or, if it has been filed, it was filed after the due date. In either instance, Petitioner has ignored and defied the Court.

Additionally, as per the May 2 Order for Service of Process, Petitioner must receive a copy of all documents filed, or face possible striking of said document (pages 3-4).

### IV

There is another ground altogether different from the above for warranting striking Respondent's motion.

The Order for Service of Process was entered on May 2nd. The stipulations found therein were quite clear and

SPECIFIC. IN PARTICULAR, STIPULATION #4 WAS SUCCINTLY CLEAR, "4. RESPONDENT SHALL FILE HIS ANSWER WITHIN 30 DAYS OF HIS RECEIPT OF THE PETITION" (PAGE 1), VIZ., JUNE 15TH.

RESPONDENT NEVER FILED A TRUE RESPONSE, BUT RATHER A MOTION AND THIS WAS FILED ON THE 20TH, FIVE DAYS AFTER THE DEADLINE FOR THE RESPONSE. STIPULATION #7 IN SAID ORDER DEALS SPECIFICALLY WITH MOTIONS AS A SEPARATE CONSTRUCT APART FROM THE RESPONSE. CONSEQUENTLY, ANY MOTIONS MADE BY RESPONDENT EITHER PRIOR TO, OR SUBSEQUENT TO, THE DEADLINE BECOMES MOOT BY DEFAULT. SIMPLE LOGIC.

## V

BECAUSE RESPONDENT ORIGINALLY FAILED TO RESPOND BY THE JUNE 15TH DEADLINE - AND WHAT IS THE POINT OF HAVING A DEADLINE AND NOT OBSERVING IT? - AND BECAUSE RESPONDENT HAS FAILED TO COMPLY WITH THE ORDER OF JUNE 27, PETITIONER THEREFORE RESPECTFULLY PRAYS THE COURT TO STRIKE EITHER A) RESPONDENT'S MOTION FOR SUMMARY JUDGEMENT OR B) AS PER III, STRIKE SAID DOCUMENT FOR FAILURE TO COMPLY IN PROVIDING A COPY TO PETITIONER, TO BE FOLLOWED BY A SUBSEQUENT STRIKE OF RESPONDENT'S MOTION. AGAIN, SIMPLE LOGIC.

## VI

IT MAY APPEAR THAT PETITIONER IS ENGAGING IN PROCEDURAL ONEUPSMANSHIP BUT RESPONDENT STARTED IT FIRST. RESPONDENT'S MOTION HAS NOT ADDRESSED THE CONSTITUTIONALITY NOR CASE LAW FOR THE BASIS OF PETITIONER'S REVOCATION (USING A COMPUTER WITH WHICH TO CHECK STOCK PRICES AND BEING ENROLLED IN THE INTERNET, AS WELL AS DUE PROCESS GROUNDS), INSTEAD RESORTING TO PROCEDUR-

-4-

ONE-UPSMANSHIP REGARDING THE PETITION ITSELF. LOGIC DICTATES THAT IF SERIOUS, WEIGHTY CONSIDERATION IS GIVEN TO RESPONDENT'S ARGUMENT REGARDING PROCEDURAL-PETITIONARY NITPICKING, THEN RESPONDENT IS EQUALLY SUBJECT TO SUCH A TACTIC, FOLLOWED THROUGH TO ITS LOGICAL CONCLUSION, WHICH IS THE STRIKING OF RESPONDENT'S MOTION.

### VII

PETITIONER IS ACTING PRO SE AND AS SUCH UNAWARE OF THE TIMETABLE INVOLVED. THERE ARE NO GUIDELINES WHATSOEVER IN PETITIONER'S PLACE OF INCARCERATION THAT GIVES ANY INDICATION AT ALL TO THIS. PETITIONER VERY RESPECTFULLY INQUIRES OF THE COURT, USING THIS MOTION AS A VEHICLE, WHEN A RESOLUTION OF THE CASE CAN BE EXPECTED, WHETHER IT IS IMMINENT OR PROLONGED. WHETHER A JUDGEMENT IS IMMINENT OR DISTANT, PETITIONER MUST MAKE PLANS OF A PRACTICAL NATURE AFFECTING HIM AND HIS FAMILY.

### VIII

A TRUE AND CORRECT COPY OF THIS MOTION HAS BEEN MAILED TO RESPONDENT ON THIS JULY 25TH, 2000 AD.

WHEREFORE, PREMISES CONSIDERED, PETITIONER RESPECTFULLY REQUESTS THAT THIS MOTION BE APPROVED.



Subscribed and sworn before me this 25th day of July 2000 AD.

Notary in and for Texas

ARMANDO SIMON
TDCJ #122486