United States District Court
Southern District of Texas
ENTERED

AUG 3 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ARMANDO SIMON          §
                       §
VS.                    §          C.A. NO. C-00-090
                       §
GARY JOHNSON           §

## ORDER DENYING PETITIONER'S MOTION TO STRIKE

Petitioner Armando Simon ("Simon") filed this habeas corpus action on February 28, 2000, challenging the 1999 revocation of his parole (DE #1). On June 19, 2000, respondent filed a motion for summary judgment arguing that Simon's petition should be dismissed as a mixed petition, or in the alternative, denied on the merits (DE #9). On June 29, 2000, Simon filed a response opposing the motion for summary judgment (DE #11). On July 5 (DE #12), and again on July 6, 2000 (DE #13), Simon filed motions for default judgment on the grounds that respondent had failed to file an answer. By order entered July 17, 2000, Simon's motions for default judgment were denied (DE #18). By memorandum and recommendation entered July 25, 2000, it was recommended that Simon's petition be denied on the merits (DE #19).

Simon has now filed a motion to strike respondent's motion for summary judgment (DE #20). Simon points out that, by Order entered June 27, 2000 (DE #10), respondent was ordered to file copies of the state court records referred to in the summary judgment motion; Simon maintains that he did not receive a copy of the state court records and argues that "[h]e must assume that the requested

document has not been filed, or if it has been filed, it was filed after the due date."

Simon's assumptions are incorrect; the state court records were timely filed with the Court on July 7, 2000. See DE #14. Respondent was not instructed nor required to send a copy of the state court records to Simon. Moreover, Simon was able to respond timely to the motion for summary judgment and suffered no prejudice by not receiving a copy of the state court records. There is no reason to strike respondent's motion for summary judgment based on the timeliness of filing the state court records.

Simon also moves to strike the summary judgment motion on the grounds that respondent never filed a "true response" or answer to his original petition. Simon argues that, pursuant to the Order for Service of Process, respondent was required to file an answer "separate" from the motion for summary judgment.

No federal rule of civil procedure or rule governing § 2254 cases prohibits a respondent from "answering" and appearing via a dispositive motion. This argument is without merit.

Finally, Simon argues again as he did in his previous motions for default judgment that respondent failed to timely file his answer such that respondent's motion for summary judgment should be stricken. As noted above, respondent timely filed his dispositive motion within the deadlines set by the Order for Service of Process. There are no grounds to strike respondent's motion for

2

summary judgment.   In addition, Simon has responded to the summary judgment motion and a recommendation has been entered as to the merits of Simon's petition.   For these reasons, Simon's motion to strike respondent's motion for summary judgment is DENIED.

ORDERED this _____2_____ day of August, 2000.

JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

3